**MILSTEIN ADELMAN JACKSON FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@majfw.com
Sara D. Avila, State Bar No. 263213
savila@majfw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@majfw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

**LEONARDMEYER LLP**
Derek J. Meyer, State Bar No. 278346
rmeyer@leonardmeyerllp.com
John Killacky, *admitted pro hac vice*
jkillacky@leonardmeyerllp.com
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036
Tel: (310) 220-0331

*Attorneys for Plaintiffs Gregory Ingalls and Tony Hong, and the Class*

**DAVIS WRIGHT TREMAINE LLP**
Joseph E. Addiego III (State Bar No. 169522)
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: joeaddiego@dwt.com

**DAVIS WRIGHT TREMAINE LLP**
Stephen M. Rummage (Admitted *pro hac vice*)
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 662-3150
Fax: (206) 757-7700
E-mail: steverummage@dwt.com

**DAVIS WRIGHT TREMAINE LLP**
Scott R. Commerson (State Bar No. 227460)
865 S. Figueroa St., Suite 2400
Los Angeles, California 900017
Telephone: (213) 633-6890
Fax: (213) 633-4290
Email: scottcommerson@dwt.com

*Attorneys for Defendant Spotify USA, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>vs.<br><br>SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>    Defendant(s). | Case Number: 3:16-cv-3533 WHA<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER<br><br>Date: September 29, 2016<br>Time: 8:00 a.m.<br>Judge: Hon. William H. Alsup<br>Courtroom 8 – 19th Floor |

Plaintiffs Gregory Ingalls and Tony Hong ("Plaintiffs") and Defendant Spotify USA, Inc. ("Defendant" or "Spotify") (collectively, the "parties") jointly submit this Joint Case Management Conference Statement and Proposed Order pursuant to Local Rule 16-9, the July 11, 2016 Clerk's Notice Scheduling Case Management Conference on Reassignment (Dkt. #13) and the Supplemental Order Setting Initial Case Management Conference (Dkt. #14).

By submitting this Joint Case Management Statement, Spotify expressly reserves and does not waive its position that the entirety of plaintiffs' claims in this action are subject to mandatory individual arbitration, per Spotify's pending Motion to Compel Arbitration and Stay Action (Dkt. #25), scheduled for hearing on September 29, 2016. Plaintiffs disagree they should be compelled to arbitrate their claims. Dkt. #26, #30.

1. <u>Jurisdiction & Service</u>

The parties agree that this Court has subject matter jurisdiction over this putative class action pursuant to 29 U.S.C. § 1331 and/or 29 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act, explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  The parties agree that no disputes exist as to personal jurisdiction, venue, or service.  No parties remain to be served.

Spotify contends that plaintiffs must bring their claims individually in arbitration before the AAA, per the mandatory individual arbitration provision and class action waiver contained in Spotify's Terms and Conditions of Use ("T&C") that plaintiffs admit having accepted as a condition for using Spotify's entertainment services.  Dkt. #25. Plaintiffs disagree.

2. <u>Facts</u>

    <u>Plaintiff's Statement:</u>[1]

    Defendant Spotify is an international commercial music streaming service with more than 100 million active users worldwide and over 30 million paying subscribers worldwide. During the Class Period (June 23, 2012 to present), Defendant made automatic renewal or continuous service offers (the "ARSCO Terms") to consumers in California and throughout the United States.

    Under the ARCSO Terms, Spotify offered consumers ("Consumers" or "Users") a music streaming service through the purchase of a Premium Subscription Service ("PSS"). Those purchasing PSS through spotify.com do so either by choosing (1) a 30-day free trial followed by a paid subscription ("FPSS"), or (2) a paid subscription ("PPSS"). Under PPSS, Consumers may pay an initial, reduced fee of $0.99 for three months, after which they are charged $9.99 per month or otherwise are charged $9.99 per month by Spotify from inception of the PPSS.

    Spotify automatically charges the credit / debit card of Consumers utilizing FPSS at the end of the free trial period, while Consumers purchasing PPSS have their credit / debit cards billed at the inception of the subscription and then automatically re-billed at the end of their membership term and then monthly. In offering these ARCSO Terms, Defendant failed to comply with California's Automatic Purchase Renewal Law, <u>Cal. Bus. & Prof. Code</u> § 17600 *et seq.* ("APRL"), with respect to Plaintiffs and the Class prior to the completion of the initial order for PSS by (without limitation):

    a.    failing to present the terms thereof in a clear and conspicuous manner before the purchase and/or in visual proximity to the request for consent to the offer (violating <u>Cal. Bus. & Prof. Code</u> § 17602(a)(1)); and/or

    b.    charging Consumers' credit / debit cards, or third-party account (hereinafter

---

[1] Plaintiffs provide this statement of facts as a summary of the allegations in the operative complaint.

"Payment Method") without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms (violating Cal. Bus. & Prof. Code § 17602(a)(2)); and/or

c. failing to provide an acknowledgment that included its ARCSO Terms in a manner capable of being retained by the Consumer.

Spotify's current Terms and Conditions of Use ("T&C") identifies the state or federal courts of San Francisco County, California as as an agreed uponforum for any disputes arising thereunder. *See* FAC at ¶ 85 (citing Section 18 of the 2012 Terms, Section 19 of the 2014 Terms and Section 24.1 of the T&C).

In Spotify's Statement below, Spotify contends Plaintiffs fail because (1) the APRL does not include services; (2) there is no private right of action under Cal. Bus. & Prof. C. §§ 17600, *et seq.*; (3) Plaintiffs cannot meet the UCL's actual reliance and injury in fact because they continued to subscribe to Spotify after their PSS subscriptions were automatically renewed by Spotify; and (4) Plaintiffs lack standing to seek injunctive relief because they presumably have knowledge of Spotify's auto-renew terms. Plaintiffs disagree and summarize their responses below for illustration purposes, reserving the right to expand, revise or otherwise modify the arguments outlined below.

*First,* the APRL applies to Spotify's music subscription services.[2] Indeed, Plaintiffs are currently unaware of any authority finding services are not protected by the APRL. Moreover, Cal. Bus. & Prof. C. § 17601(d) defines "consumer" as "any individual who seeks or acquires, by purchase or lease, any goods, **services,** money, or credit for personal, family or household purposes." (Emphasis added). Similarly, Cal. Bus. & Prof. C. § 17602 refers to "continuing service" plans and the required disclosures for such plans. Clearly the Legislature intended to protect consumers from auto-renew provisions applying to subscription services for items such as Spotify's product.

---

[2] Spotify's music streaming subscription is also a product.

*Second,* at least one District Court has held the APRL contains "clear, understandable and mistakable terms" reflecting a legislative intent to create a private cause of action. *Kissel v. Code 42 Software, Inc.,* No. 15-cv-1936, Dkt. #25 (C.D. Cal. Apr. 14, 2016), unpublished.

*Third,* the reliance and causation requirements only apply to UCL "unlawful" claims "based on a fraud theory[.]" *See Kwikset v. Sup. Ct.,* 51 Cal. 4th 310, 326-27, 326 n. 9 (2011). In contrast, Plaintiffs allege Spotify violated the UCL's "unlawful" prong and a key question question raised by their claims is whether Spotify failed to properly disclose its automatic renewal of terms, or not. If so, Spotify has violated the APRL, which is a *per se* violation of the UCL's "unlawful" prong. *See id.* Plaintiffs' reliance, or lack thereof, is not material to their standing with respect to their claims. Moreover, Plaintiffs lost money or property when they first purchased the Premium Subscription Services notwithstanding Spotify's alleged failure to properly disclose the auto-renew terms and, due to Spotify's violations of APLR, the terms in Spotify's T&C purporting to allow it to collect monies from Plaintiffs are invalid and unenforceable such that Spotify's collection of such amounts was wrongful.  Dkt. #17 at ¶¶ 8, 9.

*Fourth,* Plaintiffs have standing to seek injunctive relief because Spotify continues to violate the APRL and Plaintiffs continue to be automatically charged by Spotify. The underlying conduct is ongoing and Plaintiffs, as putative class representatives seeking redress on behalf of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect them from Spotify's conduct. *See Henderson v. Gruma Corp.,* NO. CV 10-04173 AHM (AJWx), 2011 U.S. Dist. LEXIS 41077, at *21 (C.D. Cal. April 11, 2011) ("Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from Defendants' alleged [conduct]"). Moreover, Plaintiffs seek an injunction not only to properly disclose the auto-renew terms in compliance with the APRL but also seek an injunction that Spotify cannot raise the price of its PSS without first obtaining a customer's consent in a form and manner approved by the Court. *Id.* at ¶ 76.

Spotify's Statement:

Spotify has complied in all respects with California's Automatic Purchase Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq*. Prior to charging plaintiffs automatic renewal fees for the Premium subscription service, Spotify clearly informed them that, among other things, they would be charged $9.99 per month on a recurring basis until they cancelled their subscription, and provided the information regarding the automatic renewal terms in a manner capable of being retained, as well as an easy means to cancel.

Plaintiffs' claims fail as a matter of law. The California Legislature did not authorize a private right of action under the APRL. Further, the defense to payment under Bus. & Prof. Code Section 17603 by its terms applies only to "goods, wares, merchandise or products," not to services. Nor can plaintiffs satisfy the criteria to assert a cause of action under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code Section 17200, especially because each plaintiff continued to subscribe to Spotify Premium long after they were charged for the service. Further, plaintiffs lack standing to seek injunctive relief. To establish standing for prospective injunctive relief under Article III, plaintiffs must demonstrate they have "suffered or [are] threatened with a 'concrete and particularized' legal harm . . . coupled with 'a sufficient likelihood that [they] will again be wronged in a similar way.'" *Bates v. UPS*, 511 F.3d 974, 985 (2007) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)). Even assuming *arguendo* class-wide relief were not foreclosed by the T&C, allegations that a defendant's conduct will subject unnamed class members to harm is insufficient to establish standing to seek injunctive relief on behalf of the class. Here, Messrs. Ingalls and Hong have knowledge of the auto-renewal terms for Spotify Premium. Indeed, Mr. Hong re-subscribed to Spotify Premium *after* the complaint was filed, knowing that he would be charged for the service on a monthly basis until he cancelled. Accordingly, neither plaintiff can be influenced by any allegedly deficient disclosures, and thus neither can show the future harm required for Article III standing to seek injunctive relief.

3. <u>Legal Issues</u>

<u>Plaintiffs' Statement</u>

With regard to arbitration, Plaintiffs seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201(a) finding that the alleged arbitration clause and class action waiver contained in the Section 24 of the T&C are invalid, inapplicable, unconscionable and/or unenforceable.

With respect to class certification, pursuant to Fed. R. Civ. P. Rule 23, Plaintiffs seek to certify a national class of individuals who have purchased a Spotify PSS through Spotify.com since June 23, 2012. As demonstrated in Section 9 below, Plaintiffs submit that the class issues are straightforward, as Spotify has records identifying Class Members and Class Members' purchase history and contact information. Indeed, it appears that if Defendant violated the APRL as to one Class Member, it violated it as to all.

With respect to the merits, Plaintiffs allege violations of California's consumer protection statutes. Defendant's uniform conduct—regardless of whether Class Members were subjected to the 2012 Terms, 2014 Terms or 2015 Terms—amounts to unlawful conduct in violation of the UCL and the APRL.

Plaintiffs offer this statement as a summary only.

<u>Spotify's Statement</u>

Spotify has moved to compel plaintiffs' claims to arbitration on an individual basis and to stay this litigation pursuant to the Federal Arbitration Act.  Plaintiffs agreed to submit arbitrability determinations to the arbitrator.  Even had they not done so, they have failed to show any reason why the arbitration agreement and class action waiver should not be enforced. Plaintiffs cannot pursue class-wide relief because they waived their right to participate in a class action.  In addition, plaintiffs requests to certify a nationwide class is inappropriate, because the statutes they invoke apply only to California residents, and choice of law principles preclude them from invoking California law to govern claims by absent class members in the other 49 states.  Further, they lack standing to pursue their claims because they cannot show reliance or any future harm from the allegedly deficient disclosures.

4. Motions

Spotify's Motion to Compel Arbitration and to Stay Action (Dkt. 25) is set for hearing on September 29, 2016 at 8:00 a.m. If the case is not compelled to arbitration, Spotify intends to file a Rule 12 motion. Plaintiffs will oppose that motion.

Plaintiffs anticipate filing a motion for class certification as soon as practicable, provided Spotify produces relevant documents in a timely manner. The parties intend to meet and confer on the best and most efficient way to proceed with class issues (*e.g.* disclosing experts for class certification issues and briefing schedule).

In addition, if the Complaint survives Spotify's Rule 12 motion, Spotify will oppose any motion for class certification and intends to file a motion for summary judgment.

5. Amendment of Pleadings

At this time, Plaintiffs are considering amending the complaint to assert an additional cause of action relating to the validity, legality and/or enforceability of, among other things, certain portions of Section 3.3 and Section 15 of Spotify's T&C and its collection of payments pursuant to such terms (and their predecessors) notwithstanding Spotify's violations of the APRL and/or class representative.  During the parties' Rule 26(f) conference, Spotify's counsel asked Plaintiffs' counsel for information regarding these potential additional claims and class representative, which Plaintiffs have not yet provided.  Additionally, discovery and motion practice may warrant amendment of pleadings at a later date, including the potential of adding a class representative. Accordingly, Plaintiffs propose a deadline of 120 days after a ruling on the Motion to Compel Arbitration and Stay the Case or thirty days after the ruling on any Rule 12 Motion, whichever is later.  Spotify proposes a deadline of 60 days after a ruling on the Motion to Compel Arbitration.

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically

Stored Information ("ESI Guidelines"). Counsel for all parties held a Rule 26(f) conference on September 9, 2016, and met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties intend to work cooperatively and reasonably on ESI matters as they arise throughout the case.

7. <u>Disclosures</u>

Spotify believes discovery in this case should be stayed pending the outcome of its motion to compel arbitration, which is set for hearing on September 29, 2016. The parties agreed to exchange initial disclosures on or before September 22, 2016, and to further supplement those disclosures within 14-days of a ruling if the Court denies Spotify's motion to compel arbitration. Spotify has also advised that the production of certain commercially sensitive documents may require the entry of a protective order. The parties will work together to prepare a stipulated protective order for the Court's consideration.

8. <u>Discovery</u>

Plaintiffs intend to serve requests for production of documents and interrogatories on Defendant prior to the Initial Status Conference. This written discovery will request information and documents relevant to their anticipated motion for class certification.

Spotify believes discovery at this stage is premature and should not commence until after a ruling on its pending motion to compel arbitration and, if that motion is denied, after a ruling on any potential appeal and/or Rule 12 motion(s). In the event discovery goes forward, Spotify believes Rule 16(b)(1) demands that discovery prior to Plaintiffs' motion must be focused on, and proportional to, Plaintiffs' individual claims and the criteria for class certification under Rule 23. Plaintiffs contend that, given the gravamen of Plaintiffs' claims—whether Spotify adequately disclosed the terms of its automatic renewal program under California's APRL— discovery on this key common predominant issue relates directly to both merits and Rule 23's predominance and commonality requirements. This is not a case where there will be complex

scientific or technical evidence that could be addressed after certification for merits-only related issues.

The parties have thus agreed to meet and confer on these issues and determine a mutually agreeable response date and whether and to what extent they can agree on the focus of discovery. Plaintiffs contend that it may not be efficient to expend resources over disputes as to what is and is not "merits" versus "class" discovery. *See* Manual for Complex Litigation, Fourth, at§ 11.213 ("Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties."). Plaintiffs are, however, willing to consider deferring responses to certain discovery requests that Spotify contends are entirely related to the merits of Plaintiffs' claims.

9. <u>Class Actions</u>

<u>Plaintiffs' Statement:</u>

Plaintiffs assert class certification is proper under Rule 23(a), Rule 23(b)(3) and possibly Rule 23(b)(2). Plaintiffs seek to certify the following:

> <u>Class</u>: All natural persons in the United States who, since June 23, 2012, purchased a PSS through spotify.com.
>
> <u>Subclass One</u>: All natural persons in the Class who purchased a PSS through spotify.com in connection with a free trial period.
>
> <u>Subclass Two</u>: All natural persons in the Class who purchased a PSS through spotify.com with no free trial period.

Collectively, the "Class." Plaintiffs reserve the right to amend these definitions.

Rule 23(a) is satisfied. The Class consists of thousands of persons throughout the United States, and joinder would be impracticable. The Class is ascertainable and direct notice can be given to each Class Member because Defendant has records (including contact information) regarding every Class Member due to their enrollment in PSS. Common questions of fact and law include (but are not limited to) whether Defendant's PSS constitutes an automatic renewal and/or continuous service offer, plan or arrangement for purposes of Cal. Bus. & Prof. C. §

17601, whether the information Defendant presented to Class Members prior to the initial order for a PSS violated Cal. Bus. & Prof. C. §§ 17601(a)(1), (a)(2), (a)(3), (b) and/or (c) and whether Plaintiffs and the Class are entitled to declaratory relief, injunctive relief and restitution. Given the uniform nature of Spotify's ARSCO Terms and the fact that Plaintiffs both purchased PSS, Plaintiffs' claims are typical of other Class Members. Additionally, Plaintiffs can demonstrate, through sworn testimony, that they have no conflicts of interest and will and can fairly and adequately represent and protect the Class' interests. Finally, Plaintiffs' counsel are seasoned class action counsel, have no conflicts with any members of the Class and will fairly and adequately represent and protect the interests of the Class.

Plaintiffs will demonstrate class certification is proper under Rule 23(b)(3) using Defendant's documents and records. As noted above, Spotify's ARSCO Terms were presented to members of each Subclass in the same manner. Thus, common issues of law and fact predominate over any individual ones because Defendant's conduct was uniform as to all Class Members. Due to the small size of an individual Class Member's claims and the expenses associated with litigation, a class action is superior to other available methods for fair and efficient adjudication of this controversy.

Alternatively, Plaintiffs will demonstrate class certification is proper under Rule 23(b)(2) using Defendant's documents and records. Each Class Member was affected by Spotify's uniform failure to disclose the Spotify ARSCO Terms in accordance with the APRL. The injunctive relief and declaratory relief Plaintiffs request (as described in detail in Section 11 below) are necessary to prevent Defendant from engaging in further unlawful and unfair business practices.

Plaintiffs intend to serve initial discovery in advance of the Initial Status Conference. This first set of discovery will cover most, if not all, of what Plaintiffs believe is needed prior to moving for class certification. If that discovery and a Rule 30(b)(6) deposition on certification issues are complete within the next 4-6 months, Plaintiffs anticipate being able to move for class certification on or before June 23, 2017.

Plaintiffs have not yet determined whether an expert will be necessary for purposes of class certification.

Spotify's Statement

No claims may be asserted on a class-wide basis, and no class may be certified, because plaintiffs waived their right to participate in any class or representative proceeding when they each accepted Spotify's current T&C in consideration for the services they received. In Section 24.2, under the heading "CLASS ACTION WAIVER," plaintiffs each agreed that "WHERE PERMITTED UNDER THE APPLICABLE LAW, YOU AND SPOTIFY AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION. Unless both you and Spotify agree, no arbitrator or judge may consolidate more than one person's claims or otherwise preside over any form of a representative or class proceeding." Thus, even if the Court declines to enforce the individual arbitration provision in Section 24.3, class-wide claims are separately barred by Section 24.2. Discussion of specific class certification issues before the Court's ruling on Spotify's motion to compel individual arbitration is premature, but Spotify does intend to resist any motion to certify a class, since Plaintiffs cannot satisfy the Rule 23 criteria.

10. Related Cases

The parties are not aware of any related cases.

11. Relief

Plaintiffs seek the following relief:

a) To the extent necessary after the ruling on Defendant's motion to compel, declaratory relief finding the following: (i) Plaintiffs and Spotify have no valid arbitration agreement requiring the arbitration of Plaintiffs' claims; (ii) if the Court does find the parties entered into a valid arbitration agreement, requiring the arbitration of Plaintiffs' claims, a declaration that the alleged class action waiver in Section 24.2 of Spotify's T&C does not bar Plaintiffs from maintaining this action as a class action and is otherwise invalid, inapplicable

and/or unconscionable: (iii) Spotify violated Cal. Bus. & Prof. C. §§ 17200 and 17600;

  b)  A declaration and injunction enjoining Spotify from pursuing and/or continuing the unlawful conduct complained of in the First Amended Complaint, including the following: (i) Spotify cannot charge Plaintiffs and Class Members any amount of fee for the automatic renewal of their PSS without first obtaining each person's affirmative consent in a form and manner approved by this Court; and (ii) Spotify cannot raise the price of its PSS without first obtaining a customer's affirmative consent in a form and manner approved by this Court;

  c)  Restitution under the UCL and FAL, equal to the purchase price of the PSS subscription, or, in the alternative, a disgorgement of Spotify's profits from the PSS;

  d)  Pre-judgment interest; and,

  e)  Reasonable attorneys' fees and costs pursuant to Cal. Civ. C. § 1021.5.

Spotify has moved this Court to compel arbitration of plaintiffs' claims on an individual basis and stay this action pursuant to the Federal Arbitration Act. On the merits, Spotify seeks a dismissal of Plaintiffs' claims, as it charged Plaintiffs for streaming services only after fully disclosing the terms and conditions on which it would do so and providing Plaintiffs with a ready means to cancel—which they each used on more than one occasion. Plaintiffs dispute that Spotify adequately disclosed the terms of its auto-renew policy, and maintain that whether Plaintiffs continued to use PSS or not is not relevant to whether Spotify complied with the APRL.

## 12. Settlement and ADR

The parties have conferred with respect to ADR options pursuant to ADR L.R. 3-5 and filed their Stipulation and [Proposed] Order Selecting ADR Process on September 16, 2016, wherein they agreed to seek private mediation on or before March 1, 2017.

The parties agree that settlement discussions are premature until the Court rules on Defendant's motion to compel arbitration.

## 13. Consent to Magistrate Judge For All Purposes

Plaintiffs declined magistrate judge jurisdiction for all purposes on June 29, 2016 (D.E.

8), and this case was assigned to this Court.

14. Other References

None.

15. Narrowing of Issues

As set forth above, Spotify believes Rule 16(b)(1) demands that discovery prior to Plaintiffs' motion must be focused on, and proportional to, Plaintiffs' individual claims and the criteria for class certification under Rule 23. Plaintiffs believe Defendant should stipulate to certain facts for purposes of class certification, including the subject Terms & Conditions applicable in the relevant time frame, numerosity, and Rule 23(a) commonality. Plaintiffs also at this time believe certain facts related to Defendant's website content and disclosures made at the time of purchase should be stipulated to for all purposes, including trial, following discovery and verification by Plaintiffs. Spotify believes that Plaintiffs can stipulate to the dates when they each purchased Spotify Premium, were charged recurring monthly fees for Spotify Premium, and cancelled Spotify Premium. Mr. Hong can also stipulate to the dates when he re-subscribed to Spotify Premium.

16. Expedited Trial Procedure

The parties are in agreement that this case cannot be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

The parties propose the following scheduling order:

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Deadline for Defendant to respond to written discovery | No earlier than 30 days after the Court's ruling on Defendant's Motion to Compel and to Stay Case, or October 30, 2016, |

| | |
|---|---|
| | whichever date is later. |
| Deposition discovery to commence | 60 days after the Court's ruling on Defendant's Motion to Compel and to Stay Case, or December 15, 2016, whichever date is later. |
| Mediation completion deadline | March 1, 2017 |
| Deadline for filing motion to certify class | June 23, 2017 |
| Last day for designation of expert testimony and disclosures of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") | October 20, 2017 |
| Last day for other parties to disclose any expert reports on the same issue as the opening reports ("rebuttal reports") | November 21, 2017 |
| Discovery cut-off (including expert discovery) | January 13, 2018 |
| Deadline to file dispositive motions | February 10, 2018 |
| Trial | April 2018 |

18. <u>Trial</u>

Plaintiffs' First Amended Complaint contains a demand for jury trial.  Spotify disputes that plaintiffs are entitled to a jury trial on any of their claims.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

The parties have filed their Certifications of Interested or Persons per Civil Local Rule 3-15 and hereby restate the following:

*Plaintiffs*: Other than the named parties, Plaintiffs do not have any interests to support.

*Defendant:*  Spotify USA Inc., a Delaware corporation, is a wholly owned subsidiary of

Spotify AB, a company organized under the laws of Sweden. Spotify AB is a wholly owned subsidiary of Spotify Technology S.A., a company organized under the laws of the Grand Duchy of Luxembourg. Spotify Technology S.A. does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

Spotify's counsel, Davis Wright Tremaine, LLP, will look for opportunities in this case to provide the law firm's junior lawyers with hearing, deposition, and trial experience. If the case is not compelled to arbitration, we intend for a junior associate to argue at a hearing of at least one discovery motion, if such motion presents itself (*e.g.*, motion to compel discovery, motion for protective order, etc.) We will also look for opportunities for associates to take or defend at least one deposition, including either one of the plaintiff's depositions or to defend one of Spotify's depositions. If the case goes to trial, we will endeavor to have a junior associate take the direct or cross-examination of at least one witness. We anticipate using associates Diana Palacios (a 2012 law school graduate) and Kelly Gorton (a 2014 graduate) in this case. We anticipate that a client representative for Spotify will attend the CMC hearing.

Although none of the firms representing Plaintiffs have more than fifty attorneys, counsel for Plaintiffs will do their best to provide opportunities for Marc Castaneda (a 2014 law school graduate) to argue at least one motion and take or defend at least one deposition.

Dated: September 22, 2016

*/s/ Gillian L. Wade*
Gillian L. Wade
Sara D. Avila
Marc A. Castaneda
**MILSTEIN ADELMAN**
**JACKSONFAIRCHILD & WADE, LLP**

Derek J. Meyer
**LEONARDMEYER LLP**

Counsel for plaintiffs

Dated: September 22, 2016

*/s/ Scott R. Commerson*
Stephen M. Rummage
Joseph E. Addiego III
Scott R. Commerson
**DAVIS WRIGHT TREMAINE LLP**

Counsel for defendant

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT/MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2016, I electronically filed the foregoing **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                              /s/*Gillian L. Wade*
                                                Gillian L. Wade