IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation, DOES 1–10, inclusive,<br><br>Defendants. | No. C 16-03533 WHA<br><br>**REQUEST FOR RESPONSE RE MOTION TO APPOINT INTERIM CLASS COUNSEL** |

On July 1, 2016, the Notice Regarding Factors to be Evaluated for any Proposed Class Settlement explained that "the Court prefers to litigate and vet a class certification motion *before* any settlement discussions take place" (Dkt. No. 11 at 2). The reason for this preference is that "it is reasonable to discount class members' claims by the risk of litigation on the merits, but it is not reasonable to further discount claims by the risk that class certification will be denied (*id.* at 5 (citing Howard Erichson, *Beware the Settlement Class Action*, DAILY JOURNAL, Nov. 24, 2014)). That notice stated that if counsel believe settlement discussions should precede class certification, they should move for the appointment of interim class counsel, which would be subject to a higher standard of fairness (*ibid.*).

Following a case management conference, an order set the deadline to move for class certification as May 25, 2017, and referred the action to Judge Donna Ryu for settlement (Dkt. No. 40). Following a telephone conference with the parties, Judge Ryu set the settlement conference for April 10 — before the motion for class certification is due (Dkt. No. 53).

Plaintiffs now move to appoint their counsel as interim class counsel "through April 1, 2017" (Dkt. No. 54 at 7). It is unclear why they seek interim appointment only through April 1, rather than through April 10 (the date of the settlement conference).[*]

For the reasons stated above, it would be inappropriate to appoint interim class counsel unless some extenuating circumstances necessitate expediting settlement discussions to occur before the class-certification stage. By **THURSDAY, MARCH 2 AT NOON**, counsel will please state whether any such extenuating circumstances exist.

**IT IS SO ORDERED.**

Dated: February 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiffs' brief mistakenly refers to both April 10 and April 11 (Pls.' Mtn. at 3, 6).

2