**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

**LEONARDMEYER LLP**
Derek J. Meyer, State Bar No. 278346
rmeyer@leonardmeyerllp.com
John Killacky, *admitted pro hac vice*
jkillacky@leonardmeyerllp.com
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036
Tel:  (310) 220-0331

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. CV 4:16-cv-3533<br><br>**PLAINTIFFS' REQUEST FOR ADJOURNMENT OF SETTLEMENT CONFERENCE**<br><br>Date:  April 10, 2017<br>Time:  11:00 am<br>Judge:  Magistrate Judge Donna M. Ryu,<br>         Courtroom No. 4 |

---

Plaintiffs' Request for Adjournment of Settlement Conference
*Ingalls v. Spotify USA,* Case No. CV 3:16-cv-3533

## I. Introduction

Plaintiffs respectfully request an adjournment of the settlement conference currently scheduled for April 10, 2017 before Magistrate Judge Donna M. Ryu. (*See* Dkt. No. 53). As summarized below, and pursuant to Section E of the Notice of Settlement Conference and Settlement Conference Order ("Order") dated February 21, 2017 (Dkt. No. 53), the compelling reasons for an adjournment include the following: (1) Spotify has not produced any documents to Plaintiffs in response to Plaintiff's document requests; and (2) Spotify has not made John Brophy available for deposition, the person identified by Plaintiffs' counsel on March 9, 2017 who Plaintiffs wished to depose before the settlement conference.

On March 30, 2017, Plaintiffs' counsel met and conferred with counsel for Defendant Spotify USA Inc. ("Spotify") regarding this request. Spotify opposes Plaintiffs' request, and wishes to proceed on April 10, 2017 over the objection of Plaintiffs' counsel. There are, however, no imminent dates in any of the District Court's orders necessitating an April 10, 2017 Settlement Conference, and trial is not scheduled until November 28, 2017. Likewise, the Case Management Order referring this matter to Judge Ryu for "Mediation/Settlement" does not set a deadline for a settlement conference. (Dkt. No. 40).

Plaintiffs request that the settlement conference be adjourned until after the District Court rules on Plaintiffs' anticipated motion for class certification. The deadline for the filing of that motion is May 25, 2016 and "will be heard in the normal 35-day track." (*Id.*) Plaintiffs request that the settlement conference be adjourned to on or about August 14, 2017, or a date in that vicinity which accommodates the Court's schedule.

## II. Spotify's Has Not Produced any Documents

Plaintiffs served Spotify with requests for the production of documents on January 17, 2017. Plaintiffs agreed to extend the due date for Spotify's responses to March 3, 2017. Thus, at the time of the February 21, 2017 telephone conference with Judge Ryu, Plaintiffs had not received any responses.

Spotify produced no documents to Plaintiffs on March 3, 2017. On March 21, 2017, Plaintiffs provided Spotify with an eight page letter identifying issues with Spotify's discovery responses and

- 1 -

objections and requested a call to meet and confer in the letter. Spotify proposed March 28, 2017 for such a call, which took place. Spotify states it next intends to respond in writing to Plaintiff's meet and confer letter but no letter has yet been received.

Meanwhile, Spotify has produced no documents to Plaintiffs. In contrast, Plaintiffs timely responded to Spotify's February 22, 2017 document requests on March 24, 2017, did not request an extension of time to respond, made their production on that same date and provided privilege logs for each Plaintiff.

Spotify has indicated that it intends to start producing documents to Plaintiffs today, March 31, 2017. March 31, 2017 is the same date set by the Order for the lodging of Settlement Conference documents with the Court. The convergence of these significant events on the same date is highly prejudicial and unfair to Plaintiffs. Spotify suggests that it would not object if Plaintiffs deferred the filing of their Settlement Conference documents, but this assurance provides little comfort. Apart from depriving the Court of time to review Plaintiffs' Settlement Conference documents, the fact remains that Plaintiffs do not know the volume of materials Spotify intends to produce, the degree of organization relating to materials produced which relate to Spotify's historical website disclosures, and the extent to which Spotify's production will comply with the requests for production versus the need for follow up with Spotify.

Since Plaintiffs served their document requests in January, Spotify has had over two months to gather, review and analyze its production before commencing its production on March 31, 2017. Based on historical experiences in other matters, Plaintiffs' counsel's downloading, review, organization and analysis of Spotify's document productions will be a time consuming process. It would not be fair to require Plaintiffs' counsel to conduct an expedited review and analysis of Spotify's yet to be seen production in five business days, particularly when Plaintiffs' counsel have previously agreed to make Plaintiff Tony Hong available for deposition that same week as noted below.

//

//

//

### III. Depositions

On March 8, 2017, counsel for Spotify requested Plaintiffs' depositions before the settlement conference. On March 9, 2017, counsel for Plaintiffs indicated general agreement with that approach and indicated that "in the same spirit of making the conference more productive, we would like to depose John Brophy before the conference." Spotify previously filed a Declaration from Mr. Brophy on August 22, 2017 in support of Spotify's unsuccessful motion to compel arbitration in which he addressed, among other things, the manner in which Plaintiffs signed up for Spotify. (Dkt. No. 25-4).

Plaintiffs made a good faith effort to provide Spotify with the depositions it requested notwithstanding scheduling challenges. Plaintiff Hong's deposition is schedule for April 6, 2017. Plaintiffs' counsel offered April 1, 2017 for Plaintiff Ingalls, but Spotify declined to conduct a weekend deposition.

Spotify did not respond to Plaintiffs' March 9 request for a date for Mr. Brophy's deposition for two weeks. Rather, a slow chain of events resulting in no deposition occurred. Spotify did not disclose early on that Mr. Brophy was no longer employed by Spotify. On March 22, 2017, after repeated prodding by Plaintiffs' counsel for a date, Spotify disclosed for the first time that Mr. Brophy is no longer employed by Spotify. Plaintiffs' counsel asked for his address on a March 27, 2017 telephone call. On March 30, 2017, counsel for Spotify indicated for the first time that counsel is representing and/or will likely represent Mr. Brophy for purposes of his deposition. Spotify has not, however, offered any dates for Mr. Brophy's deposition.

Plaintiffs' counsel do not make this request for adjournment lightly, but simply do not believe proceeding on April 10, 2017 is a productive use of the resources of Judge Ryu or the parties. It is apparent that the circumstances noted in this request relating to document production issues and deposition disparities do not bode well, either procedurally or substantively, for an April 10 settlement conference. Further, the parties have previously mediated with the Ninth Circuit's Mediation Office on essentially the same record. At this juncture, the better course is to defer any conference before Judge Ryu until after class certification has been decided. At that time, the record will be fully developed in advance of any such conference.

- 3 -

## IV. Conclusion

Plaintiffs respectfully request that the Settlement Conference scheduled for April 10, 2017 be adjourned for the reasons stated above.

Dated: March 31, 2017

MILSTEIN JACKSON
FAIRCHILD & WADE, LLP

By: */s/ Gillian L. Wade*
Gillian L. Wade
One of the Attorneys for Plaintiffs

Derek J. Meyer
LEONARDMEYER LLP
One of the Attorneys for Plaintiffs

- 4 -

Plaintiffs' Request for Adjournment of Settlement Conference
*Ingalls v. Spotify USA*, Case No. CV 3:16-cv-3533

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, **PLAINTIFFS' REQUEST FOR ADJOURNMENT OF SETTLEMENT CONFERENCE**, was electronically filed and served this 31st day of March, 2017, via the Court's CM/ECF system upon:

**Stephen Michael Rummage**
Davis Wright Tremaine LLP
1201 Third Avenue
Suite 2200
Seattle, WA 98101-3045
steverummage@dwt.com

**Scott Robert Commerson**
Davis Wright Tremaine, LLP
865 S Figueroa St , #2400
Los Angeles, CA 90017-2566
scottcommerson@dwt.com

**Joseph Edward Addiego, III**
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111-6533
joeaddiego@dwt.com

**Derek J Meyer**
LeonardMeyer LLP
5900 Wilshire Boulevard
Suite 500
Los Angeles, CA 90036
rmeyer@leonardmeyerllp.com

**John Patrick Killacky**
LeonardMeyer LLP
120 N. LaSalle St.
Suite 2000
Chicago, IL 60602
jkillacky@leonardmeyerllp.com

/s/ *Gillian L. Wade*
Gillian L. Wade

- 5 -

Plaintiffs' Request for Adjournment of Settlement Conference
*Ingalls v. Spotify USA*, Case No. CV 3:16-cv-3533