Joseph E. Addiego III (CA State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Email:  joeaddiego@dwt.com

Stephen M. Rummage (Admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  (206) 662-3150
Fax:  (206) 757-7700
E-mail:  steverummage@dwt.com

Scott R. Commerson (CA State Bar No. 227460)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 900017
Telephone:  (213) 633-6890
Fax:  (213) 633-4290
Email:  scottcommerson@dwt.com

Attorneys for Defendant
SPOTIFY USA, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 3:16-cv-3533 WHA<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADJOURNMENT OF SETTLEMENT CONFERENCE**<br><br>Date: April 10, 2017<br>Time: 11:00 a.m.<br>Department: Magistrate Judge Donna M. Ryu, Courtroom No. 4 |

Spotify submits this Response to Plaintiffs' Request for Adjournment of Settlement Conference, Dkt. #60, to briefly address Plaintiffs' statements regarding document production and depositions. Spotify also has submitted a separate letter to Judge Ryu providing background on the parties' settlement discussions and explaining why Spotify believes the Settlement Conference on April 10 would be productive. In view of the reasons set forth in this response and in Spotify's separate letter, Spotify respectfully requests that Judge Ryu hold the Settlement Conference on April 10 as originally ordered.

*First*, Plaintiffs' suggestion that they lack sufficient information to proceed with the settlement conference is inaccurate. Plaintiffs allege in this action that Spotify's sale of subscriptions to its Premium music streaming service violated California's Automatic Purchase Renewal Law, Cal. Bus. & Prof. Code 17600 ("APRL")  When Spotify moved to compel arbitration in August, it submitted a detailed declaration from Jim Whitehead attaching screenshots of the pages plaintiffs viewed in connection with their purchase of the Premium service, and copies of the receipts they received. Decl. Whitehead, Dkt. # 25-2. In other words, the primary documents bearing on Plaintiffs' claims have been in their possession for eight months. Further, on March 2, 2017, Spotify provided substantive responses to Plaintiffs' interrogatories concerning the services at issue, as well as explaining the factual bases for its affirmative defenses.[1]

With respect to Plaintiffs' requests for production, Spotify identified the end of March as its expected production date in its responses on March 2, explaining to Plaintiffs that it would take weeks to gather the extensive information that Plaintiffs requested concerning Spotify's disclosures over the past four-plus years. Plaintiffs raised no objection to that date, and indeed Spotify produced the requested information on March 31.[2] Accordingly, Plaintiffs have more than sufficient information to discuss a possible individual resolution of the case on April 10, and

---

[1] By contrast, Plaintiffs have refused to respond to the sole interrogatory Spotify has served to date, which asked them to identify facts supporting their claims that Spotify violated the APRL.

[2] Meanwhile, over the past several weeks, the parties have negotiated a Stipulated Protective Order to address confidentiality issues regarding the parties' productions, and are continuing to meet-and-confer regarding objections to certain document requests.

1

DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADJOURNMENT OF SETTLEMENT CONFERENCE
Case No. 3:16-cv-3533 WHA
4823-7092-7942v.2 0098755-000014

1  Plaintiffs did not indicate otherwise to Spotify until just before filing their belated motion to
2  continue the settlement conference.
3      *Second*, it is difficult to understand Plaintiffs' suggestion that they require John Brophy's
4  deposition to have a productive settlement conference.  Mr. Brophy submitted a declaration in
5  support of the motion to compel arbitration, and addressed the plaintiffs' acceptance of Spotify's
6  Terms of Use containing a mandatory arbitration provision and class action waiver.  Plaintiffs
7  have not explained why his testimony is critical to the substantive issues in the litigation, much
8  less to the settlement conference.  In any event, Spotify has explained to Plaintiffs that Mr. Brophy
9  has departed from Spotify and offered to produce another employee who possesses similar
10 knowledge (including of the topics discussed in Mr. Brophy's declaration.)  In short, Plaintiffs do
11 not need to take Mr. Brophy's deposition in order to participate in the settlement conference.
12     Spotify therefore requests that the Court deny Plaintiff's belated request for an
13 adjournment of the April 10 settlement conference.  Spotify believes a settlement conference on
14 the originally scheduled date will be productive so that the parties do not needlessly expend
15 resources continuing this litigation.  Of course, should the parties fail to reach a resolution on
16 April 10, Spotify has no objection to scheduling a further settlement conference following the
17 Court's decision on class certification.

18 DATED: April 3, 2017                                     Respectfully submitted,

19                                                         DAVIS WRIGHT TREMAINE LLP
20                                                         Joseph E. Addiego, III
                                                           Stephen M. Rummage
                                                           Scott R. Commerson
21
                                                           By:  */s/ Scott R. Commerson*
22                                                              Scott R. Commerson

23                                                         Attorneys for Defendant
                                                           SPOTIFY USA, INC.

DAVIS WRIGHT TREMAINE LLP