

Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Scott Commerson**
213.633.6800 tel
213.633.6899 fax

scottcommerson@dwt.com

April 26, 2017

**VIA ECF**

Re:     *Ingalls, et. al. v. Spotify USA*, Case No. 3:16-cv-03533-WHA

Dear Judge Alsup,

Per Paragraph 25 of the Court's Supplemental Order, defendant Spotify USA Inc. ("Spotify") seeks a protective order to limit certain overbroad topics in plaintiffs' 30(b)(6) deposition notice. This is a putative class action alleging Spotify's disclosures to customers in connection with the purchase of Spotify's Premium music streaming subscription service were deficient in some manner.  Plaintiffs Gregory Ingalls and Tony Hong are California residents and assert claims under two California consumer protection statutes.  First, they contend Spotify violated the Automatic Purchase Renewal Law, Cal. B&P Code § 17602 ("APRL").  Second, they allege the purported APRL violation as the predicate for a claim under the Unfair Competition Law, Cal. B&P Code § 17200 ("UCL").  Because it is settled both statutes govern only claims by California residents, Spotify respectfully requests a protective order limiting the 30(b)(6) topics to information concerning California customers.

**Meet-and-Confer Efforts.**  Plaintiffs served their draft 30(b)(6) deposition notice on March 23, 2017.  The parties met-and-conferred in person regarding the deposition topics on April 6, 2016.  Plaintiffs served their final, revised deposition notice on April 14, 2017.  *See* Exh. A.  There are two topics for which the parties have been unable to reach agreement:

> 6. The number of PREMIUM SUBSCRIPTIONS purchased, automatically renewed, cancelled and refunded in California and the United States since June 23, 2012, including the dollar amounts YOU charged SUBSCRIBERS by state for each partial or full calendar year to the present for the PREMIUM SUBSCRIPTIONS.
>
> 7. Since June 23, 2012, with the respect to the cancellation or suspension of YOUR SUBSCRIBERS' PREMIUM SUBSCRIPTIONS, details concerning the number of customers who re-subscribed after cancellation and/or suspension of their Premium Subscriptions, the time periods (including the average time period) for which PREMIUM SUBSCRIPTIONS are renewed before SUBSCRIBERS' PREMIUM SUBSCRIPTIONS ae cancelled or suspended, and the information provided and/or available to YOU (from any source) describing, summarizing and/or sufficient to show the reasons why SUBSCRIBERS have cancelled their PREMIUM SUBSCRIPTIONS.[1]

---

[1] "SUBSCRIBERS" is defined in the Notice to include all U.S. customers of Spotify's Premium service.
4850-3260-9863v.3 0098755-000014

Judge Alsup
April 26, 2017
Page 2

Spotify has responded it will produce a 30(b)(6) witness to testify regarding the foregoing topics, but will limit testimony to information concerning California-based customers. Plaintiffs insist Spotify must provide testimony concerning *all* U.S. customers.  Because plaintiffs lack standing to represent customers outside California, the topics are irrelevant, overbroad, and disproportionate pursuant to F.R.C.P. 26(b)(1).

### Plaintiffs Lack Standing to Seek Relief on Behalf of Customers Outside California.

**The APRL Claim.**  Plaintiffs' first cause of action—and *the predicate for their UCL claim*—is for violation of the APRL.  The APRL's geographic reach is *expressly limited to California*. Section 17602(a) provides that it "shall be unlawful for any business making an automatic renewal or continuous service offer to *a consumer in this state* to" engage in certain conduct.  Cal. Bus. & Prof. Code §17602(a) (emphasis added).  Section 17602(c) sets forth additional terms if there is "a material change in the terms of the automatic renewal or continuous service offer that has been accepted by *a consumer in this state* . . . ." *Id.*, § 17602(c) (emphasis added).

In *Noll v. eBay Inc,* 2013 U.S. Dist. LEXIS 76323 (N.D. Cal. May 30, 2013), plaintiffs were residents of Florida and Arizona and purported to assert claims alleging violation of the APRL.  *Id.* at *6.  The court determined that "[w]hile the California Legislature has provided a private right of action for out-of-state consumers in other sections of the Business & Professions Code, it saw fit to do otherwise here. The Legislature employed specific language in Section 17602 limiting recovery under Section 17600 *et seq.* to *California consumers*." *Id* (emphasis added).  Holding that it would "not contravene the Legislature's clear intention," the court dismissed the plaintiffs' APRL claim without leave to amend. *Id.*[2]

**The UCL Claim.**  Plaintiffs' second cause of action is for violation of the UCL, and the predicate for this claim is the alleged violation of the APRL—which is expressly limited to California customers.  Further, because Section 17200 is a state law claim, it only "reaches any unlawful business act or practice committed in California." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (emphasis added).  The California Supreme Court has made clear there is a *strong presumption* against the extraterritorial application of California law.  In *Sullivan*, the court reiterated this long-held rule: "However far the Legislature's power may theoretically extend, we presume the Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state, … unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.'" *Id.* at 1207

---

[2] Other courts have similarly found consumers outside of California lack standing to pursue APRL claims.  *E.g., Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1097-98 (C.D. Cal. 2015) (dismissing APRL claim by non-California resident); *In re Trilegiant Corp.*, 11 F. Supp. 3d 82, 115-116 (D. Conn. 2014) (dismissing APRL claims from non-California consumers); *see also Kissel v. Code 42 Software*, 2016 U.S. Dist. LEXIS 184368, *21 n. 7 (C.D. Cal. Apr. 14, 2016) (recognizing "[o]ther district courts have also read California residence into the statutory standing requirement" for APRL claims.)

(citation and quotation omitted). Regarding the UCL, the court held "[n]either the language of [Section 17200] nor its legislative history provides any basis for concluding the Legislature intended [Section 17200] to operate extraterritorially," and, therefore, the presumption against extraterritoriality "applies to [Section 17200] in full force." *Id.*

Put simply, Section 17200 "does not apply to actions occurring outside of California that injure nonresidents." *15 Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, 2010 U.S. Dist. LEXIS 99930, at *8 (N.D. Cal. Sept. 10, 2010) (citation omitted), aff'd, 487 F. App'x 362 (9th Cir. 2012). Here, plaintiffs do not and cannot allege the supposedly deficient disclosures emanated from California. Spotify USA's headquarters and principal place of business are in New York, and members of Spotify's Payments team—who manage the purchase flow and disclosures for Spotify's Premium service—are primarily located in New York and Stockholm. Accordingly, plaintiffs cannot represent non-California residents on the UCL claim.

**The Choice-of-Law Provision in Spotify's Terms and Conditions Cannot Overcome the Geographic Limits on the APRL and the UCL.** Plaintiffs incorrectly contend they can assert their California law claims on behalf of a nationwide class because Spotify's Terms and Conditions of Use include a California choice-of-law provision. It is settled that a choice-of-law provision cannot supersede the UCL's presumption against extraterritoriality, or the APRL's express geographic limitation. "'When a law contains geographical limitations on its application, however, courts will not apply it to parties falling outside those limitations, *even if the parties stipulate that the law should apply*.'" *O'Connor v. Uber Tech.'s*, 58 F. Supp. 3d 989, 1004 (N.D. Cal. Sept. 4, 2014) (internal citation omitted.)

The decision in *O'Connor* is on point. There, plaintiffs alleged various causes of action under California law, and sought to represent a nationwide class against Uber. 58 F. Supp. 3d at 994. The court rejected plaintiffs' argument that extraterritorial application of California law was appropriate because Uber included a California choice-of-law provision in plaintiffs' contracts. "A contractual choice of law provision that incorporates California law presumably incorporates *all* of California law — **including California's presumption against extraterritorial application of its law**." *Id.* at 1005 (italics in original; emphasis added)*; see also Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1065 (N.D. Cal. Aug. 7, 2014) ("Even if the choice of law provision were intended to confer upon out-of-state drivers a cause of action for violation of California's wage and hour laws, it could not do so. An employee cannot create by contract a cause of action that California law does not provide.") Here, because the APRL covers only "**consumer[s] in this state**," "the parties cannot, by contract, extend its reach." *Cotter*, 60 F. Supp. 3d at 1065. Further, under *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 590 (9th Cir. 2012), California law cannot apply to a proposed class with "members who purchased … their [Spotify services] in different jurisdictions with materially different consumer protection laws."

Judge Alsup
April 26, 2017
Page 4

For the foregoing reasons, Spotify respectfully requests an order issue limiting Topics 6 and 7 in plaintiffs' 30(b)(6) deposition notice to information concerning California-based customers only.

Respectfully submitted,

*s/Scott R. Commerson*

Scott R. Commerson
Counsel for Defendant Spotify USA Inc.

cc:     Plaintiffs' counsel

# EXHIBIT A

| | |
|---|---|
| 1 | **MILSTEIN, JACKSON,** |
| | **FAIRCHILD & WADE, LLP** |
| 2 | Gillian L. Wade, State Bar No. 229124 |
| | gwade@mjfwlaw.com |
| 3 | Sara D. Avila, State Bar No. 263213 |
| | savila@mjfwlaw.com |
| 4 | Marc A. Castaneda, State Bar No. 299001 |
| | mcastaneda@mjfwlaw.com |
| 5 | 10250 Constellation Blvd., Suite 1400 |
| | Los Angeles, CA 90067 |
| 6 | Tel: (310) 396-9600 |
| | Fax: (310) 396-9635 |
| 7 | |
| | **LEONARDMEYER LLP** |
| 8 | Derek J. Meyer, State Bar No. 278346 |
| | rmeyer@leonardmeyerllp.com |
| 9 | John Killacky, admitted pro hac vice |
| | jkillacky@leonardmeyerllp.com |
| 10 | 5900 Wilshire Boulevard, Suite 500 |
| | Los Angeles, CA 90036 |
| 11 | Tel: (310) 220-0331 |
| 12 | Attorneys for Plaintiffs and the Proposed Class |
| | *Additional counsel listed in signature block* |

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive, <br><br> Defendants. | Case No. 3:16-cv-03533-WHA <br><br> **PLAINTIFFS' DEPOSITION NOTICE TO DEFENDANT SPOTIFY USA, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)** <br><br> Date:     May 5, 2017 <br> Time:    10:00 am <br> Location: Davis Wright Tremaine <br>              1251 Avenue of the Americas, <br>              Suite 2100, New York, New York 10020 |

PROPOUNDING PARTY:     PLAINTIFFS GREGORY INGALLS and TONY HONG

RESPONDING PARTY:       DEFENDANT SPOTIFY USA, INC.

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure Rules 26 and 30(b)(6), Plaintiffs GREGORY INGALLS and TONY HONG ("Plaintiffs") by and through their counsel of record, will commence taking the deposition(s) of the person(s) most knowledgeable of Defendant SPOTIFY USA, INC. ("Defendant") in the above action, on May 5, 2017, commencing at 10:00 a.m. at Davis, Wright Tremaine, Suite 2100, 1251 Avenue of the Americas, New York, NY 10020.  The deposition(s) shall be taken stenographically and shall be conducted under the supervision of an officer who is authorized to administer an oath.

The deposition, if not completed on the noticed date, shall be continued, if necessary, from day to day thereafter, excluding weekends and holidays, until completed, unless counsel for the noticing party wishes the deposition to be completed at a later date, in which case a mutually agreeable date shall be selected between counsel for the parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), the Defendant must designate and produce at the deposition one or more "officers, directors, or managing agents, or other persons who consent to testify," who possess sufficient knowledge, regarding the matters described in the attached Exhibit "A" which is hereby incorporated into this Notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(2), Plaintiff intends to utilize a stenographic method of recording which permits the "real time" instant visual display of testimony.  In addition to recording the deposition by the stenographic method, the deposition may also be taken by means of videotape recording pursuant to Fed. R. Civ. P. 30(b)(2) Plaintiff reserves the right to use at the trial of this action the videotape recording of the deposition of the deponent.

Dated: April 13, 2017         By:   *Gillian L. Wade*
                                    Gillian L. Wade
                                    Sara D. Avila
                                    Marc A. Castaneda
                                    Milstein Adelman Jackson
                                    Fairchild & Wade, LLP
                                    10250 Constellation Blvd., Suite 1400
                                    Los Angeles, CA 90067
                                    Telephone: (310) 396-9600
                                    Email: gwade@mjfwlaw.com

savila@mjfwlaw.com
mcastaneda@mjfwlaw.com

Derek J. Meyer
John Killacky (pro hac vice)
LeonardMeyer, LLP
5900 Wilshire Blvd., Suite 500
Los Angeles, CA 90036
Telephone: (310) 220-0331
Email: rmeyer@leonardmeyerllp.com
jkillacky@leonardmeyerllp.com

Michael Ryan Casey
The Casey Law Firm, LLC
20 NE Thompson St.
Portland, OR 97212
ryan@rcaseylaw.com

*Counsel for Plaintiffs and the Proposed Class*

Exhibit "A"

**DEFINITIONS**

For purposes of Exhibits A and B the following definitions apply in the absence of contrary indications in the text:

1. The term "DOCUMENTS" is defined according to Federal Rules of Civil Procedure Rule 34(a), including, without limitation, the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. "DOCUMENTS" also includes all electronic or magnetic files, or medium that stores information, including but not limited to electronic computer stored files, email, instant messages, text messages, social media postings, cad files, spreadsheets, and PowerPoint presentations, or other form of computer visual demonstration. "DOCUMENTS" also includes any pages that were displayed on your website. "DOCUMENTS" also means a writing as described above, both in its native format and with all metadata attached. A draft or non-identical copy is a separate document within the meaning of this term.

2. The terms "YOU," "YOUR," "YOURSELF," "SPOTIFY" and "DEFENDANT" refer to Defendant Spotify USA, Inc., and includes all of YOUR representatives, predecessors in interest (known by the same or any other names), and/or any other persons or entities acting or purporting to act on YOUR behalf or for YOUR benefit, including all of YOUR past or present employees, servants, attorneys, accountants, agents, joint venturers, partners, officers, owners, shareholders, members, managers, directors.

3. The term "SUBSCRIBER(S)" refers to the subscribers referred to in the COMPLAINT, which are all current or former users of the PREMIUM SUBSCRIPTIONS as defined below and offered by SPOTIFY in the United States.

4. The term "PREMIUM SUBSCRIPTIONS" refers to the advertisement-free music streaming service offered by SPOTIFY in the United States for which SUBSCRIBERS pay Spotify on a periodic basis. This includes the subscriptions offered by SPOTIFY through which SUBSCRIBERS are given a 30-day free trial followed by a paid subscription of $9.99 per month (referred to in the Complaint as the "FPSS") and the subscriptions offered by SPOTIFY through

which SUBSCRIBERS are either (1) charged $9.99 per month or (2) charged an initial, reduced fee of $0.99 for three months, after which they are charged $9.99 per month (referred to in the Complaint as the "PPSS").

5. The term "AUTOMATIC RENEWAL POLICY" refers to the plan or arrangement in which a paid subscription or purchasing agreement for the PREMIUM SUBSCRIPTION is automatically renewed at the end of a definite term for a subsequent term.

6. The term "APRL" refers to California's Automatic Purchase Renewal Law, codified at Cal. Bus. & Prof. C. §§ 17600, *et seq.*

## SUBJECT MATTER AT DEPOSITION (Fed. R. Civ. P. 30(b)(6))

1. Since June 23, 2012, all retail pricing and the determination of such pricing, all discounts offered, promotional prices, third party subscription bundles, and free and/or discounted trial periods relating to YOUR PREMIUM SUBSCRIPTIONS.

2. Since June 23, 2012, all versions of the AUTOMATIC RENEWAL POLICY and/or YOUR versions of the "automatic renewal offer terms" as defined in the APRL, including but not limited to all factors considered in the their development and implementation.

3. Since June 23, 2012, the manner in which YOU purportedly disclosed to, or otherwise made consumers aware of, the AUTOMATIC RENEWAL POLICY and/or any and all YOUR "automatic renewal offer terms" as defined the APRL, including but not limited to all versions of SPOTIFY'S webpage screens containing any such disclosures and all versions of the confirming emails sent to SUBSCRIBERS, and all efforts to comply with the APRL.

4. All decisions regarding the text, colors, font, layout, arrangement and all other visual characteristics of the versions of the webpage screens and/or emails referenced in 3 above, including but not limited to all factors, options and possible alternatives considered and/or available in making such decisions.

4

PLAINTIFFS' DEPOSITION NOTICE TO DEFENDANT SPOTIFY USA, INC.
PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)

5. SUBSCRIBERS' comments, complaints, inquiries and communications to YOUR AUTOMATIC RENEWAL POLICY and YOUR actions and communications in response thereto.

6. The number of PREMIUM SUBSCRIPTIONS purchased, automatically renewed, cancelled and refunded in California and the United States since June 23, 2012, including the dollar amounts YOU charged SUBSCRIBERS by state for each partial or full calendar year to the present for the PREMIUM SUBSCRIPTIONS.

7. Since June 23, 2012, with the respect to the cancellation or suspension of YOUR SUBSCRIBERS' PREMIUM SUBSCRIPTIONS, details concerning the number of customers who re-subscribed after cancellation and/or suspension of their Premium Subscriptions, the time periods (including the average time period) for which PREMIUM SUBSCRIPTIONS are renewed before SUBSCRIBERS' PREMIUM SUBSCRIPTIONS ae cancelled or suspended, and the information provided and/or available to YOU (from any source) describing, summarizing and/or sufficient to show the reasons why SUBSCIBERS have cancelled their PREMIUM SUBSCRIPTIONS.

8. YOUR electronic storage of customer contact information, including the programs or databases used to store such information, the types of fields stored (e.g., name, address, e-mail, payment information, prescription date, payment date, etc.), and YOUR ability to run searches and/or generate reports from such databases.

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address is **10250 Constellation Blvd., 14th Floor, Los Angeles, CA 90067.**

On April 13, 2017, I served the foregoing documents described as:

**PLAINTIFFS' DEPOSITION NOTICE TO DEFENDANT SPOTIFY USA, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)**

On interested parties in this action by sending a true copy of the document to the following parties as follows:

| | |
|---|---|
| Joseph E. Addiego III<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street, Suite 800<br>San Francisco, California 94111<br>Telephone: (415) 276-6500<br>Facsimile: (415) 276-6599<br>Email: joeaddiego@dwt.com<br><br>*Attorneys for Defendants Spotify USA Inc.* | Stephen M. Rummage<br>DAVIS WRIGHT TREMAINE LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045<br>Telephone: (206) 622-3150<br>Fax: (206) 757-7700<br>Email: steverummage@dwt.com<br><br>*Attorneys for Defendants Spotify USA Inc.* |
| Scott R. Commerson<br>DAVIS WRIGHT TREMAINE LLP<br>865 S. Figueroa St., Suite 2400<br>Los Angeles, California 900017<br>Telephone: (213) 633-6890<br>Fax: (213) 633-4290<br>Email: scottcommerson@dwt.com<br><br>*Attorneys for Defendants Spotify USA Inc.* | Derek J. Meyer<br>John Killacky<br>LEONARDMEYER LLP<br>5900 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90036<br>Tel: (310) 220-0331<br>Email: rmeyer@leonardmeyerllp.com<br>jkillacky@leonardmeyerllp.com<br><br>*Attorneys for Plaintiffs Gregory Ingalls and Tony Hong, and the Class* |

xxxx  (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees.

------  (BY ELECTRONIC SERVICE) I caused the document(s) to be sent to the offices of the addressees via File & Serve Express.

------  (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s).

The transmission originated from facsimile phone number (310) 396-9635 and was reported as complete and without error.

------ (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed in the Norco Overnite Express box at Los Angeles, California.

------ (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addressees.

xxxx (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, with return receipt requested, to be placed in the United States mail at Los Angeles, California, pursuant to California Code of Civil Procedure § 415.40. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

Executed on April 13, 2017, at Los Angeles, California

------ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

xxxx (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ David Marin*
David Marin