**MILSTEIN ADELMAN JACKSON
FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@majfw.com
Sara D. Avila, State Bar No. 263213
savila@majfw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@majfw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

**LEONARDMEYER LLP**
Derek J. Meyer, State Bar No. 278346
rmeyer@leonardmeyerllp.com
John Killacky, *admitted pro hac vice*
jkillacky@leonardmeyerllp.com
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036
Tel: (310) 220-0331

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 3:16-cv-03533-WHA<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT SPOTIFY USA, INC. (SET ONE)** |

PROPOUNDING PARTY:    PLAINTIFFS GREGORY INGALLS and TONY HONG

RESPONDING PARTY:     DEFENDANT SPOTIFY USA, INC.

SET NUMBER:           ONE (1)

---

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT (SET ONE)**

Pursuant to Federal Rule of Civil Procedure, Rules 26 and 34, Plaintiffs Gregory Ingalls and Tony Hong ("Plaintiffs") hereby request that the officers or other representatives of Defendant Spotify USA, Inc. ("Defendant") who are competent to testify on Defendant's behalf, and who know the facts and information about which inquiry is made herein, respond in writing, and under oath, to each of the requests set forth herein, and produce the requested documents for inspection at the offices of Milstein Adelman Jackson Fairchild & Wade, LLP, 10250 Constellation Blvd., Suite 1400, California, 90067, within thirty-three (33) days after service of these requests.

**DEFINITIONS**

For purposes of these Requests the following definitions apply in the absence of contrary indications in the text:

1. The term "DOCUMENTS" is defined according to Federal Rules of Civil Procedure, Rule 34(a), including, without limitation, the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. "DOCUMENTS" also includes all electronic or magnetic files, or medium that stores information, including but not limited to electronic computer stored files, email, instant messages, text messages, social media postings, cad files, spreadsheets, and PowerPoint presentations, other form of computer visual demonstration and ELECTRONICALLY STORED INFORMATION as defined below. "DOCUMENTS" also includes any pages that were displayed on your website. "DOCUMENTS" also means a writing as described above, both in its native format and with all metadata attached. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "ELECTRONICALLY STORED INFORMATION" and refers to any portion of data found on a computer or other device capable of storing electronic data, where such data is capable of being manipulated as an entry. "ELECTRONICALLY STORED INFORMATION" includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of

1
**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT (SET ONE)**

1  device capable of storing electronic data. Devices capable of storing "ELECTRONICALLY
2  STORED INFORMATION" include, but are not limited to: servers, desktop computers, portable
3  computers, handheld computers, flash memory devices, wireless communication devices, pagers,
4  workstations, minicomputers, mainframes, and any other form of online or offline storage, whether
5  on or off company premises.

6      3.    The terms "YOU," "YOUR," "YOURSELF," "SPOTIFY" and "DEFENDANT" refer
7  to Defendant Spotify USA, Inc., and includes all of YOUR representatives, predecessors in interest
8  (known by the same or any other names), and/or any other persons or entities acting or purporting to
9  act on YOUR behalf or for YOUR benefit, including all of YOUR past or present employees,
10 servants, attorneys, accountants, agents, joint venturers, partners, officers, owners, shareholders,
11 members, managers, directors.

12     4.    The term "COMMUNICATION(S)" means any written correspondence or oral
13 conversations by such means as face-to-face or in-person meetings, telephone conversations, e-mail,
14 instant messages, text messages, social media postings or any other form of electronic
15 COMMUNICATION.

16     5.    The terms "CONCERN(S)," "CONCERNED," and "CONCERNING," mean relating
17 to, regarding, referring to, discussing, describing, memorializing, evidencing, comprising,
18 mentioning, enumerating, pertaining to, being connect with, summarizing, reflecting, or constituting.

19     6.    The term "PERSON(S)" means natural persons, proprietorships, joint ventures,
20 partnership, corporations, trusts, groups, associations, organizations, governmental agencies, and all
21 other entities.

22     7.    The term "COMPLAINT" as used throughout these interrogatories shall refer to the
23 First Amended Complaint filed by Plaintiffs Gregory Ingalls and Tony Hong, Case No. 4:16-cv-3533
24 (N.D. Cal.).

25     8.    The term "SUBSCRIBER(S)" refers to the subscribers referred to in the
26 COMPLAINT, which are all users of the PREMIUM SUBSCRIPTION SERVICE as defined below
27 and offered by SPOTIFY in the United States and who joined SPOTIFY through Spotify.com or
28 Facebook.com.

9. The term "PREMIUM SUBSCRIPTION SERVICE" refers to the advertisement-free music streaming service offered by SPOTIFY in the United States through www.spotify.com and/or www.facebook.com, which are also referred to herein as Spotify.com (or spotify.com) and Facebook.com (or facebook.com), and includes both FPSS and PPSS as defined below.

10. The term "FPSS" refers to the PREMIUM SUBSCRIPTION SERVICE described in the COMPLAINT, which offered by SPOTIFY through which SUBSCRIBERS are given a 30-day free trial followed by a paid subscription of $9.99 per month.

11. The term "PPSS" refers to the PREMIUM SUBSCRIPTION SERVICE described in the COMPLAINT, which was offered by SPOTIFY through which SUBSCRIBERS are either (1) charged $9.99 per month or (2) charged an initial, reduced fee of $0.99 for three months, after which they are charged $9.99 per month.

12. The term "PLAINTIFF INGALLS" refers to Gregory Ingalls, named in the COMPLAINT.

13. The term "PLAINTIFF HONG" refers to Tony Hong, named in the COMPLAINT.

14. The term "AUTOMATIC RENEWAL POLICY" refers to a plan or arrangement in which a paid subscription or purchasing agreement for the PREMIUM SUBSCRIPTION SERVICE is automatically renewed at the end of a definite term for a subsequent term.

15. The term "AUTOMATIC RENEWAL OFFER TERMS" means the definition of that same term as set forth in Cal. Bus. & Prof. Code §§ 17601(b).

16. The term "CLASS PERIOD" refers to the Class Period identified in the COMPLAINT, which begins on June 23, 2012.

### INSTRUCTIONS

1. Each paragraph should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody or in the possession of Defendant that were prepared, written,

sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to these Requests shall be produced in the same order as they are kept or maintained in the ordinary course of business, and where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If for reasons, other than a claim of privilege, Defendant refuses to provide any document requested, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING PLAINTIFF INGALLS, including but not limited to (a) all DOCUMENTS establishing PLAINTIFF INGALLS' account or accounts for the PREMIUM SUBSCRIPTION SERVICE, (b) all DOCUMENTS concerning, constituting, summarizing and/or describing PLAINTIFF INGALLS' account(s), including all DOCUMENTS relating his usage of SPOTIFY, (c) COMMUNICATIONS between YOU and PLAINTIFF INGALLS, and (d) all DOCUMENTS reflecting the dates and amounts of payments from PLAINTIFF INGALLS.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING PLAINTIFF HONG, including but not limited to (a) all DOCUMENTS establishing PLAINTIFF HONG' account or accounts for the PREMIUM

SUBSCRIPTION SERVICE, (b) all DOCUMENTS concerning constituting, summarizing and/or describing PLAINTIFF HONG's account(s), including all DOCUMENTS relating his usage of SPOTIFY,(c) COMMUNICATIONS between YOU and PLAINTIFF HONG, and (d) all DOCUMENTS reflecting the dates and amounts of payments from PLAINTIFF HONG.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS accessed by and/or reviewed by John Brophy in connection with the Declaration of John Brophy filed in this matter on or about August 22, 2016, including but not limited to, all DOCUMENTS referenced in the declaration.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS accessed by and/or reviewed by John Brophy in connection with the Declaration of James Whitehead filed in this matter on or about August 22, 2016, including but not limited to, all DOCUMENTS referenced in the declaration.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS needed to identify the names of, functions and visual, electronic and/or written content available within the (1) "application logs and data sources, which contain data regarding individual Spotify's users" referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy and (2) the "revisions control system" referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy.

**REQUEST FOR PRODUCTION NO. 6:**

All versions of Spotify's Terms and Conditions of Use in effect on or after June 23, 2012.

**REQUEST FOR PRODUCTION NO. 7:**

Exemplar copies of all DOCUMENTS that YOU contend manifested any agreement by YOUR SUBSCRIBERS initially or while already as SUBSCRIBER to any and all versions of

Spotify's Terms and Conditions of Use assuming the SUBSCRIBER proceeded past that page or clicked some portion of the page to manifest such agreement.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS needed to identify the name(s) of, functions and content available within Spotify's "revisions control system" referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy setting forth the exhibits attached thereto and all prior and subsequent versions of such exhibits.

**REQUEST FOR PRODUCTION NO. 9:**

Exemplar copies of all DOCUMENTS within Spotify's "revisions control system" referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy setting forth the exhibits to the declaration and all prior and subsequent versions of such exhibits.

**REQUEST FOR PRODUCTION NO. 10:**

Exemplar copies of all DOCUMENTS within Spotify's "revisions control system" referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy setting forth the exhibits to the Declaration of James Whitehead and all prior and subsequent versions of such exhibits.

**REQUEST FOR PRODUCTION NO. 11:**

All versions of the webpages on YOUR www.spotify.com website and/or facebook.com used since June 23, 2012 concerning the PREMIUM SUBSCRIPTION SERVICE, including but limited to the PREMIUM SUBSCRIPTION SERVICE "sign up" page, the account creation page, the registration page, and the page(s) YOU purport makes a clear and conspicuous disclosure of the AUTOMATIC RENEWAL OFFER TERMS and any documents stating, summarizing or describing the corresponding dates that those webpages were accessible to the public.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS reflecting, describing, or discussing the visual characteristics of the webpages on YOUR www.spotify.com website or through www.facebook.com since June 23, 2012 concerning the PREMIUM SUBSCRIPTION SERVICE, including but not limited to the reasons considered for selecting any such characteristics, all descriptions and/or identifications of the font, style, size, color, arrangement or orientation of the text on the PREMIUM SUBSCRIPTION SERVICE "sign up" page, the account creation page, the registration page, and any and all pages YOU purport makes a clear and conspicuous disclosure of the AUTOMATIC RENEWAL OFFER TERMS.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS needed to ascertain the identity and number of the putative class members by state and the dates of their subscriptions to YOUR PREMIUM SUBSCRIPTION SERVICE for both FPSS and PPSS.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS needed to ascertain the identity and number of the putative class members by state that clicked "Accept" when presented with a prompt asking them to assent to Spotify's revised Terms and Conditions of Use, as shown in Exhibit 16 to the Declaration of James Brophy, but including all prior and subsequent versions of the same prompt on Spotify.com and/or Facebook.com.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS needed to ascertain the identity and number of the putative class members by states that clicked "Not Now" when presented with a prompt asking them to assent to Spotify's revised Terms and Conditions of Use, as shown in Exhibit 16 to the Declaration of James Brophy, but including all prior and subsequent versions of the same type prompt on Spotify.com and/or Facebook.com.

**REQUEST FOR PRODUCTION NO. 16:**

Exemplar copies of all DOCUMENTS reflecting the "exact same request" referenced in Paragraph 12 of the Declaration of John Brophy.

**REQUEST FOR PRODUCTION NO. 17:**

Exemplar copies of all DOCUMENTS that YOU contend manifest any authorization(s) by YOUR SUBSCRIBERS for YOU to automatically renew their PREMIUM SUBSCRIPTION SERVICE.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS constituting and/or describing the advertising and marketing of the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012, including but not limited to, all video(s) of all television advertisement(s) for the PREMIUM SUBSCRIPTION SERVICE, all print advertisement(s) for the PREMIUM SUBSCRIPTION SERVICE, and all website advertisements for the PREMIUM SUBSCRIPTION SERVICE.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS stating, summarizing and/or describing the purchase price of the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS constituting, describing and/or summarizing YOUR policies, procedures and practices for implementing the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS constituting, describing, and/or summarizing YOUR policies, procedures and practices regarding the AUTOMATIC RENEWAL POLICY.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS related to YOUR attempted and/or actual compliance, in whole or in part, with California's Automatic Purchase Renewal Law (Cal. Bus. & Prof. C. §§ 17600, et seq.) during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS related to YOUR decision to offer the AUTOMATIC RENEWAL POLICY for the PREMIUM SUBSCRIPTION SERVICE.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS created, received, or sent (internally or externally) discussing, describing and/or summarizing whether authorization, or lack thereof, by YOUR SUBSCRIBERS for automatic payment of subscription fees for the PREMIUM SUBSCRIPTION SERVICE, including but not limited to DOCUMENTS discussing, considering, analyzing or concerning: (a) whether authorization should be obtained; (b) whether authorization must be obtained; (c) how authorization should be obtained; and (d) how authorization must be obtained.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS created, received or sent (internally or externally) discussing, summarizing and/or describing whether the subscription fees for the PREMIUM SUBSCRIPTION SERVICE should be automatically charged, as well as any DOCUMENTS discussing, summarizing or describing alternatives to the AUTOMATIC RENEWAL POLICY.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS and/or logs of COMMUNICATIONS between YOU and any of YOUR current and/or former SUBSCRIBERS discussing, describing or summarizing the AUTOMATIC RENEWAL OFFER TERMS and/ or any automatic payment for the PREMIUM

SUBSCRIPTION SERVICE since June 23, 2012 (including but not limited to consumer complaints and/or consumer inquiries).

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS showing, describing and/or summarizing YOUR policies, procedures and practices regarding the cost of the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012, including any and all changes thereto.

**REQUEST FOR PRODUCTION NO. 28:**

For SUBSCRIBERS who joined SPOTIFY through a desktop, all DOCUMENTS showing, describing and/or summarizing the total sales amounts, in dollars, of the PREMIUM SUBSCRIPTION SERVICE in the United States since June 23, 2012 by State and in weekly, monthly and annual increments as a whole and for FPSS and PPSS individually.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS showing, describing and/or summarizing the total number of new SUBSCRIBERS who purchased the FPSS through www.spotify.com and/or facebook.com since June 23, 2012 by State and in weekly, monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS showing, describing and/or summarizing the total number of new SUBSCRIBERS who purchased the PPSS through www.spotify.com and/or facebook.com since June 23, 2012 by State and in weekly, monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS showing, describing and/or summarizing the number of SUBSCRIBERS who purchased the PREMIUM SUBSCRIPTION SERVICE through www.spotify.com and/or

facebook.com and were automatically renewed since June 23, 2012 by State and in weekly, monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS showing, describing and/or summarizing the number of SUBSCRIBERS who purchased the FPSS through www.spotify.com and/or facebook.com and were automatically renewed since June 23, 2012 by State and in weekly, monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS showing, describing and/or summarizing the number of SUBSCRIBERS who purchased the PPSS through www.spotify.com and/or facebook.com and were automatically renewed since June 23, 2012 by State and in monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS showing, describing and/or summarizing the number of SUBSCRIBERS who purchased the PREMIUM SUBSCRIPTION SERVICE through www.spotify.com and/or facebook.com and cancelled their subscription since June 23, 2012, by State and in monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS showing, describing and/or summarizing the number of SUBSCRIBERS who purchased the FPSS through www.spotify.com and/or facebook.com and cancelled their subscription since June 23, 2012 by State and in monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS showing, describing and/or summarizing the number of SUBSCRIBERS who purchased the PPSS through www.spotify.com and/or facebook.com and cancelled their subscription since June 23, 2012 by State and in monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 37:**

ELECTRONICALLY STORED INFORMATION containing any of the following categories of information for each of YOUR SUBSCRIBERS who purchased the PREMIUM SUBSCRIPTION SERVICE in the United States through spotify.com and/or facebook.com whom YOU have automatically re-billed since June 23, 2012:

    a.    the name, username, email address, mailing address and location by State of each SUBSCRIBER;

    b.    the date that the PREMIUM SUBSCRIPTION SERVICE was purchased;

    c.    whether the SUBSCRIBER chose FPSS or PPSS; and,

    d.    the dates that the SUBSCRIBER was automatically renewed for the PREMIUM SUBSCRIPTION SERVICE and the corresponding amounts.

**REQUEST FOR PRODUCTION NO. 38:**

For any category in the previous Request for Production for which ELECTRONICALLY STORED INFORMATION is not maintained by YOU, please produce DOCUMENTS sufficient to provide this information for such category and DOCUMENTS identifying who maintains such information.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS showing the dates for which each contract for the PREMIUM SUBSCRIPTION SERVICE was used since June 23, 2012.

**REQUEST FOR PRODUCTION NO. 40:**

Copies of all websites, along with the websites in their native format, including all webpages contained on those sites and any "microsites" since June 23, 2012, and corresponding dates that those websites were accessible to the public, maintained by YOU or at YOUR direction that advertised the PREMIUM SUBSCRIPTION SERVICE.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and correspondence constituting, showing, or discussing any COMMUNICATIONS between YOU and any PERSON or third-party discussing, summarizing or describing any automatic renewal of the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012.

**REQUEST FOR PRODUCTION NO. 42:**

All insurance policies, including any declaration pages and riders, which could be used to satisfy any claim in this ACTION.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS related to SUBSCRIBER usage data—including usage totals, and any other metrics, by time period and state—for PREMIUM SUBSCRIPTION SERVICES purchased since June 23, 2012.

**REQUEST FOR PRODUCTION NO. 44:**

Keys, manuals, data dictionaries or other documents required to understand the categorization, coding, text and organization of any data or databases produced in response to any Interrogatory or Request for Production.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including financial statements, related to YOUR revenues from the sale of PREMIUM SUBSCRIPTION SERVICE in the United States for each year since June 23, 2012, including documents describing, summarizing and/or identifying how YOUR revenue is calculated. Please provide this information by State, by the smallest temporal increment reflected in YOUR records, *and* by monthly and annual increments.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including financial statements, reflecting the revenue and expenses associated with the PREMIUM SUBSCRIPTION SERVICE in the United States for each year since June 23, 2012.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS showing, summarizing and/or describing how YOU pay compensate, directly or indirectly, the artists whose music is available on SPOTIFY.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS showing, summarizing and/or describing the financial arrangements in effect since June 23, 2012 between YOU and any music labels or aggregator services (e.g. tuneCORE, CD Baby, emu bands, Record Union, Spinnup, AWAL).

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS showing, describing or summarizing any changes to YOUR webpages that are attributable, directly or indirectly, in whole or in part, to the case and or settlement of the case filed in the United States District Court for the Northern District of California and captioned *Bleak v. Spotify USA, Inc.*, Case No. 3:13-cv-05653 ("*Bleak*").

**REQUEST FOR PRODUCTION NO. 50:**

All non-privileged DOCUMENTS relating to the *Bleak* lawsuit referenced above not available on the court's ECF system, including but not limited to all COMMUNICATIONS, any arbitration filings and any settlement agreement.

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS showing, summarizing and/or describing YOUR organizational structure that identify all current or former PERSONS at SPOTIFY (including directors, officers, employees or

14
**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT (SET ONE)**

contractors) who may possess knowledge relevant to this ACTION.

**REQUEST FOR PRODUCTION NO. 52:**

All non-privileged DOCUMENTS referred to or identified in YOUR responses to Plaintiffs' First Set of Interrogatories served on YOU in this ACTION.

**REQUEST FOR PRODUCTION NO. 53:**

All non-privileged DOCUMENTS YOU consulted in order to respond to Plaintiffs' First Set of Interrogatories served on YOU in this ACTION.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that YOU contend evidence or substantiate YOUR defenses in this ACTION.

**REQUEST FOR PRODUCTION NO. 55:**

All versions of the email YOU have sent to SUBSCRIBERS after they sign up for the PREMIUM SUBSCRIPTION SERVICE through www.spotify.com and/or facebook.com since June 23, 2012 confirming their subscription to and/or membership in any PREMIUM SUBSCRIPTION SERVICE.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS reflecting or addressing any consideration, plan or discussion by YOU to increase or otherwise change the price of any PREMIUM SUBSCIPTION SERVICE in the United States.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS CONCERNING "the amount of the value of the services that Plaintiffs or class members received" as stated in YOUR nineteenth affirmative defense, including but not limited

to ALL DOCUMENTS on which YOU base or refer to in connection with any such calculation or determination.

| Dated: January 17, 2017 | By: /s/ Sara D. Avila |
|---|---|
| | Gillian L. Wade |
| | Sara D. Avila |
| | Marc A. Castaneda |
| | Milstein Adelman Jackson |
| | Fairchild & Wade, LLP |
| | 10250 Constellation Blvd., Suite 1400 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 396-9600 |
| | Email: gwade@milsteinadelman.com |
| | savila@milsteinadelman.com |
| | |
| | Derek J. Meyer |
| | John Killacky |
| | LeonardMeyer, LLP |
| | 5900 Wilshire Blvd., Suite 500 |
| | Los Angeles, CA 90036 |
| | Telephone: (310) 220-0331 |
| | Email: rmeyer@leonardmeyerllp.com |
| | jkillacky@leonardmeyerllp.com |
| | |
| | *Counsel for Plaintiffs* |

PROOF OF SERVICE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address is **10250 Constellation Blvd., 14th Floor, Los Angeles, CA 90067**.

On January 17, 2017, I served the foregoing documents described as:

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO
DEFENDANT SPOTIFY USA, INC. (SET ONE)**

On interested parties in this action by sending a true copy of the document to the following parties as follows:

Joseph E. Addiego III
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: joeaddiego@dwt.com

*Attorneys for Defendants Spotify USA Inc.*

Stephen M. Rummage
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email: steverummage@dwt.com

*Attorneys for Defendants Spotify USA Inc.*

Scott R. Commerson
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 900017
Telephone: (213) 633-6890
Fax: (213) 633-4290
Email: scottcommerson@dwt.com

*Attorneys for Defendants Spotify USA Inc.*

xxxx  (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees.

------  (BY ELECTRONIC SERVICE) I caused the document(s) to be sent to the offices of the addressees via File & Serve Express.

------  (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s). The transmission originated from facsimile phone number (310) 396-9635 and was reported as complete and without error.

------   (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed in the Norco Overnite Express box at Los Angeles, California.

------   (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addressees.

xxxx   (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, with return receipt requested, to be placed in the United States mail at Los Angeles, California, pursuant to California Code of Civil Procedure § 415.40. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

Executed on January 17, 2017, at Los Angeles, California

------   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

xxxx   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_David Marin_ (signature)

David Marin