Joseph E. Addiego III (CA State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:         joeaddiego@dwt.com

Stephen M. Rummage (Admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:    (206) 662-3150
Fax:           (206) 757-7700
E-mail:        steverummage@dwt.com

Scott R. Commerson (CA State Bar No. 227460)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 900017
Telephone:    (213) 633-6890
Fax:           (213) 633-4290
Email:         scottcommerson@dwt.com

Attorneys for Defendant
SPOTIFY USA INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive, <br><br> Defendants. | Case No. 3:16-cv-3533 WHA <br><br> **PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT SPOTIFY USA, INC. (SET ONE)** <br><br> [Assigned to the Hon. William H. Alsup] |

PROPOUNDING PARTY:    GREGORY INGALLS and TONY HONG

RESPONDING PARTY:    SPOTIFY USA, INC.

SET NUMBER:    ONE

DAVIS WRIGHT TREMAINE LLP

1    Defendant Spotify USA Inc. ("Defendant" or "Spotify") responds to Plaintiffs Gregory

2  Ingalls and Tony Hong's ("Plaintiffs") First Set of Requests for Production of Documents as

3  follows: Spotify will produce documents by March 31, 2017.

4                              **I.       GENERAL OBJECTIONS**

5    Spotify makes the following General Objections to Plaintiffs' Requests for Production.

6    1.    **Limitations on Discovery.**  This case is an action brought by two individual

7  plaintiffs, and the Court has not certified a class.  Unless and until the Court certifies this case as a

8  class action (which Spotify believes the Court should not do), the parties should limit discovery to

9  issues relevant to class certification.  *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee's Note

10  (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the

11  merits of the case] relevant to making the certification determination"); Manual for Complex

12  Litigation, Fourth, § 21.14 at 256 ("Discovery relevant only to the merits delays the certification

13  decision and may ultimately be unnecessary.  Courts often bifurcate discovery between

14  certification issues and those related to the merits of the allegations.").  Spotify therefore objects to

15  the Requests because they purport to seek information not relevant either to class certification

16  issues or to Plaintiffs' individual claims.

17    2.    **Relevance and Scope.**  Spotify objects to Plaintiffs' Requests because, as written,

18  they are overbroad and unduly burdensome, seek information or documents not relevant to the

19  subject matter of this action, and are not reasonably calculated to lead to the discovery of

20  admissible evidence.

21    3.    **Proportionality.**  Spotify objects to Plaintiffs' Requests as overbroad and unduly

22  burdensome because, as written, they would require extensive, unreasonable, expensive, and

23  labor-intensive investigation out of proportion to Plaintiff's individual claims or the need to

24  resolve class certification issues.  *See* Fed. R. Civ. P. 26(b)(1).

25    4.    **Undue Complexity**.  Spotify objects to Plaintiffs' Requests and Definitions

26  because they seek to impose requirements that exceed the requirements for responding to Requests

27  under Federal Rule of Civil Procedure 34.  Spotify will provide responses under the Federal Rules

28

DAVIS WRIGHT TREMAINE LLP

1

1  of Civil Procedure and the Northern District's Civil Local Rules, and objects to Plaintiff's effort to

2  impose discovery obligations above and beyond those imposed by the Federal Rules of Civil

3  Procedure and the Local Rules.

4       5.    **Privilege.**  Spotify objects to Plaintiffs' Requests because they seek information

5  protected from disclosure by privileges and other protections including, without limitation, the

6  attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or

7  any other constitutional, statutory, common law, or regulatory protection, immunity, or

8  proscription from disclosure.  The fact that Spotify does not specifically object to an individual

9  request on the ground it seeks such privileged or protected information or documents shall not be

10  deemed a waiver of the protection afforded by the attorney-client privilege, the work-product

11  doctrine, the joint-defense and/or common-interest privilege, or other applicable privilege or

12  protection.

13       6.    **Third Party Privacy Rights.**  Spotify objects to Plaintiffs' Requests because they

14  seek disclosure of information that would violate the privacy rights of individuals, confidentiality

15  agreements between Spotify and any entity or individual, the confidentiality of settlement

16  discussions or agreements, or court orders restricting the disclosure of information.

17       7.    **Proprietary Information and Trade Secrets**.  Spotify will provide confidential or

18  proprietary business information, trade secrets, or commercially sensitive information only upon

19  the entry of a Protective Order.

20       8.    **Possession, Custody, or Control.**  Spotify objects to Plaintiffs' Requests because

21  they demand information not in the possession, custody, or control of Spotify.

22       9.    **Information in Plaintiffs' Possession or Otherwise Available.**  Spotify objects to

23  Plaintiffs' Requests because they seek information or documents already within Plaintiffs'

24  possession, publicly available, or otherwise available to Plaintiffs from other source(s) equally

25  convenient, less burdensome, or less expensive.

26       10.    **Known Information and Supplementation.**  Spotify's investigation into the

27  factual background of the matters alleged in this action is ongoing and incomplete.  The following

28

2

DAVIS WRIGHT TREMAINE LLP

1    responses and objections are based upon the facts and information now known to Spotify, as well
2    as its present analysis of the case, and may not in any way be deemed to be an admission or
3    representation further facts, documents, or witnesses having knowledge relevant to the subject
4    matter of a discovery request do not exist. As discovery in this action proceeds, Spotify
5    anticipates discovery of further facts, witnesses, and documents. Without in any way undertaking
6    an obligation to do so, Spotify reserves the right to alter, supplement, amend, or otherwise modify
7    these responses in any way at any time, in light of facts revealed through discovery and
8    investigation, and to rely on any such information discovered after the time of these responses, at
9    any time up to and including trial. Spotify does not undertake, and hereby disclaims, any
10   obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure.
11   Spotify further reserves its right to correct any responses made as a result of mistake or
12   inadvertence, and to assert any applicable objections at any time up to and including trial. Except
13   as expressly admitted in these responses, no facts should be taken as admitted, implied, or inferred
14   from these responses. Further, no inference as to the existence of any responsive information or
15   documents should be made from the assertion of any objection.

16       11.   **Incorporation of Objections.** Spotify's objections to each individual request are
17   submitted without prejudice to, and without in any respect limiting or waiving, any of these
18   General Objections. These General Objections are incorporated into each response set forth below
19   as though set forth there in full.

20              **II.   OBJECTIONS TO SPECIFIC DEFINITIONS**

21       1.   **You, Your, Yourself, and Defendants.** Spotify objects to Plaintiffs' Definitions
22   of "YOU," "YOUR," "YOURSELF," "SPOTIFY" and "DEFENDANT" as vague, ambiguous,
23   overbroad, unduly burdensome, and oppressive and because these definitions include entities or
24   persons other than Spotify, and persons or entities not under its direct control, such as persons or
25   entities who were previously, but no longer are, associated with Spotify. Because Spotify has no
26   authority or control over these entities or persons, it has no obligation under the Federal Rules of
27   Civil Procedure to search for or provide information possessed by them. Spotify further objects to

28

DAVIS WRIGHT TREMAINE LLP

3

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1   these definitions because, by purporting to require the disclosure of information from Spotify's

2   attorneys, the requests seek information protected from disclosure by the attorney-client privilege

3   and the work-product doctrine.

4       2.   **No Adoption of Plaintiffs' Definitions.**  Spotify's responses do not in any way

5   constitute an adoption of Plaintiffs purported definitions of words or phrases contained in the

6   requests, or an admission of any assertions of purported fact in any of the Requests that are

7   inaccurate or disputed by the parties.  Spotify objects to the definitions because they:  (a) are

8   unclear, ambiguous, overly broad, or unduly burdensome; (b) are inconsistent with the ordinary

9   and customary meaning of the words or phrases they purport to define; (c) include assertions of

10  purported fact that are inaccurate or disputed by the parties to this action; and/or (d) incorporate

11  other purported defined terms that suffer from such defects.

12      3.   **Incorporation of Objections.**  Spotify's objections to each individual request are

13  submitted without prejudice to, and without in any respect limiting or waiving, any of these

14  Objections to Specific Definitions.  These Objections to Specific Definitions are incorporated into

15  each response set forth below as though set forth there in full.

16  **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

17  REQUEST NO. 1:

18      All DOCUMENTS CONCERNING PLAINTIFF INGALLS, including but not limited to

19  (a) all DOCUMENTS establishing PLAINTIFF INGALLS' account or accounts for the

20  PREMIUM SUBSCRIPTION SERVICE, (b) all DOCUMENTS concerning, constituting,

21  summarizing and/or describing PLAINTIFF INGALLS' account(s), including all DOCUMENTS

22  relating his usage of SPOTIFY, (c) COMMUNICATIONS between YOU and PLAINTIFF

23  INGALLS, and (d) all DOCUMENTS reflecting the dates and amounts of payments from

24  PLAINTIFF INGALLS.

*(left margin, vertical)* DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

4

1   RESPONSE TO REQUEST NO. 1:

2       Spotify objects to this request as unduly burdensome and oppressive to the extent the

3   requested documents are equally available to Plaintiffs. Spotify further objects to this request as

4   compound. No documents have been withheld on the basis of these objections.

5       Subject to and without waiving these specific objections and the General Objections,

6   Spotify responds as follows: Spotify will produce non-privileged documents in its possession,

7   custody, or control responsive to this request.

8

9   REQUEST NO. 2:

10      All DOCUMENTS CONCERNING PLAINTIFF HONG, including but not limited to

11  (a) all DOCUMENTS establishing PLAINTIFF HONG's account or accounts for the PREMIUM

12  SUBSCRIPTION SERVICE, (b) all DOCUMENTS concerning, constituting, summarizing and/or

13  describing PLAINTIFF HONG's account(s), including all DOCUMENTS relating to his usage of

14  SPOTIFY,(c) COMMUNICATIONS between YOU and PLAINTIFF HONG, and (d) all

15  DOCUMENTS reflecting the dates and amounts of payments from PLAINTIFF HONG.

16  RESPONSE TO REQUEST NO. 2:

17      Spotify objects to this request as unduly burdensome and oppressive to the extent the

18  requested documents are equally available to Plaintiffs. Spotify further objects to this request as

19  compound. No documents have been withheld on the basis of these objections.

20      Subject to and without waiving these specific objections and the General Objections,

21  Spotify responds as follows: Spotify will produce non-privileged documents in its possession,

22  custody, or control responsive to this request.

23

24  REQUEST NO. 3:

25      All DOCUMENTS accessed by and/or reviewed by John Brophy in connection with the

26  Declaration of John Brophy filed in this matter on or about August 22, 2016, including but not

27  limited to, all DOCUMENTS referenced in the declaration.

28

DAVIS WRIGHT TREMAINE LLP

5

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1 RESPONSE TO REQUEST NO. 3:

2 Spotify objects to this request because the term "accessed" is vague and ambiguous.

3 Spotify further objects to this request because it calls for the production of material protected by

4 the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or any other

5 applicable privilege, doctrine, or immunity. In responding to this request, Spotify limited its

6 search as specified below.

7 Subject to and without waiving these specific objections and the General Objections,

8 Spotify responds as follows: Spotify will produce non-privileged documents in its possession,

9 custody, or control that were referenced in the August 22, 2016 Declaration of John Brophy and

10 other documents that Mr. Brophy relied upon for his August 22, 2016 Declaration.

11

12 REQUEST NO. 4:

13 All DOCUMENTS accessed by and/or reviewed by John Brophy in connection with the

14 Declaration of James Whitehead filed in this matter on or about August 22, 2016, including but

15 not limited to, all DOCUMENTS referenced in the declaration.

16 RESPONSE TO REQUEST NO. 4:

17 Spotify objects to this request because the term "accessed" is vague and ambiguous.

18 Spotify further objects to this request because it calls for the production of material protected by

19 the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or any other

20 applicable privilege, doctrine, or immunity. Spotify further objects to this request on the grounds

21 that it is vague and ambiguous because John Brophy did not prepare Declaration of James

22 Whitehead. In responding to this request, Spotify limited its search as specified below.

23 Subject to and without waiving these specific objections and the General Objections,

24 Spotify responds as follows: Spotify will produce non-privileged documents in its possession,

25 custody, or control that were referenced in the Declaration of James Whitehead and other

26 documents that Mr. Brophy relied upon for his August 22, 2016 Declaration.

27

28

DAVIS WRIGHT TREMAINE LLP

6

1 REQUEST NO. 5:

2       All DOCUMENTS needed to identify the names of, functions and visual, electronic and/or

3 written content available within the (1) "application logs and data sources, which contain data

4 regarding individual Spotify's users" referenced in Paragraph 5 of the August 22, 2016

5 Declaration of John Brophy and (2) the "revisions control system" referenced in Paragraph 5 of

6 the August 22, 2016 Declaration of John Brophy.

7 RESPONSE TO REQUEST NO. 5:

8       Spotify objects to this request to the extent this request is duplicative of request no. 3.

9 Spotify further objects to this request to the extent it calls for information that intrudes upon third

10 parties' personal privacy rights. Spotify further objects to this request because it is vague and

11 unlimited as to time. In responding to this request, Spotify limited its search to exclude private

12 third-party information and as further specified below.

13

14 REQUEST NO. 6:

15       All versions of Spotify's Terms and Conditions of Use in effect on or after June 23, 2012.

16 RESPONSE TO REQUEST NO. 6:

17       Subject to and without waiving the General Objections, Spotify responds as follows:

18 Spotify has produced copies of the Terms and Conditions of Use in effect on or after June 23,

19 2012, as exhibits 18 and 19 to the Declaration of John Brophy dated August 22, 2016.

20

21 REQUEST NO. 7:

22       Exemplar copies of all DOCUMENTS that YOU contend manifested any agreement by

23 YOUR SUBSCRIBERS initially or while already as SUBSCRIBER to any and all versions of

24 Spotify's Terms and Conditions of Use assuming the SUBSCRIBER proceeded past that page or

25 clicked some portion of the page to manifest such agreement.

26

27

28

7

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

DAVIS WRIGHT TREMAINE LLP

1   RESPONSE TO REQUEST NO. 7:

2        Spotify objects to this request because it seeks documents that are not relevant to the

3   subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

4   evidence. Spotify further objects to this request on the grounds that the undefined term "contend"

5   is vague and ambiguous and calls for a legal conclusion. Spotify further objects to this request as

6   overbroad and unduly burdensome because it requires extensive and unreasonable investigation

7   not proportional to Plaintiffs' individual claims or the need to resolve class certification issues.

8   Spotify further objects to this request on the grounds that it seeks information outside the scope of

9   the relevant class period.

10

11   REQUEST NO. 8:

12        All DOCUMENTS needed to identify the name(s) of, functions and content available

13   within Spotify's "revisions control system" referenced in Paragraph 5 of the August 22, 2016

14   Declaration of John Brophy setting forth the exhibits attached thereto and all prior and subsequent

15   versions of such exhibits.

16   RESPONSE TO REQUEST NO. 8:

17        Spotify objects to this request to the extent this request is duplicative of request nos. 3 and

18   5. Spotify further objects to this request because it is vague and unlimited as to time. Spotify

19   further objects to this request as overbroad and unduly burdensome because it requires extensive

20   and unreasonable investigation not proportional to Plaintiffs' individual claims or the need to

21   resolve class certification issues.

22

23   REQUEST NO. 9:

24        Exemplar copies of all DOCUMENTS within Spotify's "revisions control system"

25   referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy setting forth the

26   exhibits to the declaration and all prior and subsequent versions of such exhibits.

27

28

DAVIS WRIGHT TREMAINE LLP

8

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1 RESPONSE TO REQUEST NO. 9:

2       Spotify objects to this request to the extent this request is duplicative of request nos. 3 and
3 5. Spotify further objects to this request because it seeks documents that are not relevant to the
4 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible
5 evidence. In responding this request, Spotify limited its search as defined below.

6       Subject to and without waiving these specific objections and the General Objections,
7 Spotify responds as follows: Spotify has already produced the relevant exemplars as exhibits to
8 Mr. Brophy's declaration.

9

10 REQUEST NO. 10:

11      Exemplar copies of all DOCUMENTS within Spotify's "revisions control system"
12 referenced in Paragraph 5 of the August 22, 2016 Declaration of John Brophy setting forth the
13 exhibits to the Declaration of James Whitehead and all prior and subsequent versions of such
14 exhibits.

15 RESPONSE TO REQUEST NO. 10:

16      Spotify objects to this request to the extent this request is duplicative of request nos. 3 and
17 5. Spotify objects to this request because it seeks documents that are not relevant to the subject
18 matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.
19 In responding this request, Spotify limited its search as defined below.

20      Subject to and without waiving these specific objections and the General Objections,
21 Spotify responds as follows: Spotify has already produced the relevant exemplars as exhibits to
22 Mr. Brophy's declaration.

23

24 REQUEST NO. 11:

25      All versions of the webpages on YOUR www.spotify.com website and/or facebook.com
26 used since June 23, 2012 concerning the PREMIUM SUBSCRIPTION SERVICE, including but
27 limited to the PREMIUM SUBSCRIPTION SERVICE "sign up" page, the account creation page,

28

DAVIS WRIGHT TREMAINE LLP

9

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1  the registration page, and the page(s) YOU purport makes a clear and conspicuous disclosure of

2  the AUTOMATIC RENEWAL OFFER TERMS and any documents stating, summarizing or

3  describing the corresponding dates that those webpages were accessible to the public.

4  RESPONSE TO REQUEST NO. 11:

5  Spotify objects to this request on the grounds that "purport" is vague and ambiguous and

6  calls for a legal conclusion. Spotify further objects to this request on the grounds that "clear and

7  conspicuous disclosure" calls for a legal conclusion. Spotify further objects to this request as

8  overly broad and unduly burdensome in that it seeks documents that are impracticable to access.

9  In responding to this request, Spotify limited its search as defined below.

10  Subject to and without waiving these specific objections and the General Objections,

11  Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to

12  reflect the content of Spotify's disclosures and receipts relating to the following paths for

13  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

14  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

15  $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

16  subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

17

18  REQUEST NO. 12:

19  All DOCUMENTS reflecting, describing, or discussing the visual characteristics of the

20  webpages on YOUR www.spotify.com website or through www.facebook.com since June 23,

21  2012 concerning the PREMIUM SUBSCRIPTION SERVICE, including but not limited to the

22  reasons considered for selecting any such characteristics, all descriptions and/or identifications of

23  the font, style, size, color, arrangement or orientation of the text on the PREMIUM

24  SUBSCRIPTION SERVICE "sign up" page, the account creation page, the registration page, and

25  any and all pages YOU purport makes a clear and conspicuous disclosure of the AUTOMATIC

26  RENEWAL OFFER TERMS.

27

28

DAVIS WRIGHT TREMAINE LLP

10

1   RESPONSE TO REQUEST NO. 12:

2          Spotify objects to this request to the extent it is duplicative of request no. 11.  Spotify

3   further objects to this request because the term "visual characteristics" is vague and ambiguous.

4   Spotify further objects to this request as overbroad unduly burdensome and to the extent it calls

5   for information neither relevant to any claim or defense in this litigation nor reasonably calculated

6   to lead to the discovery of admissible evidence.  In responding to this request, Spotify limited its

7   search as defined below.

8          Subject to and without waiving these specific objections and the General Objections,

9   Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to

10   reflect the content of Spotify's disclosures and receipts relating to the following paths for

11   purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

12   trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

13   $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

14   subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

15

16

17   REQUEST NO. 13:

18          All DOCUMENTS needed to ascertain the identity and number of the putative class

19   members by state and the dates of their subscriptions to YOUR PREMIUM SUBSCRIPTION

20   SERVICE for both FPSS and PPSS.

21   RESPONSE TO REQUEST NO. 13:

22          Spotify objects to this request as premature because the Court has not certified a class.

23   Spotify further objects to this request as overbroad and unduly burdensome because it requires

24   extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

25   need to resolve class certification issues.  Spotify further objects to this request because it seeks

26   documents that are not relevant to the subject matter of this litigation nor reasonably calculated to

27   lead to the discovery of admissible evidence.

28

DAVIS WRIGHT TREMAINE LLP

11

1

2 REQUEST NO. 14:

3       All DOCUMENTS needed to ascertain the identity and number of the putative class

4 members by state that clicked "Accept" when presented with a prompt asking them to assent to

5 Spotify's revised Terms and Conditions of Use, as shown in Exhibit 16 to the Declaration of

6 James Brophy, but including all prior and subsequent versions of the same prompt on Spotify.com

7 and/or Facebook.com.

8 RESPONSE TO REQUEST NO. 14:

9       Spotify objects to this request as premature because the Court has not certified a class.

10 Spotify further objects to this request as overbroad and unduly burdensome because it requires

11 extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

12 need to resolve class certification issues. Spotify further objects to this request because it seeks

13 documents that are not relevant to the subject matter of this litigation nor reasonably calculated to

14 lead to the discovery of admissible evidence.

15

16 REQUEST NO. 15:

17       All DOCUMENTS needed to ascertain the identity and number of the putative class

18 members by states that clicked "Not Now" when presented with a prompt asking them to assent to

19 Spotify's revised Terms and Conditions of Use, as shown in Exhibit 16 to the Declaration of

20 James Brophy, but including all prior and subsequent versions of the same type prompt on

21 Spotify.com and/or Facebook.com.

22 RESPONSE TO REQUEST NO. 15:

23       Spotify objects to this request as premature because the Court has not certified a class.

24 Spotify further objects to this request as overbroad and unduly burdensome because it requires

25 extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

26 need to resolve class certification issues. Spotify further objects to this request because it seeks

27

28

DAVIS WRIGHT TREMAINE LLP

12

1  documents that are not relevant to the subject matter of this litigation nor reasonably calculated to
2  lead to the discovery of admissible evidence.

3

4  REQUEST NO. 16:

5  Exemplar copies of all DOCUMENTS reflecting the "exact same request" referenced in
6  Paragraph 12 of the Declaration of John Brophy.

7  RESPONSE TO REQUEST NO. 16:

8  Spotify objects to this request as overbroad and unduly burdensome because it requires
9  extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the
10  need to resolve class certification issues. Spotify further objects to this request because it seeks
11  documents that are not relevant to the subject matter of this litigation nor reasonably calculated to
12  lead to the discovery of admissible evidence.

13

14  REQUEST NO. 17:

15  Exemplar copies of all DOCUMENTS that YOU contend manifest any authorization(s) by
16  YOUR SUBSCRIBERS for YOU to automatically renew their PREMIUM SUBSCRIPTION
17  SERVICE.

18  RESPONSE TO REQUEST NO. 17:

19  Spotify further objects to this request on the grounds that the undefined term "contend" is
20  vague and ambiguous and calls for a legal conclusion. Spotify further objects to this request on
21  the grounds that it seeks information outside the scope of the relevant class period. In responding
22  to this request, Spotify limited its search as defined below.

23  Subject to and without waiving these specific objections and the General Objections,
24  Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to
25  reflect the content of Spotify's disclosures and receipts relating to the following paths for
26  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free
27  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

28

DAVIS WRIGHT TREMAINE LLP

13

1   $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

2   subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

3

4   REQUEST NO. 18:

5   All DOCUMENTS constituting and/or describing the advertising and marketing of the

6   PREMIUM SUBSCRIPTION SERVICE since June 23, 2012, including but not limited to, all

7   video(s) of all television advertisement(s) for the PREMIUM SUBSCRIPTION SERVICE, all

8   print advertisement(s) for the PREMIUM SUBSCRIPTION SERVICE, and all website

9   advertisements for the PREMIUM SUBSCRIPTION SERVICE.

10  RESPONSE TO REQUEST NO. 18:

11  Plaintiffs' and the putative class members' claims for violation of Business and

12  Professions Code Section 17600 *et. seq.* are based upon Spotify's disclosures to customers at the

13  point of purchase for a Premium subscription, and the receipt Spotify sends to customers

14  immediately following such purchase. The instant request for "all documents constituting"

15  advertising and marketing for the Premium subscription service is overbroad and unduly

16  burdensome, seeks information or documents not relevant to the subject matter of this action, and

17  is not reasonably calculated to lead to the discovery of admissible evidence. Spotify further

18  objects to this request as overbroad and unduly burdensome because it requires extensive and

19  unreasonable investigation not proportional to Plaintiffs' individual claims or the need to resolve

20  class certification issues. In responding to this request, Spotify limited its search as defined

21  below.

22  Subject to and without waiving these specific objections and the General Objections,

23  Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to

24  reflect the content of Spotify's disclosures and receipts relating to the following paths for

25  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

26  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

27

28

DAVIS WRIGHT TREMAINE LLP

14

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

$0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

REQUEST NO. 19:

All DOCUMENTS stating, summarizing and/or describing the purchase price of the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012.

RESPONSE TO REQUEST NO. 19:

Spotify objects to this request as overbroad and unduly burdensome as it seeks "all documents" regarding the purchase price. Spotify further objects to this request as overbroad and unduly burdensome because it requires extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the need to resolve class certification issues.

In responding to this request, Spotify limited its search as defined below.

Subject to and without waiving these specific objections and the General Objections, Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to reflect the content of Spotify's disclosures and receipts relating to the following paths for purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

REQUEST NO. 20:

All DOCUMENTS constituting, describing and/or summarizing YOUR policies, procedures and practices for implementing the PREMIUM SUBSCRIPTION SERVICE since June 23, 2012.

RESPONSE TO REQUEST NO. 20:

Spotify objects to this request because it is vague, ambiguous, and unintelligible. Spotify further objects to this request as overbroad and unduly burdensome because it requires extensive

DAVIS WRIGHT TREMAINE LLP

1  and unreasonable investigation not proportional to Plaintiffs' individual claims or the need to

2  resolve class certification issues.

3        In responding to this request, Spotify limited its search as defined below.

4        Subject to and without waiving these specific objections and the General Objections,

5  Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to

6  reflect the content of Spotify's disclosures and receipts relating to the following paths for

7  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

8  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

9  $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

10  subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

11

12  REQUEST NO. 21:

13        All DOCUMENTS constituting, describing, and/or summarizing YOUR policies,

14  procedures and practices regarding the AUTOMATIC RENEWAL POLICY.

15  RESPONSE TO REQUEST NO. 21:

16        Spotify objects to this request because it is vague, ambiguous, and unintelligible. Spotify

17  further objects to this request because it unlimited as to time. Spotify further objects to this

18  request as overbroad and unduly burdensome because it requires extensive and unreasonable

19  investigation not proportional to Plaintiffs' individual claims or the need to resolve class

20  certification issues.

21        In responding to this request, Spotify limited its search as defined below.

22        Subject to and without waiving these specific objections and the General Objections,

23  Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to

24  reflect the content of Spotify's disclosures and receipts relating to the following paths for

25  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

26  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

27

28

16

DAVIS WRIGHT TREMAINE LLP

1  $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

2  subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

3

4  REQUEST NO. 22:

5  All DOCUMENTS and COMMUNICATIONS related to YOUR attempted and/or actual

6  compliance, in whole or in part, with California's Automatic Purchase Renewal Law (Cal. Bus. &

7  Prof. C. §§ 17600, et seq.) during the CLASS PERIOD.

8  RESPONSE TO REQUEST NO. 22:

9  Spotify objects to this request because it is vague, ambiguous, and unintelligible.  Spotify

10  further objects to this request because it calls for the production of material protected by the

11  attorney-client privilege, the work-product doctrine, the joint-defense privilege, or any other

12  applicable privilege, doctrine, or immunity.

13  In responding to this request, Spotify limited its search as defined below.

14  Subject to and without waiving these specific objections and the General Objections,

15  Spotify responds as follows:  Spotify will produce non-privileged documentation sufficient to

16  reflect the content of Spotify's disclosures and receipts relating to the following paths for

17  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

18  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

19  $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

20  subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

21

22  REQUEST NO. 23:

23  All DOCUMENTS related to YOUR decision to offer the AUTOMATIC RENEWAL

24  POLICY for the PREMIUM SUBSCRIPTION SERVICE.

25  RESPONSE TO REQUEST NO. 23:

26  Spotify objects to this request because the term "decision" is vague and ambiguous.

27  Spotify further objects to this request because it is vague and unlimited as to time.  Spotify further

28

DAVIS WRIGHT TREMAINE LLP

17

1  objects to this request on the ground that it seeks confidential and proprietary business information
2  and/or trade secrets. Spotify further objects to this request as overbroad and unduly burdensome
3  because it requires extensive and unreasonable investigation not proportional to Plaintiffs'
4  individual claims or the need to resolve class certification issues. Spotify further objects to this
5  request because it calls for the production of material protected by the attorney-client privilege, the
6  work-product doctrine, the joint-defense privilege, or any other applicable privilege, doctrine, or
7  immunity.

8

9  REQUEST NO. 24:

10  All DOCUMENTS created, received, or sent (internally or externally) discussing,
11  describing and/or summarizing whether authorization, or lack thereof, by YOUR SUBSCRIBERS
12  for automatic payment of subscription fees for the PREMIUM SUBSCRIPTION SERVICE,
13  including but not limited to DOCUMENTS discussing, considering, analyzing or concerning:
14  (a) whether authorization should be obtained; (b) whether authorization must be obtained; (c) how
15  authorization should be obtained; and (d) how authorization must be obtained.

16  RESPONSE TO REQUEST NO. 24:

17  Spotify objects to this request because it is vague and unlimited as to time. Spotify further
18  objects to this request on the ground that it seeks confidential and proprietary business information
19  and/or trade secrets. Spotify further objects to this request because it calls for the production of
20  material protected by the attorney-client privilege, the work-product doctrine, the joint-defense
21  privilege, or any other applicable privilege, doctrine, or immunity. Spotify further objects to this
22  request as overbroad and unduly burdensome because it requires extensive and unreasonable
23  investigation not proportional to Plaintiffs' individual claims or the need to resolve class
24  certification issues. Spotify further objects to this request because it seeks documents that are not
25  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of
26  admissible evidence.

27

28

18

DAVIS WRIGHT TREMAINE LLP

1  REQUEST NO. 25:

2  All DOCUMENTS created, received or sent (internally or externally) discussing

3  summarizing and/or describing whether the subscription fees for the PREMIUM SUBSCRIPTION

4  SERVICE should be automatically charged, as well as any DOCUMENTS discussing,

5  summarizing or describing alternatives to the AUTOMATIC RENEWAL POLICY.

6  RESPONSE TO REQUEST NO. 25:

7  Spotify objects to this request because it is vague and unlimited as to time. Spotify further

8  objects to this request on the ground that it seeks confidential and proprietary business information

9  and/or trade secrets. Spotify further objects to this request because it calls for the production of

10  material protected by the attorney-client privilege, the work-product doctrine, the joint-defense

11  privilege, or any other applicable privilege, doctrine, or immunity. Spotify further objects to this

12  request as overbroad and unduly burdensome because it requires extensive and unreasonable

13  investigation not proportional to Plaintiffs' individual claims or the need to resolve class

14  certification issues. Spotify further objects to this request because it seeks documents that are not

15  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

16  admissible evidence.

17

18  REQUEST NO. 26:

19  All COMMUNICATIONS and/or logs of COMMUNICATIONS between YOU and any

20  of YOUR current and/or former SUBSCRIBERS discussing, describing or summarizing the

21  AUTOMATIC RENEWAL OFFER TERMS and/ or any automatic payment for the PREMIUM

22  SUBSCRIPTION SERVICE since June 23, 2012 (including but not limited to consumer

23  complaints and/or consumer inquiries).

24  RESPONSE TO REQUEST NO. 26:

25  Spotify objects to this request because it seeks documents that are not relevant to the

26  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

27  evidence. Spotify further objects to this request as overbroad and unduly burdensome because it

28

19

DAVIS WRIGHT TREMAINE LLP

1  requires extensive and unreasonable investigation not proportional to Plaintiffs' individual claims

2  or the need to resolve class certification issues.

3

4  REQUEST NO. 27:

5      All DOCUMENTS showing, describing and/or summarizing YOUR policies, procedures

6  and practices regarding the cost of the PREMIUM SUBSCRIPTION SERVICE since June 23,

7  2012, including any and all changes thereto.

8  RESPONSE TO REQUEST NO. 27:

9      Spotify objects to this request to the extent this request is duplicative of request no. 19.

10  Spotify further objects to this request on the ground that it seeks confidential and proprietary

11  business information and/or trade secrets.  Spotify objects to this request because it seeks

12  documents that are not relevant to the subject matter of this litigation nor reasonably calculated to

13  lead to the discovery of admissible evidence.  Spotify further objects to this request on the grounds

14  that the cost of the PREMIUM SUBSCRIPTION SERVICE has not changed since June 23, 2012.

15

16  REQUEST NO. 28:

17      For SUBSCRIBERS who joined SPOTIFY through a desktop, all DOCUMENTS

18  showing, describing and/or summarizing the total sales amounts, in dollars, of the PREMIUM

19  SUBSCRIPTION SERVICE in the United States since June 23, 2012 by State and in weekly,

20  monthly and annual increments as a whole and for FPSS and PPSS individually.

21  RESPONSE TO REQUEST NO. 28:

22      Spotify objects to this request because it seeks documents that are not relevant to the

23  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

24  evidence because it seeks information about users outside of California.  Spotify further objects to

25  this request as overbroad and unduly burdensome because it requires extensive and unreasonable

26  investigation not proportional to Plaintiffs' individual claims or the need to resolve class

27  certification issues.

28

DAVIS WRIGHT TREMAINE LLP

20

1

2  REQUEST NO. 29:

3      All DOCUMENTS showing, describing and/or summarizing the total number of new

4  SUBSCRIBERS who purchased the FPSS through www.spotify.com and/or facebook.com since

5  June 23, 2012 by State and in weekly, monthly and annual increments.

6  RESPONSE TO REQUEST NO. 29:

7      Spotify objects to this request because it seeks documents that are not relevant to the

8  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

9  evidence because Spotify is not contesting numerosity, and also because it seeks information

10 about users outside of California.  Spotify further objects to this request as overbroad and unduly

11 burdensome because it requires extensive and unreasonable investigation not proportional to

12 Plaintiffs' individual claims or the need to resolve class certification issues.

13

14 REQUEST NO. 30:

15     All DOCUMENTS showing, describing and/or summarizing the total number of new

16 SUBSCRIBERS who purchased the PPSS through www.spotify.com and/or facebook.com since

17 June 23, 2012 by State and in weekly, monthly and annual increments.

18 RESPONSE TO REQUEST NO. 30:

19     Spotify objects to this request because it seeks documents that are not relevant to the

20 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

21 evidence because Spotify is not contesting numerosity, and because it seeks information  about

22 users outside of California.  Spotify further objects to this request as overbroad and unduly

23 burdensome because it requires extensive and unreasonable investigation not proportional to

24 Plaintiffs' individual claims or the need to resolve class certification issues.  Spotify further

25 objects to this request because it calls for Spotify to create documents in response to this request.

26

27

28

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1   REQUEST NO. 31:

2       All DOCUMENTS showing, describing and/or summarizing the number of

3   SUBSCRIBERS who purchased the PREMIUM SUBSCRIPTION SERVICE through

4   www.spotifv.com and/or facebook.com and were automatically renewed since June 23, 2012 by

5   State and in weekly, monthly and annual increments.

6   RESPONSE TO REQUEST NO. 31:

7       Spotify objects to this request because it seeks documents that are not relevant to the

8   subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

9   evidence because Spotify is not contesting numerosity, and also because it seeks information

10  about users outside of California.  Spotify further objects to this request as overbroad and unduly

11  burdensome because it requires extensive and unreasonable investigation not proportional to

12  Plaintiffs' individual claims or the need to resolve class certification issues.  Spotify further

13  objects to this request because it calls for Spotify to create documents in response to this request.

14

15  REQUEST NO. 32:

16      All DOCUMENTS showing, describing and/or summarizing the number of

17  SUBSCRIBERS who purchased the FPSS through www.spotify.com and/or facebook.com and

18  were automatically renewed since June 23, 2012 by State and in weekly, monthly and annual

19  increments.

20  RESPONSE TO REQUEST NO. 32:

21      Spotify objects to this request because it seeks documents that are not relevant to the

22  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence because Spotify is not contesting numerosity, and also because it seeks information

24  about users outside of California.  Spotify further objects to this request as overbroad and unduly

25  burdensome because it requires extensive and unreasonable investigation not proportional to

26  Plaintiffs' individual claims or the need to resolve class certification issues.  Spotify further

27  objects to this request because it calls for Spotify to create documents in response to this request.

28

DAVIS WRIGHT TREMAINE LLP

22

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1

2 REQUEST NO. 33:

3 All DOCUMENTS showing, describing and/or summarizing the number of

4 SUBSCRIBERS who purchased the PPSS through www.spotify.com and/or facebook.com and

5 were automatically renewed since June 23, 2012 by State and in monthly and annual increments.

6 RESPONSE TO REQUEST NO. 33:

7 Spotify objects to this request because it seeks documents that are not relevant to the

8 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

9 evidence because Spotify is not contesting numerosity, and also because it seeks information

10 about users outside of California. Spotify further objects to this request as overbroad and unduly

11 burdensome because it requires extensive and unreasonable investigation not proportional to

12 Plaintiffs' individual claims or the need to resolve class certification issues. Spotify further

13 objects to this request because it calls for Spotify to create documents in response to this request.

14

15 REQUEST NO. 34:

16 All DOCUMENTS showing, describing and/or summarizing the number of

17 SUBSCRIBERS who purchased the PREMIUM SUBSCRIPTION SERVICE through

18 www.spotify.com and/or facebook.com and cancelled their subscription since June 23, 2012, by

19 State and in monthly and annual increments.

20 RESPONSE TO REQUEST NO. 34:

21 Spotify objects to this request because it seeks documents that are not relevant to the

22 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

23 evidence because Spotify is not contesting numerosity, and also because it seeks information

24 about users outside of California. Spotify further objects to this request as overbroad and unduly

25 burdensome because it requires extensive and unreasonable investigation not proportional to

26 Plaintiffs' individual claims or the need to resolve class certification issues. Spotify further

27 objects to this request because it calls for Spotify to create documents in response to this request.

28

DAVIS WRIGHT TREMAINE LLP

23

1

2 REQUEST NO. 35:

3      All DOCUMENTS showing, describing and/or summarizing the number of

4 SUBSCRIBERS who purchased the FPSS through www.spotify.com and/or facebook.com and

5 cancelled their subscription since June 23, 2012 by State and in monthly and annual increments.

6 RESPONSE TO REQUEST NO. 35:

7      Spotify objects to this request because it seeks documents that are not relevant to the

8 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

9 evidence because Spotify is not contesting numerosity, and also because it seeks information

10 about users outside of California.  Spotify further objects to this request as overbroad and unduly

11 burdensome because it requires extensive and unreasonable investigation not proportional to

12 Plaintiffs' individual claims or the need to resolve class certification issues.  Spotify further

13 objects to this request because it calls for Spotify to create documents in response to this request.

14

15 REQUEST NO. 36:

16      All DOCUMENTS showing, describing and/or summarizing the number of

17 SUBSCRIBERS who purchased the PPSS through www.spotify.com and/or facebook.com and

18 cancelled their subscription since June 23, 2012 by State and in monthly and annual increments.

19 RESPONSE TO REQUEST NO. 36:

20      Spotify objects to this request because it seeks documents that are not relevant to the

21 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

22 evidence because Spotify is not contesting numerosity, and also because it seeks information

23 about users outside of California.  Spotify further objects to this request as overbroad and unduly

24 burdensome because it requires extensive and unreasonable investigation not proportional to

25 Plaintiffs' individual claims or the need to resolve class certification issues.  Spotify further

26 objects to this request because it calls for Spotify to create documents in response to this request.

27

28

24

DAVIS WRIGHT TREMAINE LLP

1  REQUEST NO. 37:

2      ELECTRONICALLY STORED INFORMATION containing any of the following

3  categories of information for each of YOUR SUBSCRIBERS who purchased the PREMIUM

4  SUBSCRIPTION SERVICE in the United States through spotify.com and/or facebook.com whom

5  YOU have automatically re-billed since June 23, 2012:

6      a.    the name, username, email address, mailing address and location by State of each

7            SUBSCRIBER;

8      b.    the date that the PREMIUM SUBSCRIPTION SERVICE was purchased;

9      c.    whether the SUBSCRIBER chose FPSS or PPSS; and,

10     d.    the dates that the SUBSCRIBER was automatically renewed for the PREMIUM

11           SUBSCRIPTION SERVICE and the corresponding amounts.

12  RESPONSE TO REQUEST NO. 37:

13     Spotify objects to this request because it seeks documents that are not relevant to the

14  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

15  evidence because Spotify is not contesting numerosity, and also because it seeks information

16  about users outside of California. Spotify further objects to this request as premature because the

17  Court has not certified a class. Spotify further objects to this request as overbroad and unduly

18  burdensome because it requires extensive and unreasonable investigation not proportional to

19  Plaintiffs' individual claims or the need to resolve class certification issues. Spotify further

20  objects to this request because it calls for Spotify to create documents in response to this request.

21

22  REQUEST NO. 38:

23     For any category in the previous Request for Production for which ELECTRONICALLY

24  STORED INFORMATION is not maintained by YOU, please produce DOCUMENTS sufficient

25  to provide this information for such category and DOCUMENTS identifying who maintains such

26  information.

27

28

25

DAVIS WRIGHT TREMAINE LLP

1  RESPONSE TO REQUEST NO. 38:

2      Spotify objects to this request as premature because the Court has not certified a class.

3  Spotify further objects to this request as overbroad and unduly burdensome because it requires

4  extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

5  need to resolve class certification issues.  Spotify further objects to this request because it calls for

6  Spotify to create documents in response to this request.

7

8  REQUEST NO. 39:

9      DOCUMENTS showing the dates for which each contract for the PREMIUM

10  SUBSCRIPTION SERVICE was used since June 23, 2012.

11  RESPONSE TO REQUEST NO. 39:

12      Spotify objects to this request because it is vague, ambiguous, and unintelligible.  Spotify

13  further objects to this request as overbroad and unduly burdensome because it requires extensive

14  and unreasonable investigation not proportional to Plaintiffs' individual claims or the need to

15  resolve class certification issues.  In responding to this request, Spotify limited its search as

16  defined below.

17      Subject to and without waiving these specific objections and the General Objections,

18  Spotify responds as follows: Spotify will produce non-privileged documentation sufficient to

19  reflect the content of Spotify's disclosures and receipts relating to the following paths for

20  purchasing a Premium subscription since June 23, 2012: a customer's purchase of a 30-day free

21  trial followed by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for

22  $0.99 trial followed by a recurring monthly charge of $9.99; or a customer's purchase of a

23  subscription at a recurring monthly charge of $9.99 commencing from the date of purchase.

24

25  REQUEST NO. 40:

26      Copies of all websites, along with the websites in their native format, including all

27  webpages contained on those sites and any "microsites" since June 23, 2012, and corresponding

28

26

DAVIS WRIGHT TREMAINE LLP

1  dates that those websites were accessible to the public, maintained by YOU or at YOUR direction

2  that advertised the PREMIUM SUBSCRIPTION SERVICE.

3  RESPONSE TO REQUEST NO. 40:

4       Spotify objects to this request to the extent this request is duplicative of request no. 11.

5  Spotify further objects to this request as overbroad and unduly burdensome because it requires

6  extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

7  need to resolve class certification issues. Spotify further objects to this request because it seeks

8  documents that are not relevant to the subject matter of this litigation nor reasonably calculated to

9  lead to the discovery of admissible evidence.

10

11  REQUEST NO. 41:

12       All DOCUMENTS and correspondence constituting, showing, or discussing any

13  COMMUNICATIONS between YOU and any PERSON or third-party discussing, summarizing or

14  describing any automatic renewal of the PREMIUM SUBSCRIPTION SERVICE since June 23,

15  2012.

16  RESPONSE TO REQUEST NO. 41:

17       Spotify objects to this request as overbroad and unduly burdensome because it requires

18  extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

19  need to resolve class certification issues. Spotify further objects to this request because it calls for

20  the production of material protected by the attorney-client privilege, the work-product doctrine,

21  the joint-defense privilege, or any other applicable privilege, doctrine, or immunity.

22

23  REQUEST NO. 42:

24       All insurance policies, including any declaration pages and riders, which could be used to

25  satisfy any claim in this ACTION.

26

27

28

27

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

DAVIS WRIGHT TREMAINE LLP

1  RESPONSE TO REQUEST NO. 42:

2      Subject to and without waiving the General Objections, Spotify responds as follows:

3  Spotify is presently unaware of documents responsive to this request.

4

5  REQUEST NO. 43:

6      All DOCUMENTS related to SUBSCRIBER usage data—including usage totals, and any

7  other metrics, by time period and state—for PREMIUM SUBSCRIPTION SERVICES purchased

8  since June 23, 2012.

9  RESPONSE TO REQUEST NO. 43:

10      Spotify objects to this request as premature because the Court has not certified a class.

11  Spotify further objects to this request as overbroad and unduly burdensome because it requires

12  extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the

13  need to resolve class certification issues.  Spotify further objects to this request because it calls for

14  Spotify to create documents in response to this request.  In responding to this request, Spotify

15  limited its search as defined below.

16      Subject to and without waiving the General Objections, Spotify responds as follows:

17  Spotify will produce information in its custody, possession and control relating to the usage data

18  of Mr. Ingalls and Mr. Hong.

19

20  REQUEST NO. 44:

21      Keys, manuals, data dictionaries or other documents required to understand the

22  categorization, coding, text and organization of any data or databases produced in response to any

23  Interrogatory or Request for Production.

24  RESPONSE TO REQUEST NO. 44:

25      Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

26  objects to this request on the ground that it seeks confidential and proprietary business information

27

28

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

DAVIS WRIGHT TREMAINE LLP

1  and/or trade secrets. Spotify further objects because discovery is still ongoing and it is unclear

2  which documents, if any, will be responsive to this request.

3

4  REQUEST NO. 45:

5      All DOCUMENTS, including financial statements, related to YOUR revenues from the

6  sale of PREMIUM SUBSCRIPTION SERVICE in the United States for each year since June 23,

7  2012, including documents describing, summarizing and/or identifying how YOUR revenue is

8  calculated. Please provide this information by State, by the smallest temporal increment reflected

9  in YOUR records, *and* by monthly and annual increments.

10  RESPONSE TO REQUEST NO. 45:

11      Spotify objects to this request on the grounds that it seeks confidential and proprietary

12  business information and/or trade secrets. Spotify further objects to this request because it calls

13  for Spotify to create documents in response to this request. Spotify further objects to this request

14  because the phrase "temporal increment" is vague and ambiguous. Spotify further objects to this

15  request as overbroad and unduly burdensome because it requires extensive and unreasonable

16  investigation not proportional to Plaintiffs' individual claims or the need to resolve class

17  certification issues, and because it seeks information about users outside of California.

18

19  REQUEST NO. 46:

20      All DOCUMENTS, including financial statements, reflecting the revenue and expenses

21  associated with the PREMIUM SUBSCRIPTION SERVICE in the United States for each year

22  since June 23, 2012.

23  RESPONSE TO REQUEST NO. 46:

24      Spotify objects to this request on the grounds that it seeks confidential and proprietary

25  business information and/or trade secrets. Spotify further objects to this request because it calls

26  for Spotify to create documents in response to this request. Spotify further objects on the grounds

27  that there are no specific expenses associated with the PREMIUM SUBSCRIPTION SERVICE.

28

DAVIS WRIGHT TREMAINE LLP

29

1  Spotify further objects to this request as overbroad and unduly burdensome because it requires
2  extensive and unreasonable investigation not proportional to Plaintiffs' individual claims or the
3  need to resolve class certification issues.

5  REQUEST NO. 47:

6  All DOCUMENTS showing, summarizing and/or describing how YOU pay compensate,
7  directly or indirectly, the artists whose music is available on SPOTIFY.

8  RESPONSE TO REQUEST NO. 47:

9  Spotify objects to this request on the grounds that it seeks confidential and proprietary
10  business information and/or trade secrets. Spotify further objects to this request because it seeks
11  documents that are not relevant to the subject matter of this litigation nor reasonably calculated to
12  lead to the discovery of admissible evidence. Spotify further objects to this request because it is
13  vague and unlimited as to time. Spotify further objects to this request as overbroad and unduly
14  burdensome because it requires extensive and unreasonable investigation not proportional to any
15  claims or issues in the case.

17  REQUEST NO. 48:

18  All DOCUMENTS showing, summarizing and/or describing the financial arrangements in
19  effect since June 23, 2012 between YOU and any music labels or aggregator services (e.g.
20  tuneCORE, CD Baby, emu bands, Record Union, Spinnup, AWAL).

21  RESPONSE TO REQUEST NO. 48:

22  Spotify objects to this request on the grounds that it seeks confidential and proprietary
23  business information and/or trade secrets. Spotify further objects to this request because it seeks
24  documents that are not relevant to the subject matter of this litigation nor reasonably calculated to
25  lead to the discovery of admissible evidence. Spotify further objects to this request as overbroad
26  and unduly burdensome because it requires extensive and unreasonable investigation not
27  proportional to any claims or issues in the case.

DAVIS WRIGHT TREMAINE LLP

30

1

2 REQUEST NO. 49:

3    All DOCUMENTS showing, describing or summarizing any changes to YOUR webpages
4 that are attributable, directly or indirectly, in whole or in part, to the case and or settlement of the
5 case filed in the United States District Court for the Northern District of California and captioned
6 *Bleak v Spot USA, Inc.*, Case No. 3:13-cv-05653 ("*Bleak*").

7 RESPONSE TO REQUEST NO. 49:

8    Spotify objects to this request because it seeks documents that are not relevant to the
9 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible
10 evidence. Spotify further objects to this request because it calls for the production of material
11 protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or
12 any other applicable privilege, doctrine, or immunity. Spotify further objects to this request as
13 overbroad and unduly burdensome because it requires extensive and unreasonable investigation
14 not proportional to Plaintiffs' individual claims or the need to resolve class certification issues.

15

16 REQUEST NO. 50:

17    All non-privileged DOCUMENTS relating to the *Bleak* lawsuit referenced above not
18 available on the court's ECF system, including but not limited to all COMMUNICATIONS, any
19 arbitration filings and any settlement agreement.

20 RESPONSE TO REQUEST NO. 50:

21    Spotify objects to this request because it seeks documents that are not relevant to the
22 subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible
23 evidence. Spotify further objects to this request because it calls for the production of material
24 protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or
25 any other applicable privilege, doctrine, or immunity. Spotify further objects to this request as
26 overbroad and unduly burdensome because it requires extensive and unreasonable investigation
27 not proportional to Plaintiffs' individual claims or the need to resolve class certification issues.

28

DAVIS WRIGHT TREMAINE LLP

31

1 Spotify further objects to this request on the grounds that it seeks information that would violate

2 privacy rights of third parties, confidentiality of settlement discussions or agreements, or court

3 orders restricting the disclosure of information.

4

5 REQUEST NO. 51:

6      DOCUMENTS showing, summarizing and/or describing YOUR organizational structure

7 that identify all current or former PERSONS at SPOTIFY (including directors, officers,

8 employees or contractors) who may possess knowledge relevant to this ACTION.

9 RESPONSE TO REQUEST NO. 51:

10      Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

11 objects to this request because it calls for Spotify to create documents in response to this request.

12 In responding to this request, Spotify limited its search as defined below.

13      Subject to and without waiving these specific objections and the General Objections,

14 Spotify responds: Spotify will produce documents sufficient to show the organization of its

15 Payments Group.

16

17 REQUEST NO. 52:

18      All non-privileged DOCUMENTS referred to or identified in YOUR responses to

19 Plaintiffs' First Set of Interrogatories served on YOU in this ACTION.

20 RESPONSE TO REQUEST NO. 52:

21      Spotify objects because discovery is still ongoing and it is unclear which documents will

22 be responsive to this request.

23      Subject to and without waiving these specific objections and the General Objections,

24 Spotify responds as follows: Spotify will produce non-privileged documents in its possession,

25 custody, or control responsive to this request.

26

27

28

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

1  REQUEST NO. 53:

2      All non-privileged DOCUMENTS YOU consulted in order to respond to Plaintiffs' First

3  Set of Interrogatories served on YOU in this ACTION.

4  RESPONSE TO REQUEST NO. 53:

5      Spotify objects because discovery is still ongoing and it is unclear which documents, if

6  any, will be responsive to this request. Spotify further objects to this request because it calls for

7  the production of material protected by the attorney-client privilege, the work-product doctrine,

8  the joint-defense privilege, or any other applicable privilege, doctrine, or immunity. In responding

9  to this request, Spotify limited its search as defined below.

10     Subject to and without waiving the General Objections, Spotify responds as follows:

11  Spotify will produce non-privilege documents it relied upon in responding to Plaintiffs' First Set

12  of Interrogatories.

13

14  REQUEST NO. 54:

15     All DOCUMENTS that YOU contend evidence or substantiate YOUR defenses in this

16  ACTION.

17  RESPONSE TO REQUEST NO. 54:

18     Spotify objects to this request on the grounds that the undefined term "contend" is vague

19  and ambiguous and calls for a legal conclusion. Spotify further objects because discovery is still

20  ongoing and it is unclear which documents will be responsive to this request. No documents have

21  been withheld on the basis of these objections.

22     Subject to and without waiving these specific objections and the General Objections,

23  Spotify responds as follows: Spotify will produce non-privileged documents in its possession,

24  custody, or control responsive to this request.

25

26

27

28

33

DAVIS WRIGHT TREMAINE LLP

1  REQUEST NO. 55:

2  All versions of the email YOU have sent to SUBSCRIBERS after they sign up for the

3  PREMIUM SUBSCRIPTION SERVICE through www.spotify.com and/or facebook.com since

4  June 23, 2012 confirming their subscription to and/or membership in any PREMIUM

5  SUBSCRIPTION SERVICE.

6  RESPONSE TO REQUEST NO. 55:

7  Spotify objects to this request because it seeks documents that are not relevant to the

8  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

9  evidence. In responding to this request, Spotify limited its search as defined below.

10  Subject to and without waiving the General Objections, Spotify responds as follows:

11  Spotify will produce non-privileged documentation sufficient to reflect the content of Spotify's

12  disclosures and receipts (including email receipts) relating to the following paths for purchasing a

13  Premium subscription since June 23, 2012: a customer's purchase of a 30-day free trial followed

14  by a recurring monthly charge of $9.99; a customer's purchase of a 3-months-for $0.99 trial

15  followed by a recurring monthly charge of $9.99; or a customer's purchase of a subscription at a

16  recurring monthly charge of $9.99 commencing from the date of purchase.

17

18  REQUEST NO. 56:

19  All DOCUMENTS reflecting or addressing any consideration, plan or discussion by YOU

20  to increase or otherwise change the price of any PREMIUM SUBSCRIPTION SERVICE in the

21  United States.

22  RESPONSE TO REQUEST NO. 56:

23  Spotify objects to this request because it seeks documents that are not relevant to the

24  subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible

25  evidence. Spotify further objects to this request because the term "consideration" is vague and

26  ambiguous. Spotify further objects to this request because it is vague and unlimited as to time.

27

28

DAVIS WRIGHT TREMAINE LLP

34

1  Spotify further objects to this request on the grounds that it seeks information outside the scope of

2  the relevant class period.

3

4  REQUEST NO. 57:

5      All DOCUMENTS CONCERNING "the amount of the value of the services that Plaintiffs

6  or class members received" as stated in YOUR nineteenth affirmative defense, including but not

7  limited to ALL DOCUMENTS on which YOU base or refer to in connection with any such

8  calculation or determination.

9  RESPONSE TO REQUEST NO. 57:

10     Spotify objects because discovery is still ongoing and it is unclear which documents will

11  be responsive to this request. Spotify further objects to this request on the grounds that it calls for

12  expert testimony.  In responding to this request, Spotify limited its search as defined below.

13     Subject to and without waiving the General Objections, Spotify responds as follows:

14  Spotify agrees to produce documentation sufficient to reflect the features of the Premium

15  subscription service that are not available to users of the free service.

16

17  DATED: March 2, 2017                    Respectfully submitted,

18                                          DAVIS WRIGHT TREMAINE LLP
                                            Joseph E. Addiego, III
19                                          Stephen M. Rummage
                                            Scott R. Commerson
20

21                                          By:  Scott
                                                 Scott R. Commerson
22

23                                          Attorneys for Defendant
                                            SPOTIFY USA INC.
24

25

26

27

28

35

DAVIS WRIGHT TREMAINE LLP

1 | PROOF OF SERVICE BY MAIL

2 |      I am employed in the County of Los Angeles, California, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP,
3 | 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

4 |      On March 2, 2017, I served the foregoing document(s) described as:
**RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES TO DEFENDANT**
5 | **SPOTIFY USA, INC. (SET ONE) and RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT SPOTIFY USA, INC. (SET ONE)** on the interested parties
6 | in this action as stated below:

7 |      **MILSTEIN ADELMAN JACKSON**
     **FAIRCHILD & WADE, LLP**
8 |      Gillian L. Wade
     Sara D. Avila
9 |      Marc A. Castaneda
     10250 Constellation Blvd., Suite 1400
10 |      Los Angeles, CA 90067

11 |      **LEONARD MEYER LLP**
     Derek J. Meyer
12 |      John Killacky
     5900 Wilshire Boulevard, Suite 500
13 |      Los Angeles, CA 90036

14 | ☒     (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following
15 | ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be
16 | deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion
17 | of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18 |

19 |      Executed on March 2, 2017, at Los Angeles, California.

20 | ☒     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the
21 |      office of a member of the bar of this Court at whose direction the service was made.

22 |

23 |      **Nancy Gonzalez**
     Print Name          Signature
24 |

25 |

26 |

27 |

28 |