MILSTEIN
JACKSON
FAIRCHILD
& WADE

10250 Constellation Boulevard
Fourteenth Floor
Los Angeles, CA 90067
T: (310) 396-9600 F: (310) 396-9635
www.mjfwlaw.com

July 21, 2017

**VIA ECF**
Hon. William Alsup
San Francisco Courthouse
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Ingalls, et. al. v. Spotify USA*, Case No. 3:16-cv-03533-WHA

Dear Judge Alsup:

Pursuant to this Court's July 11, 2016 Order, Plaintiff Gregory Ingalls moves to compel the production of documents/ESI by Spotify regarding one topic: his alleged usage of Spotify. Counsel for the parties unsuccessfully met and conferred on this issue yesterday (Rick Meyer and myself for Plaintiff and Scott Commerson and Joe Addiego for Spotify). Plaintiff seeks relief as set forth below.

Spotify's previous positions on the information it holds relating to Mr. Ingalls' usage of Spotify lacked transparency and, in response to Rule 34 requests, contained affirmative representations which operated to conceal the existence of the information. For example, in its Rule 26 disclosures dated September 26, 2016, Spotify addressed in Section B of the disclosures the categories of documents, electronically stored information and tangible items in its possession, custody or control that it may use to support its claims or defenses. It referenced "Billing, service and account records concerning Plaintiffs Gregory Ingalls and Tony Hong, and/or their Spotify accounts." Spotify made no reference to any usage records or "listening histories" which reflect usage. Further, counsel for Spotify stated yesterday that the information recently referenced in Mr. Whitehead's July 19, 2017 declaration was gleaned from anonymised versions of the same which Spotify contends it can somehow tie to Mr. Ingalls. These supposedly anonymous materials likewise were not referenced in Spotify's Rule 26 disclosures.

Following Spotify's Rule 26 disclosures, Plaintiffs served Rule 34 requests for production on Spotify in December 2016 and Spotify responded on March 2, 2017. In Request No. 1, Plaintiffs' requested all documents relating to Mr. Ingall's account, "including all DOCUMENTS relating to his usage of SPOTIFY." A copy of this request and Spotify's response is attached as Exhibit A. In response, Spotify asserted a few boilerplate objections and affirmatively stated that "no documents have been withheld on the basis of these objections" and "Spotify will produce non-privileged documents in its possession, custody or control responsive to this request." This was not true.

For the first time, on July 19, 2017, Spotify indicated in Mr. Whitehead's July 19, 2017 declaration [Dkt. 93] that Spotify had "located" Plaintiff Ingalls' "listening history" and referenced instances in which Mr. Ingalls allegedly used Spotify's premium and free services.

Upon receipt of Mr. Whitehead's July 19, 2017 declaration, I emailed counsel for Spotify that afternoon as follows:

> Please provide us with Mr. Ingalls' listening and usage history, as described in today's declaration by Mr. Whitehead, including but not limited to the dates and times his account purportedly streamed music, the songs streamed, etc. Although we requested this data in discovery and Spotify did not object to its production, it was not produced.
>
> We anticipate that the Court will want to discuss this in the near future, so we request that you provide it by 10:00 a.m. PST tomorrow, which will give your client many hours to pull the information, given the time difference.

Counsel for Spotify responded yesterday as follows:

> Sara: I'm writing in response to your email yesterday evening, requesting information as to Mr. Ingalls' listening history. I'm attaching a spreadsheet Spotify has created from the sources described in Mr. Whitehead's declaration, showing Mr. Ingalls' history, including the date, the Spotify track identifier, the name of the track, and the artist. The history covers the period from November 21, 2012, through July 9, 2016—the last date when Mr. Ingalls streamed on Spotify. It turns out Mr. Ingalls did not accurately recall his usage.
>
> In your email yesterday, you said this: "Although we requested this data in discovery and Spotify did not object to its production, it was not produced." We disagree. But this isn't the place to debate that point. For now, suffice it to say that in our view we properly responded to your discovery requests. This document absolutely refutes your client's testimony. The fact that it wasn't created until Judge Alsup ordered the analysis described in Mr. Whitehead's declaration almost allowed Mr. Ingalls' assertions to go unrefuted.

The spreadsheet Spotify provided yesterday spans the dates November 21, 2012 through July 9, 2016 and does not appear to reference Mr. Ingalls by name or username or the like. In the parties' subsequent meet and confer conference, counsel for Spotify explained its position that Spotify was not required to produce the information in the spreadsheet because "it was not required to create documents for purposes of litigation." They further explained that due to EU rules, Spotify is claiming it can only retain usage histories relating to a customer for the most recent 90 days at the time of a query, with the preceding history retained and anonymised by replacing an individual's personal information with a form of an anonymous identifier. But yesterday they asserted that Spotify can still identify an individual via this alleged anonymous identifier notwithstanding its purported restrictions under the EU rules and that Spotify can connect the dots in its systems to produce a user's history further back than 90 days. This is how Spotify explains it allegedly "located" Ingalls' alleged usage history, which it created for

purposes of this litigation. In other words, Spotify knew it had this information that it "located" last week the entire time this case was pending. Claiming it did not have to create documents for purposes of litigation, Spotify made the strategic choice not to produce it in any form until (1) after the parties had fully briefed Spotify's motion for summary judgment and Plaintiff's motion for class certification, and (2) the Court's July 17, 2017 summary judgment ruling. Counsel for Spotify also refused yesterday to produce all information relating to Mr. Ingalls alleged usage as requested by Plaintiff in discovery. In fact, they claim Spotify was under no obligation to produce the spreadsheet and did so only as "a courtesy" and refused to produce any other information regarding Mr. Ingalls' usage. (The 90 day history of Mr. Ingalls history they did produce had thirty-three fields. The spreadsheet from yesterday had four.)

Under these circumstances, Plaintiff requests the following relief:

1. An order requiring Spotify to produce all information it has responsive to Request No. 1 of Plaintiff's requests for production (including any summaries and in native format), including the alleged anonymised information;

2. An order requiring Spotify to comply with Paragraphs 12 and 13 of the Court's March 17, 2016 Supplemental Order to Order Setting Initial Case management Conference in Civil Cases Before Judge William Alsup for purposes of Request No. 1 in chronological fashion to show what systems/data sources were reviewed and when; and

3. An order requiring Mr. Whitehead to clarify in greater detail in another declaration the information that Spotify possesses regarding Mr. Ingalls' alleged usage, where and how it is retained and was anonymised, when Spotify knew that it could access Mr. Ingalls' alleged listening history as set forth in his declaration and the spreadsheet, specifying the location of all servers or storage mechanisms holding any Ingalls usage information, and the date Spotify first accessed Mr. Ingalls' anonymized listening history and first tied that alleged history to Mr. Ingalls in whole or in part.

Thank you. We are of course cognizant of the Court's July 20, 2017 Order and Mr. Ingalls will submit the requested declaration on July 24, 2017 as ordered. We respectfully request that the Court set a short deadline for Spotify's compliance with the Court's orders as requested above if the Court grants the requests above and propose July 25, 2017. At this time, we are gathering facts on what happened with Spotify's production and what was withheld and may seek further relief at the appropriate time.

Respectfully Submitted,

**MILSTEIN JACKSON FAIRCHILD
& WADE, LLP**

 */s/ Sara D. Avila*
Sara D. Avila

3

Gillian L. Wade
Marc A. Castaneda
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067

Derek J. Meyer
**LEONARDMEYER LLP**
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036

M. Ryan Casey
**THE CASEY LAW FIRM, LLC**
20 NE Thompson Street
Portland, OR 97212

Counsel for Plaintiff

cc: Counsel for Defendant (via ECF)

# EXHIBIT A

Joseph E. Addiego III (CA State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email:       joeaddiego@dwt.com

Stephen M. Rummage (Admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:   (206) 662-3150
Fax:         (206) 757-7700
E-mail:      steverummage@dwt.com

Scott R. Commerson (CA State Bar No. 227460)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 900017
Telephone:   (213) 633-6890
Fax:         (213) 633-4290
Email:       scottcommerson@dwt.com

Attorneys for Defendant
SPOTIFY USA INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 3:16-cv-3533 WHA<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT SPOTIFY USA, INC. (SET ONE)**<br><br>[Assigned to the Hon. William H. Alsup] |

PROPOUNDING PARTY:   GREGORY INGALLS and TONY HONG

RESPONDING PARTY:    SPOTIFY USA, INC.

SET NUMBER:          ONE

RESPONSES TO PLAINTIFFS' RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

EXHIBIT A

Defendant Spotify USA Inc. ("Defendant" or "Spotify") responds to Plaintiffs Gregory Ingalls and Tony Hong's ("Plaintiffs") First Set of Requests for Production of Documents as follows: Spotify will produce documents by March 31, 2017.

## I.   GENERAL OBJECTIONS

Spotify makes the following General Objections to Plaintiffs' Requests for Production.

1.   **Limitations on Discovery.**  This case is an action brought by two individual plaintiffs, and the Court has not certified a class.  Unless and until the Court certifies this case as a class action (which Spotify believes the Court should not do), the parties should limit discovery to issues relevant to class certification.  *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee's Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification determination"); Manual for Complex Litigation, Fourth, § 21.14 at 256 ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary.  Courts often bifurcate discovery between certification issues and those related to the merits of the allegations.").  Spotify therefore objects to the Requests because they purport to seek information not relevant either to class certification issues or to Plaintiffs' individual claims.

2.   **Relevance and Scope.**  Spotify objects to Plaintiffs' Requests because, as written, they are overbroad and unduly burdensome, seek information or documents not relevant to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.   **Proportionality.**  Spotify objects to Plaintiffs' Requests as overbroad and unduly burdensome because, as written, they would require extensive, unreasonable, expensive, and labor-intensive investigation out of proportion to Plaintiff's individual claims or the need to resolve class certification issues.  *See* Fed. R. Civ. P. 26(b)(1).

4.   **Undue Complexity.**  Spotify objects to Plaintiffs' Requests and Definitions because they seek to impose requirements that exceed the requirements for responding to Requests under Federal Rule of Civil Procedure 34.  Spotify will provide responses under the Federal Rules

1

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

**EXHIBIT A**

of Civil Procedure and the Northern District's Civil Local Rules, and objects to Plaintiff's effort to impose discovery obligations above and beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.

5. **Privilege.** Spotify objects to Plaintiffs' Requests because they seek information protected from disclosure by privileges and other protections including, without limitation, the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common law, or regulatory protection, immunity, or proscription from disclosure. The fact that Spotify does not specifically object to an individual request on the ground it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the work-product doctrine, the joint-defense and/or common-interest privilege, or other applicable privilege or protection.

6. **Third Party Privacy Rights.** Spotify objects to Plaintiffs' Requests because they seek disclosure of information that would violate the privacy rights of individuals, confidentiality agreements between Spotify and any entity or individual, the confidentiality of settlement discussions or agreements, or court orders restricting the disclosure of information.

7. **Proprietary Information and Trade Secrets.** Spotify will provide confidential or proprietary business information, trade secrets, or commercially sensitive information only upon the entry of a Protective Order.

8. **Possession, Custody, or Control.** Spotify objects to Plaintiffs' Requests because they demand information not in the possession, custody, or control of Spotify.

9. **Information in Plaintiffs' Possession or Otherwise Available.** Spotify objects to Plaintiffs' Requests because they seek information or documents already within Plaintiffs' possession, publicly available, or otherwise available to Plaintiffs from other source(s) equally convenient, less burdensome, or less expensive.

10. **Known Information and Supplementation.** Spotify's investigation into the factual background of the matters alleged in this action is ongoing and incomplete. The following

2

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

EXHIBIT A

responses and objections are based upon the facts and information now known to Spotify, as well as its present analysis of the case, and may not in any way be deemed to be an admission or representation further facts, documents, or witnesses having knowledge relevant to the subject matter of a discovery request do not exist. As discovery in this action proceeds, Spotify anticipates discovery of further facts, witnesses, and documents. Without in any way undertaking an obligation to do so, Spotify reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, in light of facts revealed through discovery and investigation, and to rely on any such information discovered after the time of these responses, at any time up to and including trial. Spotify does not undertake, and hereby disclaims, any obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure. Spotify further reserves its right to correct any responses made as a result of mistake or inadvertence, and to assert any applicable objections at any time up to and including trial. Except as expressly admitted in these responses, no facts should be taken as admitted, implied, or inferred from these responses. Further, no inference as to the existence of any responsive information or documents should be made from the assertion of any objection.

11. **Incorporation of Objections.** Spotify's objections to each individual request are submitted without prejudice to, and without in any respect limiting or waiving, any of these General Objections. These General Objections are incorporated into each response set forth below as though set forth there in full.

II. **OBJECTIONS TO SPECIFIC DEFINITIONS**

1. **You, Your, Yourself, and Defendants.** Spotify objects to Plaintiffs' Definitions of "YOU," "YOUR," "YOURSELF," "SPOTIFY" and "DEFENDANT" as vague, ambiguous, overbroad, unduly burdensome, and oppressive and because these definitions include entities or persons other than Spotify, and persons or entities not under its direct control, such as persons or entities who were previously, but no longer are, associated with Spotify. Because Spotify has no authority or control over these entities or persons, it has no obligation under the Federal Rules of Civil Procedure to search for or provide information possessed by them. Spotify further objects to

3

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

EXHIBIT A

these definitions because, by purporting to require the disclosure of information from Spotify's attorneys, the requests seek information protected from disclosure by the attorney-client privilege and the work-product doctrine.

2.   **No Adoption of Plaintiffs' Definitions.**  Spotify's responses do not in any way constitute an adoption of Plaintiffs purported definitions of words or phrases contained in the requests, or an admission of any assertions of purported fact in any of the Requests that are inaccurate or disputed by the parties.  Spotify objects to the definitions because they:  (a) are unclear, ambiguous, overly broad, or unduly burdensome; (b) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (c) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (d) incorporate other purported defined terms that suffer from such defects.

3.   **Incorporation of Objections.**  Spotify's objections to each individual request are submitted without prejudice to, and without in any respect limiting or waiving, any of these Objections to Specific Definitions.  These Objections to Specific Definitions are incorporated into each response set forth below as though set forth there in full.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST NO. 1:

All DOCUMENTS CONCERNING PLAINTIFF INGALLS, including but not limited to (a) all DOCUMENTS establishing PLAINTIFF INGALLS' account or accounts for the PREMIUM SUBSCRIPTION SERVICE, (b) all DOCUMENTS concerning, constituting, summarizing and/or describing PLAINTIFF INGALLS' account(s), including all DOCUMENTS relating his usage of SPOTIFY, (c) COMMUNICATIONS between YOU and PLAINTIFF INGALLS, and (d) all DOCUMENTS reflecting the dates and amounts of payments from PLAINTIFF INGALLS.

4

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

EXHIBIT A

RESPONSE TO REQUEST NO. 1:

Spotify objects to this request as unduly burdensome and oppressive to the extent the requested documents are equally available to Plaintiffs. Spotify further objects to this request as compound. No documents have been withheld on the basis of these objections.

Subject to and without waiving these specific objections and the General Objections, Spotify responds as follows: Spotify will produce non-privileged documents in its possession, custody, or control responsive to this request.

REQUEST NO. 2:

All DOCUMENTS CONCERNING PLAINTIFF HONG, including but not limited to (a) all DOCUMENTS establishing PLAINTIFF HONG's account or accounts for the PREMIUM SUBSCRIPTION SERVICE, (b) all DOCUMENTS concerning, constituting, summarizing and/or describing PLAINTIFF HONG's account(s), including all DOCUMENTS relating to his usage of SPOTIFY, (c) COMMUNICATIONS between YOU and PLAINTIFF HONG, and (d) all DOCUMENTS reflecting the dates and amounts of payments from PLAINTIFF HONG.

RESPONSE TO REQUEST NO. 2:

Spotify objects to this request as unduly burdensome and oppressive to the extent the requested documents are equally available to Plaintiffs. Spotify further objects to this request as compound. No documents have been withheld on the basis of these objections.

Subject to and without waiving these specific objections and the General Objections, Spotify responds as follows: Spotify will produce non-privileged documents in its possession, custody, or control responsive to this request.

REQUEST NO. 3:

All DOCUMENTS accessed by and/or reviewed by John Brophy in connection with the Declaration of John Brophy filed in this matter on or about August 22, 2016, including but not limited to, all DOCUMENTS referenced in the declaration.

5

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

EXHIBIT A

Spotify further objects to this request on the grounds that it seeks information outside the scope of the relevant class period.

REQUEST NO. 57:

All DOCUMENTS CONCERNING "the amount of the value of the services that Plaintiffs or class members received" as stated in YOUR nineteenth affirmative defense, including but not limited to ALL DOCUMENTS on which YOU base or refer to in connection with any such calculation or determination.

RESPONSE TO REQUEST NO. 57:

Spotify objects because discovery is still ongoing and it is unclear which documents will be responsive to this request. Spotify further objects to this request on the grounds that it calls for expert testimony. In responding to this request, Spotify limited its search as defined below.

Subject to and without waiving the General Objections, Spotify responds as follows: Spotify agrees to produce documentation sufficient to reflect the features of the Premium subscription service that are not available to users of the free service.

DATED: March 2, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego, III
Stephen M. Rummage
Scott R. Commerson

By: /s/ Scott R. Commerson

Scott R. Commerson

Attorneys for Defendant
SPOTIFY USA INC.

35

RESPONSES TO PLAINTIFF'S RFP TO
DEFENDANT SPOTIFY USA INC. (SET ONE)
Case No. 3:16-cv-3533 WHA
4826-5206-1249v.2 0098755-000014

EXHIBIT A

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, California, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On March 2, 2017, I served the foregoing document(s) described as: **RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES TO DEFENDANT SPOTIFY USA, INC. (SET ONE) and RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT SPOTIFY USA, INC. (SET ONE)** on the interested parties in this action as stated below:

**MILSTEIN ADELMAN JACKSON FAIRCHILD & WADE, LLP**
Gillian L. Wade
Sara D. Avila
Marc A. Castaneda
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067

**LEONARD MEYER LLP**
Derek J. Meyer
John Killacky
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036

☒ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 2, 2017, at Los Angeles, California.

☒   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Nancy Gonzalez**
Print Name                                    Signature

PROOF OF SERVICE
4810-8061-6260v.1 0098755-000014

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

EXHIBIT A