IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

SPOTIFY USA, INC., a Delaware corporation, and DOES 1–10, inclusive,

    Defendants.

No. C 16-03533 WHA

**ORDER DENYING CLASS CERTIFICATION AND VACATING EVIDENTIARY HEARING**

Following a July 13 hearing on plaintiff Gregory Ingalls' motion to certify a class, the undersigned judge ordered defendant Spotify USA, Inc. to provide the number of people who signed up for Spotify's free or reduced-price trial and were later charged for the paid service even though they never used it (Dkt. No. 91). Spotify complied and provided a declaration indicating that approximately 116,650 California users were charged at least one time for Spotify's paid service even though they had not used it (Dkt. No. 93 ¶ 9).

Spotify's response also revealed, however, that Ingalls did not fall within this group. Rather, he used Spotify Premium on 52 separate days and streamed over 1,000 songs during the three months he paid for it (*id.* ¶ 4). This was contrary to Ingalls' prior representations to the Court that he did not use Spotify Premium after his free trial ended but was charged for it nonetheless (Dkt. No. 84 at 9). Ingalls had an opportunity to reply, but in his reply did not cleanly disclaim that he used the paid service, instead equivocating that he streamed songs

during the paid period either "on Spotify's free service or with the [mistaken] understanding that [he] was streaming them on Spotify's free service" (Dkt. No. 98 ¶ 8). Evidence submitted by Spotify shows that this explanation is implausible given the differences between Spotify Premium and Spotify's free service, which would be evident to a regular user like Ingalls (*see* Dkt. No. 101).

In the event that we had a problem-free plaintiff, the undersigned judge would be inclined to certify a class of California residents who subscribed to a free trial, thereafter did not use the service, but were nevertheless charged for it. This is the clearest-cut group that was likely misled to their detriment due to alleged violations of the Automatic Renewal Law.

The proposed class representative, however, is not problem-free. Contrary to representations made to the Court (Dkt. No. 84 at 9), it is now evident that Ingalls not only used Spotify Premium during the free trial, but also continued to use it thereafter. It is highly likely that he is not a member of the class the Court would be inclined to certify, and he is unable to contend cleanly that he is.

Ingalls' motion for class certification is **DENIED**. The evidentiary hearing set for August 1 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2