MILSTEIN
JACKSON
FAIRCHILD
& WADE

10250 Constellation Boulevard
Fourteenth Floor
Los Angeles, CA 90067
T: (310) 396-9600 F: (310) 396-9635
www.mjfwlaw.com

September 7, 2017

**VIA ECF**

Hon. William Alsup
San Francisco Courthouse
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Ingalls, et. al. v. Spotify USA*, Case No. 3:16-cv-03533-WHA**

Dear Judge Alsup:

Pursuant to this Court's July 11, 2016 Order, Plaintiff Gregory Ingalls moves to compel Spotify USA to withdraw its objections based on the denial of class certification and supplement its responses to Interrogatory No. 22 and Requests for Production Nos. 77 and 86. Counsel for the parties unsuccessfully met and conferred on these issues (myself and Andrew Whitman for Plaintiff and Scott Commerson and Diana Palacios for Spotify).[1] Accordingly, Plaintiff seeks relief as set forth below.

**1.     Spotify Should Identify Putative Class Members.**

Following extensive motion practice and a hearing, the Court ultimately denied Plaintiff's motion for class certification, stating in pertinent part: "[i]n the event that we had a problem-free plaintiff, the undersigned judge would be inclined to certify a class of California residents who subscribed to a free trial, thereafter did not use the service, but were nevertheless charged for it." D.E. 102. Spotify estimated that this class of individuals consisted of approximately 116,650 users. D.E. 93. Plaintiff subsequently propounded additional discovery, including Interrogatory No. 22 and Request for Production No. 77.[2]

Interrogatory ("Rog") 22 asks Spotify to identify the 116,650 Spotify users who are in the Class the Court was inclined to certify. Ex. 1 at pp. 5. Request for Production ("RFPD") No. 77

---

[1] There were, however, several open issues the parties worked diligently to resolve through the meet and confer process. Spotify has agreed to supplement its responses and produce additional documents by September 22. Although Plaintiff is hopeful there will be no remaining issues, should Spotify's subsequent production remain deficient Plaintiff reserves his right bring such matters to the Court's attention.

[2] Spotify's response to Plaintiff's Second Set of Interrogatories (Set Two) is attached hereto as Exhibit 1 and its response to Plaintiff's Second Set of Requests for Production (Set Two) is attached hereto as Exhibit 2.

similarly asks the Court to produce documents sufficient to show the following categories of information for each user in that class:

    a.  the name, username, email address, mailing address of the user;
    b.  the name of the SPOTIFY PREMIUM promotional trial the user signed up for;
    c.  the date that the user signed up for the SPOTIFY PREMIUM promotional trial;
    d.  the dates that the user was automatically renewed for SPOTIFY PREMIUM;
    e.  the date that the user cancelled his or her SPOTIFY PREMIUM subscription; and,
    f.  the method of payment the user used to pay for SPOTIFY PREMIUM.

Ex. 2 at pp. 13.

Spotify refuses to produce documents responsive to Rog. 77 and RFPD 84 (and also limits its responses to other RFPDs) on grounds (1) the Court denied class certification (2) searching for such documents is not proportional to Mr. Ingalls' individual claims; and (3) the requests violate third parties' privacy rights. These objections are baseless.

First, Spotify should be compelled to withdraw these objections and produce responsive documents so Plaintiff may have the information necessary to seek leave to file an amended motion for class certification with a new class representative. *See, e.g., Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (holding discovery is likely warranted where it will help resolve factual issues necessary for the determination of whether the action may be maintained as a class action); *Bendon v. DTG Operations, Inc.,* No. ED CV 16-0861 (AGRx), 2016 U.S. Dist. LEXIS 105681, at *2 (C.D. Cal. Aug. 4, 2016) ("contact information concerning the identity of potential class members is generally discoverable") (collecting cases). Indeed, Your Honor stated a class could be certified but for problems with Mr. Ingalls, and also stated during the hearing that Spotify's auto-renew disclosures seem to violate California law.[3] Thus, it is our duty to take every reasonable step to protect the rights of persons who were harmed by such unlawful conduct.

Second, Spotify's objection that Rog. 77 and RFPD 85 "[appear] to seek information that would intrude upon third-party privacy rights" is inapplicable, given that Spotify's own Privacy Policy states "Your name and/or username, profile picture, who you follow, who follows you, and your Spotify user profile will always be publicly available. https://www.spotify.com/us/legal/privacy-policy/#s5 at ¶ 4. Spotify also shares users' information for marketing and advertising-related purposes with "advertising partners." *Id.* at ¶ 5.2. Moreover, the parties have a protective order in place such that the information can (and should) be designated "confidential" and will not be publicly disclosed.

Third, Spotify's additional argument that retrieving the identifying information would be "extensive and unreasonable" should be rejected. It is likely Spotify has already gathered this

---

[3] *See* July 13, 2017 transcript for motion for class certification and motion for summary judgment hearing at 6:7-10 ("I think there were violations. I don't see how you can say the statute wasn't violated").

information in order to calculate the class size and otherwise respond to the Court's requests for related information during the motion for class certification briefing.

Accordingly, Plaintiff respectfully requests that the Court order Spotify to withdraw all objections based on the denial of class certification, produce any documents and information it was withholding on any such objections (including Rog 77 and RFPD 85).

## 2.    Spotify Should Produce Communications Regarding Spotify Charges.

Plaintiff also asked Spotify to produce its communications with users regarding "why the user is being charged every month." RFPD 86. During the meet and confer process Plaintiff agreed Spotify need not produce public postings on the "Spotify Community" webpage. Spotify, however, refuses to produce any additional communications, such as email correspondence with users confused about why they were being charged for Spotify. Spotify's argues that previously-produced "check box" data from a questionnaire sent to individuals canceling Spotify Premium should be sufficient to reflect consumers' communications on these issues. But the collection of this data was sporadic and did not include an option for individuals to select "I did not know I was signing up for Spotify Premium" or anything similar.

These documents are also relevant to Plaintiff Ingalls' individual case because Spotify argued Plaintiff knew or should have known that he had access to Spotify Premium. Evidence regarding why consumers were confused about being charged for Spotify (presumably because Spotify's auto-renew disclosures were inadequate) and how Spotify handled those inquiries is also necessary for Plaintiff and the Court in fashioning the appropriate injunctive relief under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. § 17203. Accordingly, Spotify should be compelled to produce documents responsive to RFPD 86.

***

Plaintiff respectfully requests that the Court order Spotify to (1) withdraw its objections based on the denial of class certification and supplement its responses accordingly; (2) respond to Interrogatory No. 22; and, (3) produce documents responsive to RFPDs 77 and 86. Thank you.

Respectfully Submitted,

**MILSTEIN JACKSON FAIRCHILD
& WADE, LLP**

 _/s/ Sara D. Avila_
Sara D. Avila
Gillian L. Wade
Marc A. Castaneda
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067

Derek J. Meyer
**LEONARDMEYER LLP**
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036

M. Ryan Casey
**THE CASEY LAW FIRM, LLC**
20 NE Thompson Street
Portland, OR 97212

Counsel for Plaintiff

cc: Counsel for Defendant (via ECF)