Joseph E. Addiego III (CA State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        joeaddiego@dwt.com

Stephen M. Rummage (Admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:    (206) 662-3150
Fax:          (206) 757-7700
E-mail:       steverummage@dwt.com

Scott R. Commerson (CA State Bar No. 227460)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 900017
Telephone:    (213) 633-6890
Fax:          (213) 633-4290
Email:        scottcommerson@dwt.com

Attorneys for Defendant
SPOTIFY USA INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 3:16-cv-3533 WHA<br><br>**RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT SPOTIFY USA, INC. (SET TWO)**<br><br>[Assigned to the Hon. William H. Alsup] |

PROPOUNDING PARTY:    GREGORY INGALLS and TONY HONG

RESPONDING PARTY:     SPOTIFY USA, INC.

SET NUMBER:           TWO

EXHIBIT 1

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

Defendant Spotify USA Inc. ("Defendant") responds to Plaintiff Gregory Ingalls ("Plaintiff" or "Mr. Ingalls") Second Set of Special Interrogatories as follows:

## I.    GENERAL OBJECTIONS

Spotify makes the following General Objections to Plaintiff's Interrogatories.

1.    **Limitations on Discovery.** The Court has denied class certification, and this case in now being prosecuted by one individual plaintiff. Spotify therefore objects to any Requests seeking information not relating to Plaintiff's individual claims.

2.    **Relevance and Scope.** Spotify objects to Plaintiff's Interrogatories because, as written, they are overbroad and unduly burdensome, seek information or documents not relevant to the subject matter of this action.

3.    **Proportionality.** Spotify objects to Plaintiff's Interrogatories as overbroad and unduly burdensome because, as written, they would require extensive, unreasonable, expensive, and labor-intensive investigation out of proportion to Plaintiff's individual claims. *See* Fed. R. Civ. P. 26(b)(1).

4.    **Third Party Privacy Rights.** Spotify objects to Plaintiff's Interrogatories because they seek disclosure of information that would violate the privacy rights of individuals, confidentiality agreements between Spotify and any entity or individual, the confidentiality of settlement discussions or agreements, or court orders restricting the disclosure of information.

5.    **Known Information and Supplementation.** Spotify's investigation into the factual background of the matters alleged in this action is ongoing and incomplete. The following responses and objections are based upon the facts and information now known to Spotify, as well as its present analysis of the case, and may not in any way be deemed to be an admission or representation further facts, documents, or witnesses having knowledge relevant to the subject matter of a discovery request do not exist. As discovery in this action proceeds, Spotify anticipates discovery of further facts, witnesses, and documents. Without in any way undertaking an obligation to do so, Spotify reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, in light of facts revealed through discovery and investigation, and to rely on any such information discovered after the time of these responses, at

1

**EXHIBIT 1**

1   any time up to and including trial.  Spotify does not undertake, and hereby disclaims, any

2   obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure.

3   Spotify further reserves its right to correct any responses made as a result of mistake or

4   inadvertence, and to assert any applicable objections at any time up to and including trial.  Except

5   as expressly admitted in these responses, no facts should be taken as admitted, implied, or inferred

6   from these responses.  Further, no inference as to the existence of any responsive information or

7   documents should be made from the assertion of any objection.

8       6.      **Incorporation of Objections.**  Spotify's objections to each individual

9   interrogatory are submitted without prejudice to, and without in any respect limiting or waiving,

10  any of these General Objections.  These General Objections are incorporated into each response

11  set forth below as though set forth there in full.

12              **II.      OBJECTIONS TO SPECIFIC DEFINITIONS**

13      1.      **You, Your, Yourself, and Defendants.**  Spotify objects to Plaintiff's Definitions

14  of "YOU," "YOUR," "YOURSELF," "SPOTIFY" and "DEFENDANT" as vague, ambiguous,

15  overbroad, unduly burdensome, and oppressive and because these definitions include entities or

16  persons other than Spotify, and persons or entities not under its direct control, such as persons or

17  entities who were previously, but no longer are, associated with Spotify.  Because Spotify has no

18  authority or control over these entities or persons, it has no obligation under the Federal Rules of

19  Civil Procedure to search for or provide information possessed by them.  Spotify further objects to

20  these definitions because, by purporting to require the disclosure of information from Spotify's

21  attorneys, the interrogatories seek information protected from disclosure by the attorney-client

22  privilege and the work-product doctrine.

23      2.      **No Adoption of Plaintiff's Definitions.**  Spotify's responses do not in any way

24  constitute an adoption of Plaintiff's purported definitions of words or phrases contained in the

25  requests, or an admission of any assertions of purported fact in any of the Interrogatories that are

26  inaccurate or disputed by the parties.  Spotify objects to the definitions because they:  (a) are

27  unclear, ambiguous, overly broad, or unduly burdensome; (b) are inconsistent with the ordinary

28  and customary meaning of the words or phrases they purport to define; (c) include assertions of

DAVIS WRIGHT TREMAINE LLP

2

RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET TWO)
Case No. 3:16-cv-3533 WHA
4841-8127-8273v.6 0098755-000014

**EXHIBIT 1**

DAVIS WRIGHT TREMAINE LLP

1  purported fact that are inaccurate or disputed by the parties to this action; and/or (d) incorporate

2  other purported defined terms that suffer from such defects.

3         3.    **Incorporation of Objections.**  Spotify's objections to each individual

4  interrogatory are submitted without prejudice to, and without in any respect limiting or waiving,

5  any of these Objections to Specific Definitions.  These Objections to Specific Definitions are

6  incorporated into each response set forth below as though set forth there in full.

7  **III.    SPECIFIC OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES**

8  <u>INTERROGATORY NO. 18:</u>

9        For each Request for Production propounded on you by PLAINTIFF, if it is

10  DEFENDANT'S contention that documents do not exist, state whether or not DEFENDANT has

11  the ability to generate such documents or responsive information.

12  <u>RESPONSE TO INTERROGATORY NO. 18:</u>

13        Spotify incorporates its objections made in response to Plaintiff's Requests for Production.

14  Spotify further objects to the extent the Requests for Production call for class information because

15  the Court has denied class certification.  Spotify further objects to this interrogatory as compound.

16  <u>INTERROGATORY NO. 19:</u>

17        Is DEFENDANT'S response to each Request for Admission served with these

18  Interrogatories an unqualified admission?  If not, for each response that is not an unqualified

19  admission:

20        a.    state the number of the Request;

21        b.    state all facts upon which you based your response;

22        c.    state the names, addresses, and telephone numbers of all persons who have

23  knowledge of those facts; and,

24        d.    identify all DOCUMENTS that support DEFENDANT'S response and state the

25  name, address, and telephone number of the person who has each DOCUMENT.

26  <u>RESPONSE TO INTERROGATORY NO. 19:</u>

27        Spotify incorporates its objections made in response to Plaintiff's Requests for Admission.

28  Spotify further objects to providing the requested information with respect to any Request for

3

RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET TWO)
Case No. 3:16-cv-3533 WHA
4841-8127-8273v.6 0098755-000014

**EXHIBIT 1**

1    Admission seeking an admission as to absent class members, now that the Court has denied class

2    certification, leaving only Mr. Ingalls' individual claims at issue. Spotify further objects to this

3    interrogatory as compound and comprising a distinct Interrogatory as to each denial, thereby

4    causing Plaintiff to substantially exceed the 25 Interrogatory limit established by Fed. R. Civ. P.

5    33(a)(1). Finally, the interrogatory seeks to impose an undue burden out of proportion to

6    Mr. Ingalls' claim for $29.97, especially since the bases for Spotify's denials are evident from

7    documents already produced and testimony provided by Spotify employees and Mr. Ingalls.

8    Subject to, and without waiving these objections, Spotify is willing to meet and confer with

9    Plaintiffs' counsel to clarify any particular denial that Plaintiff finds confusing or unclear.

10   <u>INTERROGATORY NO. 20:</u>

11       Please state all information or data fields which DEFENDANT retains regarding the usage

12   of Spotify by its U.S. customers.

13   <u>RESPONSE TO INTERROGATORY NO. 20:</u>

14       Spotify objects because the Court has denied class certification, making only Mr. Ingalls'

15   usage data relevant. Spotify further objects to this interrogatory as overbroad because it calls for

16   information regarding all Spotify users in the United States, when even the putative class (which

17   the Court declined to certify) encompassed only California users. Finally, Spotify objects because

18   this interrogatory seeks information that is not relevant to any claim or defense of Mr. Ingalls and

19   is disproportionate to the needs of the case.

20       Without waiving these objections, pursuant to Fed. R. Civ. P. 33(c), Spotify identifies

21   SPTFY-Ingalls-035704-036698.

22   <u>INTERROGATORY NO. 21:</u>

23       State the number of individuals who, since June 23, 2012, signed up for Spotify Premium

24   on spotify.com through either a '3 months for a reduced price' or '30-day free trial' offer, selected

25   a credit or debit card payment method, and whose credit or debit card was subsequently charged

26   $9.99 at least twice after the expiration of the offer term, who subsequently cancelled their

27   subscription.

28

DAVIS WRIGHT TREMAINE LLP

**EXHIBIT 1**

1   RESPONSE TO INTERROGATORY NO. 21:

2          Spotify objects to this interrogatory because the Court has denied Plaintiff's Motion for

3   Class Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

4   Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

5   objects to this interrogatory as overbroad and unduly burdensome because it requires extensive

6   and unreasonable investigation not proportional to Mr. Ingalls' individual claims.  Finally, Spotify

7   objects to this interrogatory because it calls for information regarding all Spotify users in the

8   United States, when even the putative class (which the Court declined to certify) encompassed

9   only California users.

10  INTERROGATORY NO. 22:

11         Please IDENTIFY each of the 116,650 California users referred to in Paragraph 9 of the

12  Declaration of James Whitehead filed in this action on July 19, 2017 (D.E. 93).

13  RESPONSE TO INTERROGATORY NO. 22:

14         Spotify objects to this interrogatory because the Court has denied Plaintiff's Motion for

15  Class Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

16  Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

17  objects to this interrogatory as overbroad and unduly burdensome because it requires extensive

18  and unreasonable investigation not proportional or relevant to Mr. Ingalls' individual claims.

19  Finally, Spotify objects to this interrogatory because it calls for information that intrudes upon

20  third parties' personal privacy rights despite the absence of any relevance to Mr. Ingalls'

21  individual claims.

22  INTERROGATORY NO. 23:

23         Please IDENTIFY all features that have been available on Spotify Premium service since

24  June 23, 2012 that are not available on Spotify's free [sic].  Please include the date(s) each feature

25  was launched and terminated.

26  RESPONSE TO INTERROGATORY NO. 23:

27         Spotify objects to this interrogatory because the Court has denied Plaintiff's Motion for

28  Class Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

DAVIS WRIGHT TREMAINE LLP

5

EXHIBIT 1

1   Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

2   objects to this interrogatory on the grounds that it seeks information outside the scope of the

3   relevant period for Mr. Ingalls' individual claim.  Spotify further objects because this interrogatory

4   is not relevant to any claim or defense and is disproportionate to the needs of the case.

5          Subject to and without waiving the General Objections, Spotify responds as follows: As of

6   June 8, 2013 (when Mr. Ingalls signed up for the Premium service) and continuing through the

7   present, the following features have been available on Spotify Premium, and not available on

8   Spotify's free service: advertisement-free, uninterrupted listening; the ability to select and listen to

9   any track or album on a mobile device; the ability to skip an unlimited number of songs on a

10  mobile device; and the ability to download songs and listen to them offline.

11  INTERROGATORY NO. 24:

12         Since June 23, 2012, has DEFENDANT made any changes to Spotify Premium's

13  "payment information" webpage in the Spotify Premium registration process containing the auto-

14  renewal disclosure on Spotify.com?  If the answer to this question is yes, IDENTIFY each change,

15  when it was made, who decided to make the change and why the change was made.

16  RESPONSE TO INTERROGATORY NO. 24:

17         Spotify objects to this interrogatory because it seeks information that is not relevant to the

18  subject matter of this litigation.  Spotify further objects to this interrogatory because it calls for the

19  production of material protected by the attorney-client privilege, the work-product doctrine, or any

20  other applicable privilege, doctrine, or immunity.  Spotify further objects on the ground that the

21  page as it existed on June 8, 2013 is the only version relevant to Mr. Ingalls' individual claim for

22  damages, and Spotify's current page is the only version relevant to Mr. Ingalls' claim for

23  injunctive relief.  Differences between those pages, if any, can easily be ascertained by Plaintiff

24  and his counsel.  In any event, Spotify already produced documents showing changes to its

25  payment flows over time, which Plaintiff attached as Exhibit G to his Motion for Class

26  Certification, as well as a 30(b)(6) witness was made available to testify to those changes.

27

28

RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET TWO)
Case No. 3:16-cv-3533 WHA
4841-8127-8273v.6 0098755-000014

**EXHIBIT 1**

DAVIS WRIGHT TREMAINE LLP

1  INTERROGATORY NO. 25:

2      State all facts supporting DEFENDANT'S contention Mr. Ingalls is prohibited from trying

3  a Spotify Premium promotional trial in the future.

4  RESPONSE TO INTERROGATORY NO. 25:

5      The 30-day Free Trial Terms and Conditions that Mr. Ingalls accepted when he subscribed

6  to the Premium service on or about June 8, 2013 provided that "You may only use this Free Trial

7  Offer once." *See* Decl. of Scott R. Commerson, Dkt. # 80-2, Exh. 6 (INGALLS00008).  In

8  addition, Spotify's Terms and Conditions effective as of December 8, 2012, June 20, 2013, March

9  5, 2014, and September 9, 2015, each provided: "Spotify reserves the right, in its absolute

10  discretion, to determine your eligibility for a Trial, and to withdraw or to modify a Trial at any

11  time without prior notice and with no liability."  SPTFY-Inglls-000050-70, SPTFY-Inglls-000095-

12  119.   Similarly, the Terms and Conditions effective as of September 9, 2015, provide: "Spotify

13  reserves the right, in its absolute discretion, to determine your eligibility for a Trial, and, subject to

14  applicable laws, to withdraw or to modify a Trial at any time without prior notice and with no

15  liability, to the greatest extent permitted under law."  Finally, the landing page for Spotify's

16  Premium offer currently states: "Terms and conditions apply.  Open only to users who haven't

17  already tried Premium."

18              **IV.    RESPONSE TO SUPPLEMENTAL INTERROGATORY**

19  SUPPLEMENTAL INTERROGATORY:

20      As part of SPOTIFY'S continuing obligation under Fed. R. Civ. P. Rule 26(e), please

21  review all previous Interrogatories propounded by PLAINTIFF on SPOTIFY in this action and

22  SPOTIFY'S responses thereto and supplement SPOTIFY'S responses with any additional, non-

23  privileged information and answers that are now in SPOTIFY'S possession, custody, or control

24  and have not been previously disclosed by SPOTIFY.

25  RESPONSE TO SUPPLEMENTAL INTERROGATORY:

26      Spotify incorporates any previous objection to Plaintiff's Interrogatories.  Spotify further

27  objects to the request to supplement responses to any interrogatories relating to class discovery

28  because the Court denied class certification.

DAVIS WRIGHT TREMAINE LLP

1    Subject to and without waiving the General Objections, Spotify responds as follows:

2    Spotify will supplement its responses regarding Mr. Ingalls' claims (as distinct from responses

3    dealing with class certification issues) with any additional, non-privileged information and

4    answers that are now in its possession, custody, or control and have not been previously made

5    known in the discovery process or in writing.

6    DATED: August 31, 2017                    Respectfully submitted,

7                                               DAVIS WRIGHT TREMAINE LLP
                                                Joseph E. Addiego, III
8                                               Stephen M. Rummage
                                                Scott R. Commerson
9

10                                              By:    /s/ Scott R. Commerson
                                                       Scott R. Commerson
11

12                                              Attorneys for Defendant
                                                SPOTIFY USA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

8

RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET TWO)
Case No. 3:16-cv-3533 WHA
4841-8127-8273v.6 0098755-000014

EXHIBIT 1

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, California, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On August 31, 2017, I served the foregoing document(s) described as: **RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT SPOTIFY USA, INC. (SET TWO)** on the interested parties in this action as stated below:

**MILSTEIN ADELMAN JACKSON
FAIRCHILD & WADE, LLP**
Gillian L. Wade
Email: gwade@majfw.com
Sara D. Avila
Email: savila@majfw.com
Marc A. Castaneda
Email: mcastaneda@majfw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067

**LEONARD MEYER LLP**
Derek J. Meyer
Email: rmeyer@leonardmeyerllp.com
John Killacky
Email: jkillacky@leonardmeyerllp.com
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036

☒ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 31, 2017, at Los Angeles, California.

☒ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Nancy Gonzalez**
Print Name

_Nancy Gonzalez_ Signature

EXHIBIT