1   Joseph E. Addiego III (CA State Bar No. 169522)
    DAVIS WRIGHT TREMAINE LLP
2   505 Montgomery Street, Suite 800
    San Francisco, California 94111
3   Telephone:     (415) 276-6500
    Facsimile:     (415) 276-6599
4   Email:        joeaddiego@dwt.com

5   Stephen M. Rummage (Admitted *pro hac vice*)
    DAVIS WRIGHT TREMAINE LLP
6   1201 Third Avenue, Suite 2200
    Seattle, Washington 98101-3045
7   Telephone:     (206) 662-3150
    Fax:          (206) 757-7700
8   E-mail:       steverummage@dwt.com

9   Scott R. Commerson (CA State Bar No. 227460)
    DAVIS WRIGHT TREMAINE LLP
10   865 S. Figueroa St., Suite 2400
    Los Angeles, California 900017
11   Telephone:     (213) 633-6890
    Fax:          (213) 633-4290
12   Email:        scottcommerson@dwt.com

13   Attorneys for Defendant
    SPOTIFY USA INC.

14

15           IN THE UNITED STATES DISTRICT COURT

16           THE NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| GREGORY INGALLS and TONY HONG, individually and on behalf of all others similarly situated, | Case No. 3:16-cv-3533 WHA |
| | **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO) AND SUPPLEMENTAL REQUEST FOR PRODUCTION** |
| Plaintiffs, | |
| v. | [Assigned to the Hon. William H. Alsup] |
| SPOTIFY USA, INC., a Delaware corporation; and DOES 1 – 10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:    Plaintiff GREGORY INGALLS

RESPONDING PARTY:     Defendant SPOTIFY USA, INC.

SET NUMBER:            TWO

**EXHIBIT 2**

Defendant Spotify USA Inc. ("Defendant" or "Spotify") responds to Plaintiff Gregory

Ingalls ("Plaintiff" or "Mr. Ingalls") Second Set of Requests for Production of Documents as

follows: Spotify will produce documents by September 14, 2017.

## I.      GENERAL OBJECTIONS

Spotify makes the following General Objections to Plaintiff's Requests for Production.

1.      **Limitations on Discovery.** The Court has denied class certification, and this case

in now being prosecuted by one individual plaintiff.  Spotify therefore objects to any Requests

seeking information not relating to Plaintiff's individual claims.

2.  **Relevance and Scope.**  Spotify objects to Plaintiff's Requests because, as written,

they seek information or documents not relevant to the subject matter of this action.

3.      **Privilege.**  Spotify objects to Plaintiff's Requests because they seek information

protected from disclosure by privileges and other protections including, without limitation, the

attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or

any other constitutional, statutory, common law, or regulatory protection, immunity, or

proscription from disclosure.  The fact that Spotify does not specifically object to an individual

request on the ground it seeks such privileged or protected information or documents shall not be

deemed a waiver of the protection afforded by the attorney-client privilege, the work-product

doctrine, the joint-defense and/or common-interest privilege, or other applicable privilege or

protection.

4.      **Third Party Privacy Rights.**  Spotify objects to Plaintiff's Requests to the extent

they seek disclosure of information that would violate the privacy rights of individuals,

confidentiality agreements between Spotify and any entity or individual, the confidentiality of

settlement discussions or agreements, or court orders restricting the disclosure of information.

5.      **Information in Plaintiff's Possession or Otherwise Available.**  Spotify objects to

Plaintiff's Requests because they seek information or documents already within Plaintiff's

possession, publicly available, or otherwise available to Plaintiff from other source(s) equally

convenient, less burdensome, or less expensive.

*DAVIS WRIGHT TREMAINE LLP*

**EXHIBIT 2**

6. **Known Information and Supplementation.** Spotify's investigation into the factual background of the matters alleged in this action is ongoing and incomplete. The following responses and objections are based upon the facts and information now known to Spotify, as well as its present analysis of the case, and may not in any way be deemed to be an admission or representation further facts, documents, or witnesses having knowledge relevant to the subject matter of a discovery request do not exist. As discovery in this action proceeds, Spotify anticipates discovery of further facts, witnesses, and documents. Without in any way undertaking an obligation to do so, Spotify reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, in light of facts revealed through discovery and investigation, and to rely on any such information discovered after the time of these responses, at any time up to and including trial. Spotify does not undertake, and hereby disclaims, any obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure. Spotify further reserves its right to correct any responses made as a result of mistake or inadvertence, and to assert any applicable objections at any time up to and including trial. Except as expressly admitted in these responses, no facts should be taken as admitted, implied, or inferred from these responses. Further, no inference as to the existence of any responsive information or documents should be made from the assertion of any objection.

7. **Incorporation of Objections.** Spotify's objections to each individual request are submitted without prejudice to, and without in any respect limiting or waiving, any of these General Objections. These General Objections are incorporated into each response set forth below as though set forth there in full.

## II.    OBJECTIONS TO SPECIFIC DEFINITIONS

1. **You, Your, Yourself, and Defendants.** Spotify objects to Plaintiff's Definitions of "YOU," "YOUR," "YOURSELF," "SPOTIFY" and "DEFENDANT" as vague, ambiguous, overbroad, unduly burdensome, and oppressive and because these definitions include entities or persons other than Spotify, and persons or entities not under its direct control, such as persons or entities who were previously, but no longer are, associated with Spotify. Because Spotify has no authority or control over these entities or persons, it has no obligation under the Federal Rules of

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

1    Civil Procedure to search for or provide information possessed by them.  Spotify further objects to

2    these definitions because, by purporting to require the disclosure of information from Spotify's

3    attorneys, the requests seek information protected from disclosure by the attorney-client privilege

4    and the work-product doctrine.

5         2.    **No Adoption of Plaintiff's Definitions.**  Spotify's responses do not in any way

6    constitute an adoption of Plaintiff purported definitions of words or phrases contained in the

7    requests, or an admission of any assertions of purported fact in any of the Requests that are

8    inaccurate or disputed by the parties.  Spotify objects to the definitions because they:  (a) are

9    unclear, ambiguous, overly broad, or unduly burdensome; (b) are inconsistent with the ordinary

10   and customary meaning of the words or phrases they purport to define; (c) include assertions of

11   purported fact that are inaccurate or disputed by the parties to this action; and/or (d) incorporate

12   other purported defined terms that suffer from such defects.

13                        **III.    SPECIFIC OBJECTIONS AND**

14                    **RESPONSES TO REQUESTS FOR PRODUCTION**

15   REQUEST FOR PRODUCTION NO. 58:

16        All DOCUMENTS referenced in or relied upon by DEFENDANT in DEFENDANT'S

17   responses to all interrogatories propounded on DEFENDANT by PLAINTIFF, including YOUR

18   April 29, 2017 First Amended and Supplemental Interrogatories, and YOUR responses to

19   PLAINTIFF'S second set of interrogatories.

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

21        Spotify objects to this request to the extent the Interrogatories referenced relate to class

22   discovery because the Court has denied Plaintiff's Motion for class certification, and his

23   subsequent Motion for Leave to Amend to certify a newly defined class.  Spotify further objects to

24   this request as overbroad and unduly burdensome because it requires extensive and unreasonable

25   investigation not proportional to Mr. Ingalls' individual claims.  Spotify further objects to this

26   request because it calls for the production of material protected by the attorney-client privilege, the

27   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Spotify further

28   objects to the extent this request calls for information already produced.

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

DAVIS WRIGHT TREMAINE LLP

1   Subject to and without waiving the General Objections, and to the extent not previously

2   produced, Spotify will produce non-privileged documents it referenced or relied upon in

3   responding to the First Set of Interrogatories and Second Set of Interrogatories relating to Mr.

4   Ingalls' individual claims.

5   REQUEST FOR PRODUCTION NO. 59:

6   All DOCUMENTS referenced in or relied upon by DEFENDANT in DEFENDANT'S

7   responses to all Requests for Admissions propounded on DEFENDANT by PLAINTIFF and

8   YOUR responses to PLAINTIFF'S Requests for Admissions.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

10   Spotify objects to this request to the extent the Requests for Admissions referenced relate

11   to class discovery because the Court has denied Plaintiff's Motion for class certification, and his

12   subsequent Motion for Leave to Amend to certify a newly defined class.  Spotify further objects to

13   this request as overbroad and unduly burdensome because it requires extensive and unreasonable

14   investigation not proportional to Mr. Ingalls' individual claims.  Spotify further objects to this

15   request because it calls for the production of material protected by the attorney-client privilege, the

16   work-product doctrine, or any other applicable privilege, doctrine, or immunity.  Spotify further

17   objects to the extent this request calls for information already produced.  Spotify further objects to

18   this interrogatory because it is disproportionate to the needs of the case.

19   Subject to and without waiving the General Objections, and to the extent not previously

20   produced, Spotify will produce any non-privileged documents it referenced or relied upon in

21   responding to Plaintiff's Requests for Admissions that relate to Mr. Ingalls' individual claims.

22   REQUEST FOR PRODUCTION NO. 60:

23   All DOCUMENTS constituting, describing, discussing, explaining or otherwise sufficient

24   to show the content of DEFENDANT'S ESI and DOCUMENT retention and destruction policies

25   in effect since June 23, 2012, including but not limited to DEFENDANT'S data retention policy,

26   document retention policy, legal hold policy and records management policy.

27

28

*DAVIS WRIGHT TREMAINE LLP*

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

DAVIS WRIGHT TREMAINE LLP

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

2      Spotify objects to this request because it seeks documents that are not relevant to the

3  subject matter of this litigation.  Spotify further objects to this request because it calls for the

4  production of material protected by the attorney-client privilege, the work-product doctrine, or any

5  other applicable privilege, doctrine, or immunity.  Spotify further objects to this request as

6  overbroad and unduly burdensome because it requires extensive and unreasonable investigation

7  not proportional to Mr. Ingalls' individual claims.

8      Subject to and without waiving the General Objections, Spotify responds that it will

9  produce its Anonymization and Retention Guidelines.

10 REQUEST FOR PRODUCTION NO. 61:

11      All DOCUMENTS constituting, describing, discussing, explaining or otherwise sufficient

12 to show non-privileged statements that SPOTIFY has made to its employees, the press, investors

13 or third parties regarding the automatic renewal policy for SPOTIFY PREMIUM.

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

15      Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

16 Spotify further objects to this request because the Court has denied Plaintiff's Motion for Class

17 Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

18 Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

19 objects to this request as overbroad and unduly burdensome because it requires extensive and

20 unreasonable investigation not proportional to Mr. Ingalls' individual claims.  Spotify further

21 objects because this request calls for documents Spotify has already produced regarding its good

22 faith adoption of its automatic renewal policies and disclosures.  Finally, Spotify objects because

23 the request, to the extent it seeks documents not already produced, seeks material that is not

24 relevant to any claim or defense of Mr. Ingalls, and would require effort and expenditure

25 disproportionate to the needs of the case.

26

27

28

5

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

1    REQUEST FOR PRODUCTION NO. 62:

2           All DOCUMENTS constituting, describing, discussing, explaining or otherwise sufficient

3    to show non-privileged statements that SPOTIFY has made to its employees, the press, investors

4    or third parties regarding retention and conversion rates for SPOTIFY PREMIUM.

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

6           Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

7    Spotify further objects because the request is not relevant to any claims or defenses.  Spotify

8    further objects to this request because the Court has denied Plaintiff's Motion for Class

9    Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

10   Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

11   objects to this request as overbroad and unduly burdensome because it requires extensive and

12   unreasonable investigation not proportional to Mr. Ingalls' individual claims.  Spotify further

13   objects because this request calls for documents Spotify has already produced regarding its good

14   faith adoption of its automatic renewal policies and disclosures.  Finally, Spotify objects because

15   the request, to the extent it seeks documents not already produced, seeks material that is not

16   relevant to any claim or defense of Mr. Ingalls, and would require effort and expenditure

17   disproportionate to the needs of the case.

18   REQUEST FOR PRODUCTION NO. 63:

19          All DOCUMENTS constituting, describing, discussing, explaining or otherwise sufficient

20   to show any and all data and/or analytics regarding retention and conversion rates for SPOTIFY

21   PREMIUM in SPOTIFY'S possession, custody or control, including any and all documents

22   describing or demonstrating user behavior, customer feedback and Key Performance Indicator

23   (KPI) for user activation, retention and conversion.

24   RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

25          Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

26   Spotify further objects because the request is not relevant to any claims or defenses and is

27   disproportionate to the needs of the case.  Spotify further objects to this request because the Court

28   has denied Plaintiff's Motion for Class Certification, as well as his Motion for Leave to Seek

DAVIS WRIGHT TREMAINE LLP

6

EXHIBIT 2

1    Certification of a Newly-Defined Cancellation Class, thereby limiting this case to Mr. Ingalls'

2    individual claims. Finally, Spotify objects because the request, to the extent it seeks documents not

3    already produced, seeks material that is not relevant to any claim or defense of Mr. Ingalls, and

4    would require effort and expenditure disproportionate to the needs of the case.

5    REQUEST FOR PRODUCTION NO. 64:

6         If DEFENDANT has stopped offering or selling SPOTIFY PREMIUM in California, or

7    has any present intention of doing so, please produce all DOCUMENTS that describe, discuss,

8    relate to or which involve SPOTIFY'S decision to stop offering or selling Spotify Premium in

9    California, the plan for implementing this decision, and the time frame for the implementation of

10   this decision.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

12        Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

13   objects to this request as overbroad and unduly burdensome because it requires extensive and

14   unreasonable investigation not proportional to Mr. Ingalls' individual claims.  Spotify further

15   objects to the extent this request relates to or is intended to support putative class claims because

16   the Court has denied class certification.

17        Subject to and without waiving the General Objections, Spotify responds that no

18   responsive documents exist.

19   REQUEST FOR PRODUCTION NO. 65:

20        All DOCUMENTS identifying, summarizing or describing whether any competitors of

21   SPOTIFY PREMIUM have offered, since June 23, 2012, automatically renewing subscriptions or

22   pay-as-you-go subscriptions.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

24        Spotify objects because the request is not relevant to any claims or defenses and is

25   disproportionate to the needs of the case, which is limited to Mr. Ingalls' individual claims.

26   Spotify further objects to this request because the Court has denied Plaintiff's Motion for Class

27   Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

28   Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Finally, Spotify

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

EXHIBIT 2

DAVIS WRIGHT TREMAINE LLP

1   objects to this request as unduly burdensome and oppressive to the extent the requested documents

2   are equally available to Plaintiffs.

3   REQUEST FOR PRODUCTION NO. 66:

4        All DOCUMENTS and COMMUNICATIONS constituting, showing, or discussing any

5   COMMUNICATIONS between SPOTIFY, on the one hand, and any Better Business Bureau

6   ("BBB"), on the other hand, discussing the automatic renewal disclosures or policy for SPOTIFY

7   PREMIUM.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

9        Spotify objects to this request because it is vague, overbroad, and unlimited as to time, and

10   is not limited to California.  Spotify further objects to this request as overbroad and unduly

11   burdensome because it requires extensive and unreasonable investigation not proportional to Mr.

12   Ingalls' individual claims.  Spotify further objects because the request is not relevant to any claims

13   or defenses and is disproportionate to the needs of the case.  Spotify further objects to this request

14   because the Court has denied Plaintiff's Motion for Class Certification, as well as his Motion for

15   Leave to Seek Certification of a Newly-Defined Cancellation Class, thereby limiting this case to

16   Mr. Ingalls' individual claims.

17   REQUEST FOR PRODUCTION NO. 67:

18        All DOCUMENTS and COMMUNICATIONS constituting, showing, or discussing any

19   COMMUNICATIONS between SPOTIFY, on the one hand, and any state or local government or

20   regulatory agency, federal agency, consumer group, or consumer protection entity, on the other

21   hand, discussing the automatic renewal disclosures or policy for SPOTIFY PREMIUM.

22   RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

23        Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

24   Spotify further objects because the request is not relevant to any claims or defenses.  Spotify

25   further objects to this request because the Court has denied Plaintiff's Motion for Class

26   Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

27   Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

28   objects to this request as overbroad and unduly burdensome because it requires extensive and

8

EXHIBIT 2

DAVIS WRIGHT TREMAINE LLP

1   unreasonable investigation not proportional to Mr. Ingalls' individual claims.  Spotify further

2   objects because the request is not relevant to any claims or defenses of Mr. Ingalls and is

3   disproportionate to the needs of the case.

4        Subject to and without waiving the General Objections, Spotify responds that it has

5   conducted a diligent search and has not discovered any responsive documents.

6   REQUEST FOR PRODUCTION NO. 68:

7        All DOCUMENTS and COMMUNICATIONS constituting, showing, or discussing any

8   COMMUNICATIONS between SPOTIFY, on the one hand, and SPOTIFY PREMIUM's

9   competitors, on the other hand, discussing automatic renewal disclosures or policies.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

11       Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

12  Spotify further objects to this request because it is not relevant to any claim or defense.  Spotify

13  further objects because the request is not relevant to any claims or defenses.  Spotify further

14  objects to this request because the Court has denied Plaintiff's Motion for Class Certification, as

15  well as his Motion for Leave to Seek Certification of a Newly-Defined Cancellation Class, and

16  thereby limiting this case to Mr. Ingalls' individual claims. Spotify further objects to this request

17  as overbroad and unduly burdensome because it requires extensive and unreasonable investigation

18  not proportional to Mr. Ingalls' individual claims.

19  REQUEST FOR PRODUCTION NO. 69:

20       All DOCUMENTS described, reviewed, referenced in or relied up on to prepare the July

21  19, 2017 Declaration of James Whitehead, filed in this action.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

23       Spotify objects to this request because the Court has denied Plaintiff's Motion for Class

24  Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

25  Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims. Those portions of

26  Mr. Whitehead's Declaration addressing classwide issues are not relevant to any claims or

27  defenses that remain in the case.  Spotify further objects to this request as overbroad and unduly

28  burdensome because it requires extensive and unreasonable investigation not proportional to Mr.

9

EXHIBIT 2

1   Ingalls' individual claims.  Spotify further objects to this request because it appears to seek

2   information that would intrude upon third party privacy rights.  Spotify further objects to this

3   request because it calls for the production of material protected by the attorney-client privilege and

4   the work-product doctrine.  Finally, Spotify objects because this request calls for information

5   already produced.

6           Subject to and without waiving the General Objections, Spotify refers Plaintiff to the

7   following information and documentation sufficient to show how Mr. Ingalls' usage history was

8   compiled: an Excel spreadsheet summarizing Mr. Ingalls' usage history, SPTFY-Ingalls-035704-

9   036698; a detailed letter sent to Plaintiff's counsel on July 24, 2017, identifying the specific

10  databases that Spotify searched and the manner in which they were searched to recover Mr.

11  Ingalls' usage history; and a supplemental declaration from James Whitehead served July 24,

12  2017, providing additional information regarding the recovery of Mr. Ingalls' usage history.

13  REQUEST FOR PRODUCTION NO. 70:

14          All non-privileged internal COMMUNICATIONS related to the July 19, 2017 Declaration

15  of James Whitehead, filed in this action.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

17          Spotify objects to this request because the Court has denied Plaintiff's Motion for Class

18  Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

19  Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims. Those portions of

20  Mr. Whitehead's Declaration addressing classwide issues are not relevant to any claims or

21  defenses that remain in the case. Spotify further objects to this request because it calls for the

22  production of material protected by the attorney-client privilege, the work-product doctrine, or any

23  other applicable privilege, doctrine, or immunity.  Spotify further objects to the extent this request

24  calls for information already produced.

25          Subject to and without waiving the General Objections, Spotify responds as follows: No

26  responsive, non-privileged communications exist.

27

28

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014                                    **EXHIBIT 2**

DAVIS WRIGHT TREMAINE LLP

1  REQUEST FOR PRODUCTION NO. 71:

2      All DOCUMENTS described, reviewed, referenced in or relied upon to prepare the

3  Supplemental Declaration of James Whitehead dated July 25, 2017, served in this action.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

5      Spotify objects to this request because the Court has denied Plaintiff's Motion for Class

6  Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

7  Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims. Spotify further

8  objects to this request because it calls for the production of material protected by the attorney-

9  client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or

10 immunity.  Spotify further objects to the extent this request calls for information already produced.

11     Subject to and without waiving the General Objections, Spotify responds as follows:  No

12 responsive, non-privileged documents exist.

13 REQUEST FOR PRODUCTION NO. 72:

14     All non-privileged internal COMMUNICATIONS related to the July 25, 2017

15 Supplemental Declaration of James Whitehead, served in this action.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

17     Spotify objects to this request because the Court has denied Plaintiff's Motion for Class

18 Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

19 Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.. Spotify further

20 objects to this request because it calls for the production of material protected by the attorney-

21 client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or

22 immunity.  Spotify further objects to the extent this request calls for information already produced.

23     Subject to and without waiving the General Objections, Spotify responds as follows:  No

24 responsive, non-privileged documents exist.

25 REQUEST FOR PRODUCTION NO. 73:

26     All DOCUMENTS described, reviewed, referenced in or relied upon to prepare the July

27 27, 2017 Declaration of Charlie Hellman, filed in this action.

28

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

EXHIBIT 2

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

2       Spotify objects to this request because it calls for the production of material protected by

3  the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine,

4  or immunity. Spotify further objects to the extent this request calls for information already

5  produced.

6       Subject to and without waiving the General Objections, Spotify responds as follows: No

7  responsive, non-privileged documents exist.

8  REQUEST FOR PRODUCTION NO. 74:

9       All non-privileged internal COMMUNICATIONS related to the July 27, 2017 Declaration

10  of Charlie Hellman, filed in this action.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

12       Spotify objects to this request because it calls for the production of material protected by

13  the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine,

14  or immunity. Spotify further objects to the extent this request calls for information already

15  produced.

16       Subject to and without waiving the General Objections, Spotify responds as follows: No

17  responsive, non-privileged communications exist.

18  REQUEST FOR PRODUCTION NO. 75:

19       All DOCUMENTS described, reviewed, referenced in or relied up on to prepare the July

20  27, 2017 Declaration of Wouter deBie, filed in this action.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

22       Spotify objects to this request because it calls for the production of material protected by

23  the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine,

24  or immunity. Spotify further objects to the extent this request calls for information already

25  produced.

26       Subject to and without waiving the General Objections, Spotify responds as follows: No

27  responsive, non-privileged documents exist.

28

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

EXHIBIT 2

1   REQUEST FOR PRODUCTION NO. 76:

2       All non-privileged internal COMMUNICATIONS related to the July 27, 2017 Declaration

3   of Wouter deBie, filed in this action.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

5       Spotify objects to this request because it calls for the production of material protected by

6   the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine,

7   or immunity.  Spotify further objects to the extent this request calls for information already

8   produced.

9       Subject to and without waiving the General Objections, Spotify responds as follows: No

10  non-privileged, responsive communications exist.

11  REQUEST FOR PRODUCTION NO. 77:

12      All DOCUMENTS sufficient to show the following categories of information for each of

13  the 116,650 SPOTIFY PREMIUM users referred to in Paragraph 9 of James Whitehead's July 19,

14  2017 Declaration.

15          a.      the name, username, email address, mailing address of the user;

16          b.      the name of the SPOTIFY PREMIUM promotional trial the user signed up for;

17          c.      the date that the user signed up for the SPOTIFY PREMIUM promotional trial;

18          d.      the dates that the user was automatically renewed for SPOTIFY PREMIUM;

19          e.      the date that the user cancelled his or her SPOTIFY PREMIUM subscription; and,

20          f.      the method of payment the user used to pay for SPOTIFY PREMIUM.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

22      Spotify objects to this request because the Court has denied Plaintiff's Motion for Class

23  Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

24  Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims..  Spotify further

25  objects to this request because it appears to seek information that would intrude upon third party

26  privacy rights.  Spotify further objects to this request as overbroad and unduly burdensome

27  because it requires extensive and unreasonable investigation not proportional to Mr. Ingalls'

28

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

EXHIBIT 2

DAVIS WRIGHT TREMAINE LLP

1 individual claims.  Spotify further objects because the request is not relevant to any claims or

2 defenses and is disproportionate to the needs of the case.

3 REQUEST FOR PRODUCTION NO. 78:

4     All DOCUMENTS sufficient to show the following categories of information for all

5 PERSONS in California who, since June 23, 2012, signed up for SPOTIFY PREMIUM on

6 Spotify.com through either a '3 months for a reduced price' or a '30 day free trial' offer, selected a

7 credit or debit card payment method, and whose credit or debit card was subsequently charged

8 $9.99 at least twice after the expiration of the offer term, who subsequently cancelled their

9 subscription.

10     a.    the name, username, email address, mailing address of the user;

11     b.    the name of the SPOTIFY PREMIUM promotional trial the user signed up for;

12     c.    the date that the user signed up for the SPOTIFY PREMIUM promotional trial;

13     d.    the dates that the user was automatically renewed for SPOTIFY PREMIUM;

14     e.    the date that the user cancelled his or her SPOTIFY PREMIUM subscription; and,

15     f.    the method of payment the user used to pay for SPOTIFY PREMIUM.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

17     Spotify objects to the Request to the extent it calls for class member information because

18 the Court has denied Plaintiff's Motion for Class Certification, and has also denied Plaintiff's

19 motion for leave to amend to allege a new class, thereby limiting this case to.  Spotify further

20 objects to this request because it appears to seek information that would intrude upon third party

21 privacy rights.  Spotify further objects to this request as overbroad and unduly burdensome

22 because it requires extensive and unreasonable investigation not proportional to Mr. Ingalls'

23 individual claims.  Spotify further objects because the request is not relevant to any claims or

24 defenses and is disproportionate to the needs of the case.

25 REQUEST FOR PRODUCTION NO. 79:

26     All DOCUMENTS sufficient to show the benefits and functionalities that, since June 23,

27 2012, have been available to United States users of SPOTIFY PREMIUM that are not available to

28 users of Spotify's free service and the dates such features, benefits and functionalities were made

1   available in to users and when they were terminated. Please also include documents sufficient to

2   demonstrate whether the features, benefits and functionalities were available on the desktop and/or

3   mobile devices.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

5          Spotify objects to this request because the Court has denied Plaintiff's Motion for Class

6   Certification, as well as his Motion for Leave to Seek Certification of a Newly-Defined

7   Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.  Spotify further

8   objects to this request as overbroad because it calls for information regarding all Spotify users in

9   the United States, when even the putative class (which the Court declined to certify) encompassed

10   only California users.  Spotify further objects to this request as overbroad and unduly burdensome

11   because it requires extensive and unreasonable investigation not proportional to Mr. Ingalls'

12   individual claims.  Spotify further objects to the extent this request calls for information already

13   produced.  In responding to this request, Spotify limited its search as defined below.

14          Subject to and without waiving the General Objections, Spotify responds as follows:

15   Spotify will produce available documentation that summarizes the features, benefits and

16   functionalities that have been available to users of Spotify's Premium service in the United States

17   since June 8, 2013.

18   REQUEST FOR PRODUCTION NO. 80:

19          All DOCUMENTS, including but not limited to screenshots, mockups, presentations and

20   design work, sufficient to show the screens customers of SPOTIFY PREMIUM would see when

21   they first log into their Spotify accounts, the corresponding dates for each version and why any

22   such changes were made.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

24          Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

25   Spotify further objects to this request as overbroad and unduly burdensome because it requires

26   extensive and unreasonable investigation not proportional to Mr. Ingalls' individual claims.

27   Spotify further objects to the extent this request calls for information already produced.  Spotify

28

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

1    further objects to this request because it calls for Spotify to create documents in response to this

2    request.

3    REQUEST FOR PRODUCTION NO. 81:

4          All DOCUMENTS, including but not limited to screenshots, mockups, presentations and

5    design work, sufficient to show the screens customers of free SPOTIFY would see when they first

6    log into their Spotify accounts, the corresponding dates for each version and why any such

7    changes were made.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

9          Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

10   objects to this request because it is not relevant to claims or defenses and is not proportionate to

11   the needs of the case.  Spotify further objects to this request as overbroad and unduly burdensome

12   because it requires extensive and unreasonable investigation not proportional to Mr. Ingalls'

13   individual claims.  Spotify further objects to this request because it calls for Spotify to create

14   documents in response to this request.

15   REQUEST FOR PRODUCTION NO. 82:

16         All DOCUMENTS and internal COMMUNICATIONS regarding the creation of the FAQ

17   "Why am I being charged every month?" page on SPOTIFY'S website (available at

18   https://support.spotify.com/us/account payment help/payment help/signed-up-for-trial-why-am-i-

19   being-charged and any edits to this page since June 23, 2012, including but not limited to emails,

20   presentations, decks, mockups, and copy.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

22         Spotify objects to this request because it is vague and unlimited as to time.  Spotify objects

23   to this request as overbroad and unduly burdensome because it requires extensive and

24   unreasonable investigation not proportional to Mr. Ingalls' individual claims.  Spotify further

25   objects to this request because it calls for the production of material protected by the attorney-

26   client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or

27   immunity.

28

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

DAVIS WRIGHT TREMAINE LLP

1  REQUEST FOR PRODUCTION NO. 83:

2      Copies of all versions of the FAQ "Why am I being charged every month?" page on

3  SPOTIFY'S website (available at https ://support.spotify.com/us/account payment help/payment

4  help/signed-up-for-trial-why-am-i-being-charged).

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

6      Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

7  objects to this request as overbroad and unduly burdensome because it requires extensive and

8  unreasonable investigation not proportional to Mr. Ingalls' individual claims. Spotify further

9  objects to this request because it calls for the production of material protected by the attorney-

10  client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or

11  immunity.

12  REQUEST FOR PRODUCTION NO. 84:

13      All COMMUNICATIONS and summaries of any COMMUNICATIONS between

14  SPOTIFY on the one hand and SPOTIFY's current and former customers on the other, regarding

15  refunds for SPOTIFY PREMIUM. This Request includes but is not limited to emails between

16  Spotify Support Team and users and SPOTIFY's postings on The Spotify Community

17  http://comm unity.spotify.com/

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

19      Spotify objects to this request because it is vague, overbroad, and unlimited as to time.

20  Spotify further objects to this request because it is  not relevant to any claim or defense and is

21  disproportionate to the needs of the case.  Spotify further objects to this request because the Court

22  has denied Plaintiff's Motion for Class Certification, as well as his Motion for Leave to Seek

23  Certification of a Newly-Defined Cancellation Class, thereby limiting this case to Mr. Ingalls'

24  individual claims. Spotify further objects to this request as overbroad and unduly burdensome

25  because it requires extensive and unreasonable investigation not proportional to Mr. Ingalls'

26  individual claims.  Spotify further objects to this request because it appears to seek information

27  that would intrude upon third party privacy rights.

28

DAVIS WRIGHT TREMAINE LLP

17

EXHIBIT 2

DAVIS WRIGHT TREMAINE LLP

1  REQUEST FOR PRODUCTION NO. 85:

2      All COMMUNICATIONS and summaries of any COMMUNICATIONS between

3  SPOTIFY on the one hand and SPOTIFY's current and former customers on the other, regarding

4  refunds for SPOTIFY PREMIUM based on non-usage of Spotify Premium. This Request includes

5  but is not limited to emails between Spotify Support Team and users and SPOTIFY's postings on

6  The Spotify Community http://community.spotify.com/.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

8      Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

9  objects to this request because it is not relevant to any claim or defense and is disproportionate to

10  the needs of the case.  Spotify further objects to this request because the Court has denied

11  Plaintiff's Motion for Class Certification, as well as his Motion for Leave to Seek Certification of

12  a Newly-Defined Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.

13  Spotify further objects to this request as overbroad and unduly burdensome because it requires

14  extensive and unreasonable investigation not proportional to Mr. Ingalls' individual claims.

15  Spotify further objects to this request because it appears to seek information that would intrude

16  upon third party privacy rights.

17  REQUEST FOR PRODUCTION NO. 86:

18      All COMMUNICATIONS and summaries of any COMMUNICATIONS between

19  SPOTIFY on the one hand and SPOTIFY' s current and former customers on the other, regarding

20  why the user is being charged every month. This Request includes but is not limited to

21  COMMUNICATIONS between Spotify Support Team and users and SPOTIFY's postings on The

22  Spotify Community http://community.spotify.com/.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

24      Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

25  objects to this request because it is not relevant to any claim or defense and is disproportionate to

26  the needs of the case.  Spotify further objects to this request because the Court has denied

27  Plaintiff's Motion for Class Certification, as well as his Motion for Leave to Seek Certification of

28  a Newly-Defined Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.

18

EXHIBIT 2

1    Spotify further objects to this request as overbroad and unduly burdensome because it requires

2    extensive and unreasonable investigation not proportional to Mr. Ingalls' individual claims.

3    Spotify further objects to this request because it appears to seek information that would intrude

4    upon third party privacy rights.  In responding to this request, Spotify limited its search to

5    communications with Mr. Ingalls.

6         Subject to and without waiving the General Objections, Spotify responds as follows:  No

7    responsive documents regarding Plaintiff's individual claims exist aside from those already

8    produced.

9    REQUEST FOR PRODUCTION NO. 87:

10        All COMMUNICATIONS and summaries of any COMMUNICATIONS between

11   SPOTIFY on the one hand and SPOTIFY's current and former customers on the other, regarding

12   being charged for SPOTIFY PREMIUM during a promotional trial of SPOTIFY PREMIUM.

13   This Request includes but is not limited to COMMUNICATIONS between Spotify Support Team

14   and users and SPOTIFY's postings on The Spotify Community http://community.spotify.com/.

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

16        Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

17   objects to this request because it is not relevant to any claim or defense and is disproportionate to

18   the needs of the case.  Spotify further objects to this request because the Court has denied

19   Plaintiff's Motion for Class Certification, as well as his Motion for Leave to Seek Certification of

20   a Newly-Defined Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.

21   Spotify further objects to this request as overbroad and unduly burdensome because it requires

22   extensive and unreasonable investigation not proportional to Mr. Ingalls' individual claims.

23   Spotify further objects to this request because it appears to seek information that would intrude

24   upon third party privacy rights.  In responding to this request, Spotify limited its search to

25   communications with Mr. Ingalls.

26        Subject to and without waiving the General Objections, Spotify responds as follows:  No

27   responsive documents regarding Plaintiff's individual claims exist aside from those already

28   produced.

DAVIS WRIGHT TREMAINE LLP

**EXHIBIT 2**

DAVIS WRIGHT TREMAINE LLP

1  REQUEST FOR PRODUCTION NO. 88:

2       All COMMUNICATIONS and summaries of any COMMUNICATIONS between

3  SPOTIFY on the one hand and SPOTIFY's current and former customers on the other, regarding

4  requests to cancel SPOTIFY PREMIUM. This Request includes but is not limited to

5  COMMUNICATIONS between Spotify Support Team and users and SPOTIFY's postings on The

6  Spotify Community http://community.spotify.com/.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

8       Spotify objects to this request because it is vague and unlimited as to time.  Spotify further

9  objects to this request because it is not relevant to any claim or defense and is disproportionate to

10  the needs of the case.  Spotify further objects to this request because the Court has denied

11  Plaintiff's Motion for Class Certification, as well as his Motion for Leave to Seek Certification of

12  a Newly-Defined Cancellation Class, thereby limiting this case to Mr. Ingalls' individual claims.

13  Spotify further objects to this request as overbroad and unduly burdensome because it requires

14  extensive and unreasonable investigation not proportional to Mr. Ingalls' individual claims.

15  Spotify further objects to this request because it appears to seek information that would intrude

16  upon third party privacy rights.  In responding to this request, Spotify limited its search to

17  communications with Mr. Ingalls.

18       Subject to and without waiving the General Objections, Spotify responds as follows:  No

19  responsive documents regarding Plaintiff's individual claims exist aside from those already

20  produced.

21  REQUEST FOR PRODUCTION NO. 89:

22       All DOCUMENTS upon which DEFENDANT intends to rely in seeking or opposing

23  summary judgment in this action.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

25       Spotify objects to the extent this request calls for information already produced.  Spotify

26  further objections to this request because it calls for information protected by the attorney client

27  privilege and the work product doctrine.  Spotify further objects to this request on the grounds that

28  Spotify has no knowledge on which grounds Mr. Ingalls will move for summary judgment.

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

1       Subject to and without waiving the General Objections, Spotify responds as follows:

2   Spotify will supplement its production if any additional non-privileged documents exist.

3   REQUEST FOR PRODUCTION NO. 90:

4       All DOCUMENTS upon which DEFENDANT intends to rely at the trial in this action.

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

6       Spotify objects to the extent this request calls for information already produced.  Spotify

7   further objects because discovery is still ongoing and it is unclear which documents, if any, will be

8   responsive to this request.

9       Subject to and without waiving the General Objections, Spotify responds as follows:

10  Spotify will produce any documents it intends to use in the trial of Mr. Ingalls' individual claim

11  that it has not already produced.

12      **IV.**    **RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION**

13  SUPPLEMENTAL REQUEST FOR PRODUCTION:

14      As part of DEFENDANT'S continuing obligation under Fed. R. Civ. P. Rule 26(e) to

15  supplement its discovery responses, please review all previous Requests for Production of

16  Documents propounded by PLAINTIFF on DEFENDANT in this action and DEFENDANT'S

17  responses thereto and supplement YOUR responses and production with any additional , non-

18  privileged DOCUMENTS and ESI that are now in DEFENDANT'S possession, custody, or

19  control and have not been previously produced by DEFENDANT.

20  RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION:

21      Spotify incorporates any previous objection to Plaintiff's Requests for Production.  Spotify

22  further objects to this request as compound.  Spotify further objects to this request to the extent the

23  Requests for Production referenced relate to class discovery because the Court denied class

24  certification.

25      Subject to and without waiving the General Objections, Spotify responds as follows:

26  Spotify will produce any additional documentation response to the Requests for Production to

27  which Spotify has agreed to respond and that relate to Mr. Ingalls' individual claims.

28

DAVIS WRIGHT TREMAINE LLP

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014

**EXHIBIT 2**

DAVIS WRIGHT TREMAINE LLP

1    DATED: August 31, 2017                    Respectfully submitted,

2                                              DAVIS WRIGHT TREMAINE LLP
3                                              Joseph E. Addiego, III
                                               Stephen M. Rummage
4                                              Scott R. Commerson

5                                              By:      /s/ Scott R. Commerson
6                                                       Scott R. Commerson

7                                              Attorneys for Defendant
                                               SPOTIFY USA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO)
Case No. 3:16-cv-3533 WHA
4838-4832-7245v.5 0098755-000014                              EXHIBIT 2

PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, California, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On August 31, 2017, I served the foregoing document(s) described as: **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (SET TWO) AND SUPPLEMENTAL REQUEST FOR PRODUCTION** on the interested parties in this action as stated below:

**MILSTEIN ADELMAN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade
Email: gwade@majfw.com
Sara D. Avila
Email: savila@majfw.com
Marc A. Castaneda
Email: mcastaneda@majfw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067

**LEONARD MEYER LLP**
Derek J. Meyer
Email: rmeyer@leonardmeyerllp.com
John Killacky
Email: jkillacky@leonardmeyerllp.com
5900 Wilshire Boulevard, Suite 500
Los Angeles, CA 90036

☒   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 31, 2017, at Los Angeles, California.

☒   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
**Nancy Gonzalez**
Print Name

_____
Signature

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899